City of Seattle v. Professional Basketball Club LLC                                    Doc. 1

07-CV-01620-CMP

━━ FILED        ━━ ENTERED
━━ LODGED       ━━ RECEIVED

OCT 0 9 2007    DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CITY OF SEATTLE, a first-class charter city,    )
                                                )   No. C07-1620 RSM
                                     Plaintiff, )
                                                )   NOTICE OF REMOVAL FROM KING
                v.                              )   COUNTY SUPERIOR COURT
                                                )
THE PROFESSIONAL BASKETBALL CLUB, )
LLC, an Oklahoma limited liability company,     )
                                                )
                                    Defendant.  )
                                                )

TO:     CLERK OF UNITED STATES DISTRICT COURT

        Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant gives notice that this matter, which

had been pending in King County Superior Court as Cause No.07-2-30997-7 SEA, has been

removed as follows:

        1.      The Professional Basketball Club ("PBC") was served with plaintiff's Complaint

for Declaratory Relief on September 24, 2007.  Therefore, this Notice of Removal is timely

pursuant to 28 U.S.C. § 1446(b).  Copies of plaintiff's Complaint and Summons, and all other

papers filed in the King County Superior Court in this matter, along with an index thereto, are

attached as Exhibit A.

        2.      This matter is subject to removal under 28 U.S.C. § 1441 because original

jurisdiction exists pursuant to 28 § U.S.C. 1332(a)(1) as follows:

NOTICE OF REMOVAL FROM KING COUNTY SUPERIOR          BYRNES & KELLER LLP
COURT - 1                                                 38TH FLOOR
                                                      1000 SECOND AVENUE
                                                   SEATTLE, WASHINGTON 98104
                                                        (206) 622-2000

ORIGINAL

1          a.      Plaintiff, City of Seattle ("City"), is a municipal corporation and citizen of

2  Washington.

3          b.      Defendant PBC is an Oklahoma limited liability company, and all of its

4  owners/members are citizens of Oklahoma and none of its owners/members are citizens of

5  Washington. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)

6  (refusing to extend the corporate citizenship rule of 28 U.S.C. § 1332(c)(1) to limited liability

7  companies, and holding that "like a partnership, an LLC is a citizen of every state of which its

8  owners/members are citizens").

9          c.      The parties' dispute arises under an Agreement[1] which provides for the

10  Sonics to play their home games at KeyArena through the 2009-2010 NBA season. The

11  Agreement contains an arbitration clause, and PBC filed an arbitration demand on September 21,

12  2007. The arbitration demand seeks a declaratory judgment that specific performance is not

13  available to force the Sonics to play the 2008-2009 and 2009-2010 seasons at KeyArena and that

14  the City instead would be limited to the damages in the form of net rent due for those two

15  remaining years. On September 24, 2007, the City filed its Complaint seeking declarations that

16  (i) the dispute is not subject to arbitration, and (ii) the City is entitled to specific performance.

17          d.      The amount in dispute exceeds $75,000. The City alleges that if a court

18  determines that specific performance is not available, the City "would be responsible for paying

19  the debt service on the KeyArena re-construction without the promised income stream from the

20  Sonics." Complaint, ¶ 24. The debt service is several million dollars per year. The City also

21  claims that it would be "impossible" for the City to find a suitable alternative tenant, and that the

22  Sonics' departure "would result in significant tangible and intangible losses to the City."

23  Complaint, ¶ 24. Additionally, PBC lost $17,000,000 last year due at least in part to the

24  inadequacies of KeyArena as an NBA venue. If this Court were to order specific performance,

25  PBC stands to lose many more millions of dollars. Accordingly, the value of the rights at issue

26

---

[1] "Premises Use & Occupancy Agreement," attached to Complaint as Ex. A.

NOTICE OF REMOVAL FROM KING COUNTY SUPERIOR
COURT - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  PBC stands to lose many more millions of dollars. Accordingly, the value of the rights at issue

2  in this dispute exceeds $75,000. See Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333,

3  347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the

4  amount in controversy is measured by the value of the object of the litigation.").

5         e.      Furthermore, the City seeks its attorney fees under the Agreement.

6  Complaint, 11:12-13. The amount in controversy includes the amount of damages in dispute, as

7  well as attorney's fees, if authorized by statute or contract. Kroske v. U.S. Bank Corp., 432 F.3d

8  976, 980 (9th Cir. 2005), cert. denied, ___ U.S. ___, 127 S. Ct. 157 (2006). The Agreement has a

9  prevailing party fee clause. Plaintiff's outside counsel, K&L Gates, has five (5) attorneys

10  appearing on the Complaint, and Senator Gorton's hourly rate alone is widely reported to be

11  $685. Therefore, on this basis alone, the amount in controversy in this matter exceeds $75,000.[2]

12       3.      Removal to this Court is proper under 28 U.S.C. § 1441(a) because this is the

13  United States District Court for the district and division embracing the place where this action is

14  pending.

15       4.      Pursuant to 28 U.S.C.§ 1446(d), a copy of this Notice of Removal is being served

16  upon counsel for Plaintiff and a copy is being filed with the Clerk of the King County Superior

17  Court.

18         DATED this 9th day of October, 2007.

19                      BYRNES & KELLER LLP

20

21                      By _____

22                        Bradley S. Keller, WSBA #10665
                         Paul R. Taylor, WSBA #14851

23                        Attorneys for Defendant
                         The Professional Basketball Club, LLC

24

25

26

---

[2] The City reportedly has set aside $1,000,000 for its attorney fees.

NOTICE OF REMOVAL FROM KING COUNTY SUPERIOR
COURT - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## DECLARATION OF SERVICE

I, Steven C. Minson, declare and state:

1.    I am a citizen of the State of Washington, over the age of eighteen years, not a party to this action, and competent to be a witness herein.

2.    On the 9th day of October, 2007, I caused a true copy of the foregoing Notice of Removal from King County Superior Court No. 07-2-30997-7 SEA to be served on the following counsel of record via hand delivery:

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA  98124-4769

Slade Gorton
Paul J. Lawrence
Jeffrey Johnson
Kirkpatrick & Lockhart Preston Gates & Ellis, LLP
925 4th Avenue, Suite 2900
Seattle, WA  98104

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED in Seattle, Washington this 9th day of October, 2007.

Steven C. Minson, WSBA #30974

NOTICE OF REMOVAL FROM KING COUNTY SUPERIOR
COURT - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000