

07-CV-01620-EXH  H

# TAB H

RECEIVED
2007 OCT -9 A 11: 20
BYRNES & KELLER LLP

Honorable Harry McCarthy
Hearing Date: October 10, 2007
Oral Argument Requested

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city, | )<br>) |
| Plaintiff, | ) No.  07-2-30997-7 SEA<br>) |
| vs. | ) CITY OF SEATTLE'S REPLY IN<br>) SUPPORT OF CROSS-MOTION FOR |
| THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company, | ) STAY OF ARBITRATION<br>) |
| Defendant. | ) |

CITY OF SEATTLE'S REPLY IN SUPPORT OF
CROSS-MOTION FOR STAY OF ARBITRATION



Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

## I. INTRODUCTION

The City/Sonics Lease contains only one provision that sets forth the scope of disputes subject to Arbitration. That provision unambiguously excludes from arbitration disputes relating to the Sonics' obligation to play their home games at KeyArena. Rather than address that Lease provision, the Sonics seek to shift the Court's attention by mischaracterizing the City's argument. First, the City does not rely principally on Mr. Davidson's recollections of the drafting history. The City principally relies on the Lease's unambiguous language. Second, the City relies on Mr. Davidson's declaration primarily to document the drafting history which shows key disputes were carved out of arbitration after the judicial remedy limitation provision was first included in the Lease. The drafting documents show what in fact happened. Neither Mr. Rubin's nor Mr. McLaughlin's declaration proves anything different. Third, the Sonics pose arguments that are not consistent with the terms of the Lease's arbitration provision. The carve-outs simply do not relate solely to the Sonics' rights during construction. The parties' intent in the Lease is clear: disputes and remedies relating to Article II's requirement that the Sonics play all home games in KeyArena are not subject to arbitration.

## II. ARGUMENT

**A. The Lease Unambiguously Excludes Disputes Related to Article II from Arbitration.**

The sole issue before the court is the scope of arbitrable issues under the Lease. Article XXV(A) is the only Lease provision that defines which issues are subject to arbitration. Article XXV(A) unambiguous states disputes related to Article II are not subject to arbitration:

> All claims, disputes and other matters in question between the parties arising out of, or relating to provisions of this Agreement shall be decided by binding arbitration . . . unless the claim, dispute, or matter in question relates to the provisions of Article II ("Term; Use Period") . . . .

CITY OF SEATTLE'S REPLY IN SUPPORT OF
CROSS-MOTION FOR STAY OF ARBITRATION - 1

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

Lease, Article XXV(A). Indeed, PBC implicitly concedes that if this dispute relates to the parties' rights under Article II, it is not arbitrable. PBC's Reply/Opposition at 7.

Article II requires the Sonics to play all home games at KeyArena through the end of the 2009-10 season. The dispute between the Sonics and the City relates squarely to this requirement. The Sonics do not want to play their home games at Key Arena for the 2008-09 and 2009-10 seasons. The City wants to enforce this Lease requirement.

Faced with the Lease's unambiguous language, PBC argues this dispute is non-arbitrable because it supposedly involves only 'remedies' for violations of Article II, not the City's 'rights.' But a party cannot avoid express exceptions to arbitration by artificially subdividing a dispute. In *ACF Prop. Mgmt., Inc. v. Chaussee,* 69 Wn. App. 913 (1993), the arbitration clause at issue excepted disputes involving "any claim against any party in excess of [$200,000]." 69 Wn. App. at 919-20. The Court of Appeals held a dispute involving a claim exceeding $200,000 was non-arbitrable and stated "the unambiguous language of the clause does not permit Chaussee's . . . suggested interpretation that the arbitrators had 'partial jurisdiction' or jurisdiction over liability only." *Id.* at 920 n.6. Here, PBC argues the arbitrators have "'partial jurisdiction' or jurisdiction over [remedies] only." As acknowledged in *Chaussee*, PBC cannot artificially divide the right from the remedy and thereby force the City to arbitrate a dispute that the parties expressly agreed was non-arbitrable. Nor can PBC force arbitration by manipulating the language of its Arbitration Demand. PBC's Demand never cites Article II by name, but it certainly seeks to avoid the Article's clear requirement – to play all Sonics home games at KeyArena.

