The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>Plaintiff,<br><br>v.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>Defendant. | No. C07-1620 MJP<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

The City of Seattle ("City") and The Professional Basketball Club, LLC ("PBC") submit the following joint status report and discovery plan as required by this Court's December 5, 2007 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement ("Order"):

**1.      Statement of the nature and complexity of the case:**

**The City's statement**:  The City filed a declaratory judgment action that asks this Court to declare that the City is entitled to specific performance of PBC's contractual obligation, under Article II of the parties' Premises Use & Occupancy Agreement ("Lease"), to schedule and ensure that the Seattle SuperSonics (the "Sonics") play all home games at

JOINT STATUS REPORT
AND DISCOVERY PLAN - 1

Case No. C07-1620 MJP
K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

KeyArena through the 2009-10 National Basketball Association season. The existence and terms of the Lease are undisputed. This Court will, however, be required to address many other complex issues. These include: (1) the unique nature of the Sonics as a tenant and the impossibility of procuring a suitable substitute; (2) the nature and extent of harm that PBC's breach would cause the City; (3) the difficulty of precisely calculating monetary damages; (4) the fact that PBC's asserted monetary losses were foreseeable and voluntarily assumed; and (5) other equitable factors relating to PBC's conduct.

The City objects to PBC's attempt to argue the merits of the case in the context of the Joint Status Report, and simply notes that it strongly disagrees with PBC's characterization of the dispute and the law governing the dispute. The City will fully explain its view of the merits at the appropriate time and in the appropriate forum. Due to the nature and complexity of the issues raised by the parties in this lawsuit, however, it will be impossible to proceed on the expedited schedule proposed by PBC. Should the Court wish at this time a more detailed response to PBC's discussion of the nature of the dispute and the applicable law, the City will be happy to furnish one.

**The PBC's statement**: Defendant believes that although this is a high profile case, it is nevertheless a straightforward landlord-tenant dispute. Defendant stands ready to pay all remaining amounts owed under the lease through the end of the lease in 2010. The only remaining question is whether the City can also force the Sonics to play in KeyArena during that period, even though both sides will lose money as a result, and, as Deputy Mayor Ceis explains, the relationship is "dysfunctional."

The longstanding, universally-accepted rule is that a landlord is not entitled to specific performance in addition to the rent. Exceptions to this rule are rare. In sports cases in particular, the landlord has the burden of showing that the presence of a sports franchise creates financial benefits for the City beyond the lease and that there would be an impact on

JOINT STATUS REPORT
AND DISCOVERY PLAN - 2

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the "fabric of the community" if the games are played elsewhere. The financial issue is simple, and the City's analysts agree, there will be no net economic loss if the Sonics leave Seattle. Entertainment dollars not spent on the Sonics will be spent on Seattle's many other sports and entertainment options. Seattleites will not reduce their entertainment budget simply because the Sonics leave. As to the impact on the fabric of the community, the PBC will present a recent survey showing that a significant majority of Seattleites—66 percent—say it makes no difference to them if the Sonics leave, and that only a relative handful of people—12 percent—say their life will be "much worse off." The overwhelming attitude is apathy.

Ultimately, the Court will have to decide whether specific performance for the two remaining seasons makes sense even though the lease ends after the 2009/2010 season, at which time even the City concedes the Sonics are free to leave. Stated otherwise, the City will lose the war even if it wins this battle. To the extent the City's strategy involves a holding pattern until a local buyer appears, none has surfaced. This is not surprising because there were no local buyers when the prior ownership group sold the franchise. More fundamentally, the team is not for sale.

   2.   **ADR method:**

   **The City's position**: PBC sought to compel arbitration, and this Court ruled that this dispute is not subject to the Lease's mandatory arbitration provision. The City is willing to engage in mediation as soon as possible, provided that resolutions that involve keeping the Sonics at KeyArena are "on the table." Absent PBC's willingness to address this key issue, mediation would not be appropriate at this time.

   **The PBC's position**: A Court-ordered mediation should commence promptly. In a case like this, which includes a heavy political agenda, the public may benefit from a fresh set of eyes. A neutral mediator might offer new perspectives, particularly given the financial

JOINT STATUS REPORT
AND DISCOVERY PLAN - 3

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  benefits available to the public through a negotiated resolution that will not be available if
2  specific performance is ordered.

3      **3.**    **Timing of ADR:**

4      **The City's position**: If the conditions set forth in #2 are satisfied, mediation should
5  occur as soon as possible.

6      **The PBC's position**: Mediation should occur promptly. There is very little
7  information to be obtained in discovery that is not already known or that is necessary for an
8  informed mediation.

