UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC,<br><br>Defendant. | Case No. C07-1620MJP<br><br>ORDER GRANTING PLAINTIFF'S CR 37 MOTION TO COMPEL |

This matter comes before the Court on the parties' "Joint Expedited CR 37 Submission Regarding Search Term Review of PBC Members' Email." (Dkt. No. 13.) Plaintiff is the moving party. Having considered the motion, response, reply, and all documents submitted in support thereof, and the record herein, the Court GRANTS Plaintiff's motion.

**Background**

The instant motion arises from a discovery dispute regarding Plaintiff the City of Seattle's ("the City") request to have Defendant Professional Basketball Club, LLC ("PBC") search for and produce responsive emails of six of its eight members. On January 16, 2008, PBC produced approximately 150,000 emails from Clay Bennett and Aubrey McClendon, two of the eight members of PBC. (Dkt. No. 14, Ex. A.) The City wants PBC to produce responsive emails for the other remaining PBC members. PBC objects because such a search would "increase the universe exponentially" and would generally produce irrelevant documents. The City now requests that the Court order the production of the requested emails.

ORDER — 1

**Discussion**

I.  **Possession, Custody, or Control Under Fed. R. Civ. P. 34(a)**

Fed. R. Civ. P. 34(a)(1)(A) allows a party to serve on any other party a request for relevant electronically stored information in the "responding party's possession, custody, or control." Only one of these requirements need be met. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Legal ownership over the electronically stored information is not determinative, nor is possession necessary if the party has custody or control over the items. Id. Further, "[c]ontrol is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989). Documents may be within the "custody" or "control" of a party even thought they are in the possession of nonparties. See Gen. Envt'l Science Corp. v. Horsfall, 136 F.R.D. 130, 133-34 (N.D. Ohio 1991). A legal right is evaluated in light of the facts of each case, but central to each case is the relationship between the person having actual possession of the document and the party or the transaction at issue. See Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991); see also Uniden America Corp. v. Ericsson, Inc., 181 F.R.D. 302, 306 (M.D.N.C. 1998); Japan Halon Co. v. Great Lakes Chem. Corp., 155 F.R.D. 626, 628-29 (N.D. Ind. 1993). A legal right to obtain upon demand electronic information can also be established by the existence of a principal-agent relationship. See, e.g., Thomas v. Hickman, 2007 U.S. Dist. LEXIS 95796, *38-39 (E.D. Cal. Dec. 6, 2007) ("'Control' may be established by the existence of a principal-agent relationship"); see also Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (holding that a party "is under an affirmative duty to seek information reasonably available to [it] from [its] employees, agents, or others subject to [its] control"). The party seeking production bears the burden of proving that the opposing party has control. Int'l Union, 870 F.2d at 1452.

Here, the question is whether the City has met its burden in establishing that PBC has a legal right to obtain documents upon demand from its members. That question turns on whether a principal-agent relationship exists between PBC and its members under Oklahoma law. The

ORDER — 2

1    relevant Oklahoma statute provides in part that "[e]very manager is an agent of the limited liability
2    company for the purpose of its business." 18 Okl.St.Ann. § 2019(A) (emphasis added). In
3    addition, 18 Okl.St.Ann. § 2016 provides, "[u]nless otherwise provided in the operating
4    agreement, a manager has . . . powers to manage and control the business and affairs of the
5    limited liability company." (Id.) (emphasis added). Furthermore, PBC's Amended and Restated
6    Operating Agreement ("Operating Agreement"), in Annex B, defines a manager as "any natural
7    Person . . . designated to serve on the Board in this Agreement ...." (Dkt. No. 14, Ex. H at 60).
8    Whether an individual is designated to serve on the Board is set forth in § 6.2(a) of the Operating
9    Agreement, which provides that "[t]he Board shall be composed of a number of Managers equal
10   to the number of Members holding 10,000,000 Units or more." (Id. at 27.) Annex B of the
11   Operating Agreement further indicates that a unit "includes all Units of all Classes so issued" (Id.
12   at 63), and § 3.1 provides that PBC "shall have two Classes of Units: Common Units and Equity
13   Participation Units." (Id. at 14.)