"[E]vidence of a purpose to exclude a claim from arbitration rebuts the presumption of arbitrability." *Contra Costa Legal Assistance Workers v. Contra Costa Legal Serv. Found.*, 878 F.2d 329, 330 (9th Cir. 1989). PBC ignores controlling law that "[a]lthough public policy strongly favors arbitration as a remedy for settling disputes, arbitration 'should not be invoked to resolve disputes that the parties have not agreed to arbitrate.'" *Chaussee*, 69 Wn. App. at 919 (quoting *King County v. Boeing Co.*, 18 Wn. App. 595, 603 (1977)). The parties expressly

CITY OF SEATTLE'S REPLY IN SUPPORT OF
CROSS-MOTION FOR STAY OF ARBITRATION - 2

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

agreed disputes related to Article II were not arbitrable. That includes determinations about the proper remedy for an Article II breach. This unambiguous intent must be given effect.

**B.    The Only Reasonable Interpretation of the Lease, as Proved by the Undisputed Historical Evidence, Is That the City Is Entitled to Seek Judicial Relief.**

In addition to the unambiguous Lease language, the parties' intent to exclude Article II disputes from arbitration is evidenced by the drafting history of the Lease. Washington law is clear: In interpreting a contract, the court should determine the mutual intent of the parties by viewing the contract as a whole and considering, among other things, "all the circumstances surrounding the making of the contract" and "the reasonableness of respective interpretations advocated by the parties." *Berg v. Hudesman*, 115 Wn.2d 657, 667 (1990). These factors compel the conclusion that the Lease does not require arbitration of disputes related to Article II.

The undisputed drafting history of the Lease establishes:

- The Sonics' attorney, Eric Rubin, prepared the first draft of the Lease. It contained an arbitration clause with no carve-outs. It also contained the "limitation on judicial relief" provision that became Article XXV(D) in the Lease's final version. The "limitation" provision remained unchanged through every draft. Davidson Decl., ¶¶ 8-9 & Exs. B, C, D, F & G.

- Over time, the parties added the carve-outs to Article XXV(A). The purpose of the carve-outs, as expressed in a contemporaneous memo from Mr. Davidson to both Mr. Rubin and Mr. McLaughlin, was to "exclude" these issues from binding arbitration. *Id.*, ¶ 13 & Ex. E.

PBC ignores this undisputed evidence (and common sense) by arguing the parties intended to exclude key Lease provisions from arbitration only for the benefit of the Sonics, allowing the Sonics a judicial remedy for breach and limiting the City's access to a judicial remedy. PBC can only do this by presenting a distorted account. For example:

CITY OF SEATTLE'S REPLY IN SUPPORT OF
CROSS-MOTION FOR STAY OF ARBITRATION - 3

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

- PBC relies principally on a declaration from Mr. Rubin. Mr. Rubin states that Article XXV(D)(iv) was "added" to allow the Sonics to seek injunctive relief for disputes related to the Lease provisions that had been carved out of mandatory arbitration. Rubin Decl., ¶ 5(b). But Mr. Rubin's 13 year-old recollection is disproved by his own draft of the Lease (Davidson Decl., Ex. B – faxed from Mr. Rubin's law office on September 8, 1993). The language of XXV(D)(iv) was present in Mr. Rubin's first draft (when there were no arbitration carve-outs), and remained unchanged through every subsequent draft. The arbitration carve-outs were added subsequently, and reflect the parties' specific negotiations.

- PBC submits a declaration from Terry McLaughlin (Mr. McLaughlin is now employed by PBC as the Sonics' Executive Vice President of Administration). *See* Declaration of Michelle Jensen, ¶ 2, Ex. A. Mr. McLaughlin states, principally, that he does not recall discussions surrounding the Lease. To the extent he recalls the City wanted arbitration as "the" vehicle for resolving disputes, his declaration is either incomplete or is proved inaccurate by the Lease language and drafting history.