9      **4.**    **Proposed deadline for joining additional parties:**

10      **The City's proposed deadline**: May 16, 2008. Contrary to PBC's statement on this
11  issue, there is a potential additional party – the National Basketball Association. According to
12  press reports the NBA is currently reviewing PBC's application to move the Sonics, and is
13  scheduled to decide in April 2008. If the NBA approves a move in violation of the plain
14  terms of the Lease, the City will have to consider adding the NBA as an additional necessary
15  party to this litigation.

16      **The PBC's proposed deadline**: The deadline is unnecessary. There are no additional
17  parties to join.

18      **5.**    **Proposed discovery plan**:

19      a.    **Date of FRCP 26(f) conference**: December 19, 2007; **Date of FRCP 26(a)**
20  **initial disclosures**: January 9, 2008;

21      b.    **Subjects on which discovery may be needed:**

22      **The City's position**: Discovery will be required on topics including but not limited
23  to: the finances of the Sonics including the team's past financial performance; the financial
24  impact of the Sonics' presence in Seattle; the non-financial impact of the Sonics on the Seattle
25  community; PBC's knowledge regarding its Lease obligations and regarding the Sonics'

26

JOINT STATUS REPORT
AND DISCOVERY PLAN - 4

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

finances when purchasing the team; PBC's admitted intention to seek to relocate the Sonics to Oklahoma City; PBC's negotiations with Oklahoma City regarding the Sonics; the anticipated financial and non-financial impact of relocating the Sonics; and the extent to which PBC made good faith efforts, if at all, to keep the Sonics in Seattle.

PBC mischaracterizes the nature and complexity of the issues and discovery necessary to explore those issues. As a preliminary matter, document discovery will involve not just PBC and its members, but will necessarily involve third-party parties including the NBA, Oklahoma City and the operators of the facility where PBC seeks to move the Sonics. Although the City is prepared to issue this discovery in the near future, obtaining responsive documents is likely to take significant time and effort.

In addition, PBC has publicly acknowledged that it will rely on the "equities" in its attempt to avoid specific performance. In doing so, PBC will put at issue complicated tax and accounting issues; the cultural and economic impacts associated with the Sonics; the question of whether PBC's effort to attempt to retain the team in Seattle were actually genuine and reasonable; and the extent to which KeyArena will be affected by the loss of its anchor tenant. The parties have sharp disagreements about these issues. PBC's statement that there is no dispute about the financial viability of the lease and KeyArena is not accurate. Significant fact and expert discovery is necessary to adequately explore the issues.

**The PBC's position**: Most of the subjects listed by the City are not really in dispute, nor do they require much discovery. For example, the Sonics' financial performance is detailed in their financial records, which will be produced shortly. Likewise, the PBC stipulates that it knew the terms of the lease when it purchased the team. Thus, no discovery is necessary on this issue. Likewise, there is no dispute about the financial viability of the lease and KeyArena. The City's lawyers previously studied the lease extensively and wrote that the lease is "the worst lease in the NBA and . . . does not permit the team to be

JOINT STATUS REPORT
AND DISCOVERY PLAN - 5

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

competitive," and that KeyArena is itself not "competitive." As to the PBC's negotiations with Oklahoma City, the City apparently believes that the team's move to Oklahoma City was a "wired deal" at the time the PBC purchased the team. But as Oklahoma City's response to Seattle's public records request confirms, there was no communication between the PBC and Oklahoma City regarding relocation until after November 1, 2007. Regarding the extent to which the City made good faith efforts to keep the Sonics in Seattle, discovery will show that the PBC spent several million dollars and many months of substantial effort in its unsuccessful attempt to obtain an economically viable venue in the Seattle area. The City's lawyers are aware of certain of those efforts, having assisted in them. Likewise, the City's lawyers spearheaded the unsuccessful efforts by prior ownership to obtain a new local arena for the Sonics.

In short, like in any case, there is much discovery that could be done. Realistically, there is little discovery that needs to be done given the narrow issues. This is, at bottom, a landlord/tenant dispute.