14         Here, it is clear based on Annex A of the Operating Agreement that each member of PBC
15   holds at least 10,000,000 Common Units. (Id. at 55). Each member is therefore a "manager" as
16   defined by the Operating Agreement. Because a manager is an agent as determined by Oklahoma
17   statute, the requisite principal-agent relationship exists to establish that PBC has the legal right to
18   obtain documents upon demand from its members. Accordingly, the City has met its burden in
19   establishing that PBC has "possession, custody, or control" over the at-issue documents for
20   purposes of Fed. R. Civ. P. 34(a).

21         **II.     Relevance of the Emails at Issue**

22         Pursuant to Fed. R. Civ. P. 26(b), "[p]arties may obtain discovery regarding any
23   nonprivileged matter that is relevant to any party's claim or defense." Id. To be relevant,
24   evidence must have a "tendency to make the existence of any fact that is of consequence to the
25   determination of the action more probable or less probable than it would be without the
26   evidence." Fed. R. Evid. 401. Information relevant to the subject matter of an action means
27

ORDER — 3

1  information that might reasonably assist a party in evaluating a case, preparing for trial, or
2  facilitating settlement. See generally Hickman v. Taylor, 329 U.S. 495, 506-07, 67 S.Ct. 385
3  (1947). Relevance has been construed broadly to encompass any matter that bears on, or that
4  reasonably could lead to other matter that could bear on, any issue that is or may be in the case.
5  Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978).
6      PBC argues that the emails at issue are irrelevant because the case is centrally about
7  whether the City can compel PBC to specific performance under the terms of the Lease. PBC
8  argues that the substance of the emails — information regarding the formation of PBC and the
9  Sonics' finances — is irrelevant or duplicative of discovery PBC already produced. But as
10 established above, managers of PBC are agents of the PBC. Thus, communication within PBC, as
11 well as communication by PBC members with third parties, may be relevant to the underlying
12 issues. Given the liberal discovery rules, the Court will not limit the City's inquiry on relevancy
13 grounds. Whether such evidence warrants admissibility is a distinctly separate question that the
14 Court will address when the time arises.

15 **III.    PBC's Duty to Object With Specificity**

16     The Federal Rules contemplate a specific requirement when a party objects to the
17 production of electronically stored information. Fed. R. Civ. P. 26(b)(2)(B) provides:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought <u>must show that the information is not reasonably accessible because of undue burden or cost</u>. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause[.]

Id. (emphasis added).

    In opposing discovery on the grounds of overbreadth, a party has the burden "to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." Super Film, Inc. v. UCB Films, Inc., 219 F.R.D. 649, 651 (D. Kan. 2004) (citation omitted). A "court must be able to ascertain what is being objected to. As such, unless it is obvious from the wording of the request itself that it is overbroad, vague, ambiguous or unduly

ORDER — 4

1  burdensome, an objection simply stating so is not sufficiently specific." Boeing Co. v. Agric. Ins.
2  Co., 2007 U.S. Dist. LEXIS 90957, *8 (W.D. Wash. Dec. 11, 2007).  A claim that answering
3  discovery will require the objecting party to expend considerable time and effort to obtain the
4  requested information is an insufficient factual basis for sustaining an objection.  Roesberg v.
5  Johns-Manville Corp., 85 F.R.D. 292, 296 (D.C. Pa. 1980).

6  Here, PBC has not explained why producing the emails at issue would be unnecessarily
7  burdensome, but merely states that producing such emails "would increase the email universe
8  exponentially[.]"  (Dkt. No. 14, Ex. C).  PBC also states in its moving papers that the emails add
9  "nothing to the case except mountains of work for no return."  (Dkt. No. 14 at 7.)  But a bald
10 assertion that discovery will be burdensome is insufficient in light of Fed. R. Civ. P. 26(b)(2)(B).
11 The Court is not permitted to presume the potential burdensome effects upon a party.  The parties
12 have already agreed upon a group of search terms that PBC previously used to search Messrs.
13 Bennett and McClendon's emails and the Court assumes those terms may be used again to make
14 further searches efficient.

**Conclusion**

16 The Court GRANTS Plaintiff's CR 37 Motion to Compel.  The Court ORDERS
17 Defendant to produce the emails of the remaining PBC members no later than fourteen (14) days
18 from the date of this Order.  The Court expects the parties to continue to use their agreed search
19 terms.

20 The clerk is directed to send a copy of this order to all counsel of record.

21 Dated: February 25th, 2008.

Marsha J. Pechman
United States District Judge

ORDER — 5