Moreover, PBC's argument that judicial relief was intended to flow only to the Sonics to protect the Sonics' right to injunctive relief during the construction of KeyArena ignores the type of rights excluded from arbitration. For example, one of the clauses excluded from arbitration is related to Hazardous Substances (Article XVI(F)). Subsections 3, 4, 5, and 6 of this clause expressly protect the City's rights – not PBC's. The parties added an express carve-out to allow the City to protect these rights through a judicial proceeding (as proved by the contemporaneous memorandum). The carve-outs apply to rights at issue long after construction was complete. Article II not only applies until 2010, but does not start until after the "Use Commencement Date" (i.e., after construction is complete). Article XIX, which governs SSI's transfer of

CITY OF SEATTLE'S REPLY IN SUPPORT OF
CROSS-MOTION FOR STAY OF ARBITRATION - 4

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

1 ownership, applies throughout the Lease term – indeed, PBC bought the Sonics under the terms
2 of this Article little more than a year ago.
3     Ironically, if the interpretation advanced by PBC and Mr. Rubin were accepted, it would
4 mean that PBC would have no enforceable damages remedy if the City violated its obligations
5 under any of the carved out provisions, including Article XVI(F). PBC could not require the
6 City to arbitrate the dispute, and it could only obtain injunctive or other "interim" relief.[1]

7 **C.    At Minimum, the Parties' Intentions Regarding Arbitrability Involve a Question of Fact.**

8     The Lease language is unambiguous, and the drafting history undisputed: disputes
9 related to Article II are not subject to arbitration. PBC cannot create an issue of fact by
10 submitting declaration testimony that contradicts the language of the Lease. *See U.S. Life Credit*
11 *Life Ins. Co. v. Williams*, 129 Wn.2d 565, 569 (1996) ("extrinsic evidence cannot be considered
12 for the purpose of varying the terms of a written contract"). Even if PBC's evidence created a
13 disputed issue of fact (which it does not), this court should allow discovery on the limited issue
14 of the parties' intentions regarding arbitrability. *See Dependable Highway Express, Inc. v.*
15 *Navigators Ins. Co.*, ---F.3d---, 2007 WL 2379611, *8 (9th Cir. 2007). Then, the factual question
16 of the parties' intentions would be determined by the fact-finder, and the City could exercise its
17 constitutional right to have a jury resolve any factual dispute. RCW 7.04A.070; U.S. Const.
18 amend. VII; Wash. Const. art. I, § 21.

19         **III.  CONCLUSION**
20     For the reasons stated above, the City requests that its Motion be granted.
21
22
23 [1] Mr. Rubin's Declaration does not explain how or why SSI would have knowingly approved a Lease they believed denied them any enforceable remedy in this regard.

CITY OF SEATTLE'S REPLY IN SUPPORT OF
CROSS-MOTION FOR STAY OF ARBITRATION - 5

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

DATED this 9th day of October, 2007.

| KIRKPATRICK & LOCKHART<br>PRESTON GATES & ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
|---|---|
| By: *[signature]*<br>Slade Gorton, WSBA No. 20<br>Paul J. Lawrence, WSBA No. 13557<br>Jeffrey Johnson, WSBA No. 23066<br>Jonathan Harrison, WSBA No. 31390<br>Michelle Jensen, WSBA No. 36611 | By: *[signature]* for<br>Gregory C. Narver, WSBA No. 18127<br>Assistant City Attorney |

Attorneys for Plaintiff City of Seattle

Attorneys for Plaintiff City of Seattle

CITY OF SEATTLE'S REPLY IN SUPPORT OF
CROSS-MOTION FOR STAY OF ARBITRATION - 6

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

RECEIVED

2007 OCT -9 A 11: 21

BYRNES & KELLER LLP

Honorable Harry McCarthy

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

CITY OF SEATTLE, a first-class charter city,       )
                                                   )
                         Plaintiff,                )  No.  07-2-30997-7 SEA
                                                   )
vs.                                                )  CERTIFICATE OF SERVICE
                                                   )
THE PROFESSIONAL BASKETBALL CLUB,)
LLC, an Oklahoma limited liability company,        )
                                                   )
                         Defendant.                )
                                                   )
_____)

I hereby certify under penalty of perjury of the laws of the State of Washington that on this 9th day of October, 2007, I caused true and correct copies of City of Seattle's Reply in Support of Cross-Motion for Stay of Arbitration and Declaration of Michelle Jensen in Support of the City of Seattle's Reply on Cross-Motion for Stay of Arbitration to be delivered via legal messenger, to the following:

CERTIFICATE OF SERVICE - 1



Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

1
2
3  Mr. Bradley S. Keller
   Mr. Paul R. Taylor
   Byrnes & Keller LLP
4  1000 2nd Avenue
   38th Floor
5  Seattle, WA 98104-1094

6
                                              _____
7                                             Dawn M. Taylor

8  K:\2065932\00001\21032_PJL\21032P228S

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

CERTIFICATE OF SERVICE - 2

Thomas A. Carr
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200