    **c.**    **Changes on the limitations on discovery imposed by the Civil Rules**:

**The City's position**: The parties should be permitted to take up to 25 depositions per side. PBC made numerous arguments in its arbitration demand in opposition to the City's right to specific performance of the Lease. This case will require the City to obtain testimony from: (a) multiple principals of PBC about topics including but not limited to their knowledge of the Sonics' financial performance when entering into the Lease; the extent and causes of their claimed operational losses; their good faith efforts, or lack thereof, to keep the Sonics in Seattle; and the admitted intention from the outset by a member of PBC that they "didn't buy the team to keep it in Seattle, [but] hoped to come here [i.e., Oklahoma City]"; (b) representatives of the NBA about topics including but not limited to the historical and current finances of the Sonics and of other NBA franchises, and the financial and non-financial

JOINT STATUS REPORT
AND DISCOVERY PLAN - 6

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

impact of NBA teams on their communities; (c) representatives of former ownership and/or the Sonics themselves about topics including but not limited to the historical financial performance of the Sonics and the Sonics' role in the Seattle community; (d) representatives of Oklahoma City about topics including but not limited to PBC's efforts to relocate the Sonics; and (e) experts about topics including but not limited to the financial and non-financial impacts on the City if PBC were to relocate the Sonics outside of the Seattle area. Indeed, PBC itself identified 12 persons with knowledge in its initial disclosures, including Aubrey McClendon, apart from any additional expert witnesses.

**The PBC's position**: Defendant does not believe that a landlord/tenant dispute requires 25 depositions per side. Per FRCP 30, each side should be permitted a maximum of 10 depositions. For example, the City does not need to depose "multiple principals of PBC." Clay Bennett is the chairman of the PBC. He is knowledgeable about all relevant matters. The City also wants to depose Aubrey McClendon, who supposedly harbored the intention to move the Sonics to Oklahoma City from the start. There is no need, however, to depose any other owners of the PBC. Similarly, extensive depositions are not necessary on operating losses—the financial statements show what they show. Likewise, it is not necessary to depose the NBA about the Sonics' finances—again, the records show what they show. It is similarly doubtful that the City's lawyers will be deposing "representatives of former ownership" because the City's lawyers represented the former owners and led the unsuccessful effort by prior ownership to get a new arena. They know what their former clients will say.

Ten depositions per side are more than adequate.

    **d.**    **Minimization of discovery expense**:

**The City's position**: The City has already provided thousands of pages of documents to PBC in response to a request under the Washington Public Records Act. The City believes

JOINT STATUS REPORT
AND DISCOVERY PLAN - 7

Case No. C07-1620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

that many of the documents PBC is likely to request in discovery are contained within this group of already produced documents.

**The PBC's position**: The PBC agrees that the City has already provided thousands of pages of documents in response to a public records request. The PBC envisions needing very little, if any, additional document discovery from the City.

  e.  **Any other required orders**:

**The City's position**: The parties will submit to the Court a stipulated protective order to govern the treatment and handling of confidential documents. The City proposes that this Court order disclosure of experts by June 6, 2008, and disclosure of rebuttal experts by June 27, 2008. No other orders are required at this time.

Contrary to PBC's contention, the City has not retained all necessary experts at this early stage in the litigation. The City is actively talking to additional potential experts, and it now appears, based on PBC's apparent intent to rely upon undisclosed consumer survey work, that yet additional experts may need to be retained by the City. The testimony of the City's experts necessarily depends upon an evidentiary record produced through party and third-party discovery. Fact discovery will need to proceed before expert discovery and disclosure, as contemplated in the normal course by the Local Rules.

**The PBC's position**: The PBC has already retained its experts and is prepared to make prompt disclosure of their reports. The PBC has reason to believe that the City likewise retained its experts some time ago. Moreover, the expert testimony does not depend on fact witnesses and thus need not be delayed until fact witness depositions are concluded. Accordingly, the PBC proposes disclosure of primary experts by February 10, 2008, and rebuttal experts by February 24, 2008.

  6.  **Completion date for the remainder of discovery**:

**The City's position**: The City proposes a discovery cutoff of July 25, 2008.

JOINT STATUS REPORT
AND DISCOVERY PLAN - 8

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**The PBC's position**:  The PBC proposes a discovery cutoff of March 7, 2008.

7.  **Referral to a Magistrate Judge:**  The parties do not agree to referral to a Magistrate Judge.

8.  **Bifurcation**:

**The City's position**:  At present, the case presents a single issue – whether the City is entitled to specific performance under the Lease – and bifurcation is thus not required.

**The PBC's position**:  The PBC agrees.

9.  **Need for pretrial statements/orders required by the Local Rules**:

**The City's position**:  The requirements of the Local Rules appear appropriate at this time.

**The PBC's position**:  The PBC agrees.

10. **Other suggestions for shortening the case**:

**The City's position**:

**The PBC's position**:  The PBC has no additional suggestions for shortening the case.

11. **Trial date**:

**The City's position**:  The City proposes a trial date of October 27, 2008.  This case involves a sports franchise that has been in Seattle for 40 years.  While the City agrees that there is an interest in getting the case resolved (and has proposed an appropriately expedited schedule), it is also essential that the City be given a full and fair opportunity to conduct discovery, and prepare and present its case.  PBC's proposed schedule does not allow adequate time.  The trial date proposed by the City is the earliest date by which the parties can reasonably complete the work necessary to adequately address all of the issues raised at trial.

**The PBC's position**:  The PBC proposes a trial date of March 24, 2008.  It is important for both sides, and numerous interested third parties, that the case be resolved as soon as possible.  Wherever the Sonics are playing, considerable planning and lead time are

JOINT STATUS REPORT
AND DISCOVERY PLAN - 9

Case No. C07-1620 MJP
K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

required to prepare for the 2008-2009 season, and myriad details must be worked out regarding offices, ticket sales, marketing, sponsorships, player contracts, coaches, media contracts, trademark issues, etc. All of these and other matters are in limbo until the case is resolved. Likewise, players, office staff, and their families need to make living arrangements, potentially buying and selling houses, picking schools, etc. Additionally, the City needs to know, now, whether the Sonics will play in KeyArena for the remaining two seasons under the lease or whether it will have additional available dates to rent out KeyArena in 2008-2010, while still collecting rent from the PBC. In short, many people and many issues are in a state of uncertainty until this case is decided.

12. **Jury/non-jury trial**:

**The City's position**: At present, the case involves solely a declaratory judgment action regarding an equitable issue (specific performance) not subject to a jury trial.

**The PBC's position**: The PBC agrees.

13. **The number of trial days required**:

**The City's position**: The City believes the case will require a 10 day trial.

**The PBC's position**: The PBC believes that five trial days are sufficient, particularly because it is a bench trial and the issues are not complicated.

14. **Names, addresses, and telephone numbers of trial counsel**:

**Counsel for the City**:

Thomas A. Carr  
Seattle City Attorney's Office  
600 4th Avenue, 4th Floor  
P.O. Box 94769  
Seattle, WA  98124  
(206) 684-8288

Gregory C. Narver  
Seattle City Attorney's Office  
600 4th Avenue, 4th Floor  
P.O. Box 94769  
Seattle, WA  98124  
(206) 684-8233

Slade Gorton  
K&L Gates  
925 Fourth Avenue, Ste. 2900  
Seattle, WA  98104

Jeffrey C. Johnson  
K&L Gates  
925 Fourth Avenue, Ste. 2900  
Seattle, WA  98104

JOINT STATUS REPORT  
AND DISCOVERY PLAN - 10

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART  
PRESTON GATES ELLIS LLP  
925 FOURTH AVENUE  
SUITE 2900  
SEATTLE, WASHINGTON  98104-1158  
TELEPHONE: (206) 623-7580  
FACSIMILE: (206) 623-7022

|   |   |
|---|---|
| (206) 370-8339 | (206) 370-8338 |

Paul J. Lawrence
K&L Gates
925 Fourth Avenue, Ste. 2900
Seattle, WA 98104
(206) 370-7636

**Counsel for the PBC**:   Bradley S. Keller
Paul R. Taylor
Steven C. Minson
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

**15.**   **Service on defendants:**  All defendants have been served.

**16.**   **Desire for scheduling conference before entrance of scheduling order**:

**The City's position**:   The City believes a scheduling conference would be helpful.

**The PBC's position**:  The PBC agrees.

DATED this 16th day of January, 2008.

By:  /s/ Paul J. Lawrence
    Slade Gorton, WSBA No. 20
    Paul J. Lawrence, WSBA No. 13557
    Jeffrey Johnson, WSBA No. 23066
    Jonathan Harrison, WSBA No. 31390
    Michelle Jensen, WSBA No. 36611

KIRKPATRICK & LOCKHART
PRESTON GATES & ELLIS, LLP
Attorneys for Plaintiff City of Seattle

By:  /s/ Bradley S. Keller
    Bradley S. Keller, WSBA No. 10665
    Paul R. Taylor, WSBA No. 14851
    Steven C. Minson, WSBA No. 30974

BYRNES & KELLER LLP
Attorneys for Defendant The Professional
Basketball Club, LLC

By:  /s/ Gregory C. Narver
    Gregory C. Narver, WSBA No. 18127
    Assistant City Attorney

THOMAS A. CARR
Seattle City Attorney
Attorneys for Plaintiff City of Seattle

JOINT STATUS REPORT
AND DISCOVERY PLAN - 11

Case No. C07-1620 MJP

K:\2065932\00001\20880_MDJ\20880P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022