1                                                    The Honorable Marsha J. Pechman

07-CV-01620-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>                      Plaintiff,<br><br>v.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>                      Defendant. | No. CV07-1620 MJP<br><br>PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL AND ATTORNEYS ONLY MATERIAL<br><br>NOTED FOR CONSIDERATION:<br>March 7, 2008 |

THIS MATTER came before the Court on the agreed motion of plaintiff the City of Seattle ("the City") and defendant The Professional Basketball Club, LLC ("the PBC") for entry of a Protective Order Regarding Handling of Confidential Material. Having considered the parties' agreed motion and the other pleadings and papers filed in this matter, and to protect the confidentiality of research, development and/or commercial information contained in documents produced and information disclosed in this litigation,

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 1
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1.       This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this action or to third parties who give testimony or produce documents or other information.

2.       The following information may be designated as "CONFIDENTIAL MATERIAL": any confidential research, development or commercial information, as such terms are used in Rule 26(c)(1)(G) and any applicable case law interpreting Rule 26(c)(1)(G), contained in any document, discovery response or testimony; and any confidential or personal information pertaining to employees, staff, management or player personnel, contained in any document, discovery response or testimony.

3.       The following information may be designated as "ATTORNEYS ONLY MATERIAL": any confidential research, design, development, or commercial information, as such terms are used in FRCP 26(c)(1)(G) and any applicable case law interpreting Rule 26(c)(1)(G), contained in any document, discovery response, or deposition testimony, that is entitled to a higher level of protection due to its commercial sensitivity; and any confidential or personal information pertaining to employees, staff, management or player personnel, contained in any document, discovery response, or testimony, that it is entitled to a higher level of protection due to its sensitivity.

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 2
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    4.    In designating information as "CONFIDENTIAL MATERIAL" or
"ATTORNEYS ONLY MATERIAL," a disclosing party shall make such a designation
only as to materials which it in good faith believes is confidential. "CONFIDENTIAL
MATERIAL" and "ATTORNEYS ONLY MATERIAL" shall be used by the parties to
this litigation and designating third parties solely for the purpose of conducting this
litigation, but not for any other purpose whatsoever.

   5.    In the absence of written permission from the disclosing party, or an order
of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used
solely for the purposes of litigation between the parties hereto, and may be disclosed by
the parties only to the following persons:

   a.    The attorneys working on this action on behalf of any party,
including in-house attorneys and staff, stenographic and clerical employees and
contractors working under the direct supervision of such counsel;

   b.    Any person not employed by a party who is expressly retained or
sought to be retained by any attorney described in paragraph 5(a) to assist in
preparation of this action for trial, with disclosure only to the extent necessary to
perform such work. Such experts and consultants shall not be current employees
of a party or employed by a party within six (6) months prior to the disclosure of
"CONFIDENTIAL MATERIAL." Such material will not be disclosed to any such
expert or consultant for a period of seven (7) business days after service on all
parties (including the producing third party in the case of "CONFIDENTIAL
MATERIAL" produced by a third party) of information regarding the identity of
the expert or consultant, including his/her name, address and job title, the name
and address of his/her employer and a current curriculum vitae including a list of
all companies for which such person has consulted during the last year. If, within

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 3
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  the seven (7) days of the date of such notice, the producing or another party
2  objects to the provision of such material to the expert or consultant identified or to
3  his or her employment, then unless the parties otherwise agree, the objecting party
4  shall have seven (7) business days to file an appropriate motion to preclude the
5  employment of the expert or consultant and/or disclosures of material to him or
6  her, and no material will be disclosed until the motion is decided;

7      c.     Employees of a party who are required by such party to work
8  directly on this litigation, with disclosure only to the extent necessary to perform
9  such work;

10      d.     Any person of whom testimony is taken, except that such person
11  may only be shown copies of "CONFIDENTIAL MATERIAL" in preparation for
12  and during his testimony, and may not retain any "CONFIDENTIAL
13  MATERIAL"; and

14      e.     The Court, jury, court personnel, court reporters, and other persons
15  connected with the Court.

16  6.     In the absence of written permission from the disclosing party, or an order
17  of the Court, information designated as "ATTORNEYS ONLY MATERIAL" shall be
18  used solely for the purposes of litigation between the parties hereto, and may not be
19  disclosed to any employee, officer, or director of a party except as set forth below:

20      a.     Outside counsel for the parties to the lawsuit, and the staff,
21  stenographic and clerical employees and contractors working under the direct
22  supervision of such outside counsel; The Professional Basketball Club, LLC; and
23  in-house counsel Greg Narver, subject to the conditions detailed below. Outside
24  counsel for the parties to the lawsuit shall be permitted to discuss the nature and
25  substance of "ATTORNEYS ONLY MATERIAL" with in-house counsel for their

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 4
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

respective clients if such disclosure is reasonably necessary to render legal advice in connection with the lawsuit, provided however that in-house counsel shall not receive or create any documents (including but not limited to notes, memoranda or electronic mail) containing or reflecting such "ATTORNEYS ONLY MATERIAL." In-house counsel Greg Narver can review "ATTORNEYS ONLY MATERIALS" solely at the offices of outside counsel, but cannot otherwise receive or create any documents (including but not limited to notes, memoranda or electronic mail) containing or reflecting such "ATTORNEYS ONLY MATERIAL;" and all "ATTORNEYS EYES ONLY" materials reviewed by Greg Narver shall remain exclusively in the possession, custody, and control of outside counsel.

       b.     Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of "ATTORNEYS ONLY MATERIAL." Such material will not be disclosed to any such expert or consultant for a period of seven (7) business days after service on all parties (including the producing third party in the case of "ATTORNEYS ONLY MATERIAL" produced by a third party) of information regarding the identity of the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last year. If, within the seven (7) days of the date of such notice, the producing or other party objects to the provision of such material to the expert or consultant identified or to

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 5
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

respective clients if such disclosure is reasonably necessary to render legal advice in connection with the lawsuit, provided however that in-house counsel shall not receive or create any documents (including but not limited to notes, memoranda or electronic mail) containing or reflecting such "ATTORNEYS ONLY MATERIAL." In-house counsel Greg Narver can review "ATTORNEYS ONLY MATERIALS" solely at the offices of outside counsel, but cannot otherwise receive or create any documents (including but not limited to notes, memoranda or electronic mail) containing or reflecting such "ATTORNEYS ONLY MATERIAL;" and all "ATTORNEYS EYES ONLY" materials reviewed by Greg Narver shall remain exclusively in the possession, custody, and control of outside counsel.

    b. Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of "ATTORNEYS ONLY MATERIAL." Such material will not be disclosed to any such expert or consultant for a period of seven (7) business days after service on all parties (including the producing third party in the case of "ATTORNEYS ONLY MATERIAL" produced by a third party) of information regarding the identity of the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last year. If, within the seven (7) days of the date of such notice, the producing or other party objects to the provision of such material to the expert or consultant identified or to

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 5
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

respective clients if such disclosure is reasonably necessary to render legal advice in connection with the lawsuit, provided however that in-house counsel shall not receive or create any documents (including but not limited to notes, memoranda or electronic mail) containing or reflecting such "ATTORNEYS ONLY MATERIAL." In-house counsel Greg Narver can review "ATTORNEYS ONLY MATERIALS" solely at the offices of outside counsel, but cannot otherwise receive or create any documents (including but not limited to notes, memoranda or electronic mail) containing or reflecting such "ATTORNEYS ONLY MATERIAL;" and all "ATTORNEYS EYES ONLY" materials reviewed by Greg Narver shall remain exclusively in the possession, custody, and control of outside counsel.

    b. Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of "ATTORNEYS ONLY MATERIAL." Such material will not be disclosed to any such expert or consultant for a period of seven (7) business days after service on all parties (including the producing third party in the case of "ATTORNEYS ONLY MATERIAL" produced by a third party) of information regarding the identity of the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last year. If, within the seven (7) days of the date of such notice, the producing or other party objects to the provision of such material to the expert or consultant identified or to

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 5
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

his or her employment, then unless the parties otherwise agree, the objecting party shall have seven (7) business days to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of material to him or her, and no material will be disclosed until the motion is decided;

  c. Any person of whom testimony is taken, except that such person may only be shown copies of "ATTORNEYS ONLY MATERIAL" in preparation for and during his testimony, and may not retain any such material; and

  d. The Court, jury, court personnel, court reporters, and other persons connected with the Court.

7. The persons described in paragraphs 5(b)-(d) shall have access to the "CONFIDENTIAL MATERIAL," and the persons described in paragraphs 6(b)-(c) shall have access to the "ATTORNEYS ONLY MATERIAL" only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. Similar but separate lists shall also be maintained with respect to third party material that is designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," and shall be available for inspection by counsel for the producing third party upon request. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties shall provide opposing counsel with a copy of the pertinent aforementioned lists. The persons receiving "CONFIDENTIAL MATERIAL" or

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 6
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  "ATTORNEYS ONLY MATERIAL" are enjoined from disclosing that material to any
2  other person, except in conformance with this Order.

3    8.    Each individual who receives any "CONFIDENTIAL MATERIAL" or
4  "ATTORNEYS ONLY MATERIAL" hereby agrees to subject himself/herself to the
5  jurisdiction of this Court for the purpose of any proceedings relating to the performance
6  under, compliance with or violation of this Protective Order.

7    9.    The recipient of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS
8  ONLY MATERIAL" that is provided under this Order shall maintain such information in
9  a secure and safe area and shall exercise the same standard of due and proper care with
10  respect to the storage, custody, use and/or dissemination of such information as is
11  exercised by the recipient with respect to its own proprietary information.
12  "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall not be
13  copied, reproduced, summarized or abstracted, except to the extent that such copying,
14  reproduction, summarization or abstraction is reasonably necessary for the conduct of this
15  lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions
16  shall be subject to the terms of the Order, and labeled in the same manner as the
17  designated material on which they are based.

18    10.    Disclosing parties shall designate "CONFIDENTIAL MATERIAL" or
19  "ATTORNEYS ONLY MATERIAL" as follows:

20    a.    In the case of documents, interrogatory answers, responses to
21  requests to admit, and the information contained therein, designation shall be made
22  by placing the following legend on every page of any such document prior to
23  production: "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY
24  MATERIAL." In the event that a party inadvertently fails to stamp or otherwise
25  designate a document or other information as "CONFIDENTIAL MATERIAL" or

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 7
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

"ATTORNEYS ONLY MATERIAL" at the time of its production, that party may at any time thereafter stamp or otherwise designate the document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL." Such document or other information shall be treated as designated beginning at the time such designation occurs.

      b.     In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL," unless counsel during the deposition states that the information is "ATTORNEYS ONLY MATERIAL" in which case that portion of the deposition designated as "ATTORNEYS ONLY MATERIAL" shall carry that designation for the fourteen day period.

      c.     Any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" and producing this material in a sealed envelope with a legend described in paragraph 10(a). In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 8
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1     party must treat each copy, transcription, or printout as designated and label it in a
2     manner effective to ensure proper treatment.
3     11.    A party shall not be obligated to challenge the propriety of a
4 "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" designation at
5 the time made, and failure to do so shall not preclude a subsequent challenge thereto
6 during the pendency of this litigation. In the event that any party to this litigation
7 disagrees at any stage of these proceedings with such designation, such party shall provide
8 to the producing or third party written notice of its disagreement with the designation.
9 The parties shall first try to resolve such dispute in good faith on an informal basis. If the
10 dispute cannot be resolved, the party challenging the designation may request appropriate
11 relief from the Court, but in any event, such relief from the Court shall not be requested
12 before ten (10) days after the producing party or third party is served with said written
13 notice, provided however that any challenge to the propriety of a designation by a third
14 party shall be brought in the court from which the subpoena to the third party was issued.
15 In the event of a dispute about the propriety of a designation that arises in connection with
16 the denial of a motion to seal (see paragraph 15 below), the party challenging the
17 designation may request an immediate telephonic motion pursuant to Local Rule 7(i) to
18 resolve the matter. The burden of proving that information has been properly designated
19 as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is on the
20 party making such designation.
21     12.    Documents containing "CONFIDENTIAL MATERIAL" or
22 "ATTORNEYS ONLY MATERIAL" of any party shall not be filed with the Court unless
23 it is necessary to do so for purposes of trial, substantive motions, including without
24 limitation, motions for preliminary injunction or summary judgment, or other Court
25 matters. The parties shall take all reasonable steps to file "CONFIDENTIAL

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 9
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  MATERIAL" and "ATTORNEYS ONLY MATERIAL" under seal pursuant to FRCP
2  26(c)(1)(G), Local Rule 5(g), and paragraphs 13-14 of this Order.
3      13.    Any party including "CONFIDENTIAL MATERIAL" or "ATTORNEYS
4  ONLY MATERIAL" in a filing with the Court (whether in pleadings, declarations,
5  exhibits, or otherwise) will, contemporaneously with such filing, file a motion to seal any
6  "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" included in
7  the filing, regardless which party designated the materials as such. Such a motion to seal
8  shall be noted for consideration seven (7) judicial days after filing in accordance with
9  Local Rule 7(d). The party filing the motion to seal will within the motion show why any
10 materials that it designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS
11 ONLY MATERIAL" should be sealed pursuant to FRCP 26(c)(1)(G) and Local Rule
12 5(g). If any documents or information included in the court filing were designated
13 "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" by a non-
14 moving party, that party may file a response in support of the motion to seal no later than
15 three (3) judicial days before the note date showing why such materials should be sealed
16 pursuant to FRCP 26(c)(1)(G) and Local Rule 5(g).
17     14.    The Clerk of the Court is directed to maintain under seal all documents and
18 all transcripts of deposition testimony filed with this Court in this litigation by any party
19 which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL" or
20 "ATTORNEYS ONLY MATERIAL," including all pleadings, deposition transcripts,
21 exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such
22 information, **PROVIDED** that such documents are ordered sealed by the Court or are the
23 subject of a pending motion to seal. The party filing such material shall designate to the
24 Clerk that all or a designated portion thereof is subject to this Order and is to be kept
25 under seal. A complete, unredacted set of documents filed under seal shall be provided by

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 10
CASE NO CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the filing party to opposing counsel the same day the documents are filed. As soon as practicable, but in no event later than ten (10) calendar days after having filed paper copies of the materials submitted under seal, the submitting party shall electronically file with the court, for its public file, a copy of the submitted materials with the "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS ONLY MATERIAL" redacted.

15. In the event the Court denies a motion to seal documents containing either "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," the Clerk of Court shall remove the documents subject to the motion to seal from the Court file and such documents shall not be considered by the Court. In this situation, not later than three (3) judicial days after the date of the Court's denial of a motion to seal, the filing party may, at its option, file replacement documents that do not contain either "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," which shall be considered by the Court.

16. In the event that any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. In addition, the party intending to use such material in any court proceeding in connection with this litigation shall provide reasonable advance notice to the producing party or third party prior to such anticipated use, and the producing party or third party shall have the opportunity to move for a protective order against the disclosure in open court of such "CONFIDENTIAL INFORMATION" or "ATTORNEYS ONLY MATERIAL."

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 11
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

17. If "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

18. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

19. In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, such receiving party shall promptly (i) notify counsel for the producing party or third party of the subpoena or other process or order, (ii) furnish counsel for the producing party or third party with a copy of said subpoena or other process or order, and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected, including but not limited to asserting an objection to the production of material designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" pursuant to this Order. In

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 12
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

connection with such subpoena, process, or order, the producing party or third party asserting the "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" treatment shall have the burden of defending against any legal proceeding relating to the production of such "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

20. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. Upon written request by the inadvertently producing party or third person, the receiving party shall: (a) return the original and all copies of such documents or promptly petition the Court for a determination whether (i) production is properly deemed inadvertent or (ii) the document is subject to a claim of privilege, and (b) shall not use such information for any purpose unless allowed by order of the Court.

21. Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL," all "ATTORNEYS ONLY MATERIAL" and all copies thereof shall be returned to the party which produced it or shall be destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

22. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

23. Subject to paragraph 13, this Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

24. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 13
CASE NO CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  producing material called for, and access to such material shall be only as otherwise
2  provided by the discovery rules and other applicable law.

3

4  SO DONE this __13th__ day of __March__, 2008.

5
6                    _____
                     The Honorable Marsha J. Pechman
7                    United States District Judge

8
9  Presented by:

   KIRKPATRICK & LOCKHART                    BYRNES & KELLER, LLP
10 PRESTON GATES & ELLIS, LLP                Seattle City Attorney

11
   By: _____              By: _____ for
12     Slade Gorton, WSBA No. 20                Paul R. Taylor, WSBA No. 18127
       Paul J. Lawrence, WSBA No. 13557         Bradley S. Keller, WSBA No. 10665
13     Jeffrey Johnson, WSBA No. 23066
       Jonathan Harrison, WSBA No. 31390
14     Michelle Jensen, WSBA No. 36611

15
   Attorneys for Plaintiff City of Seattle    Attorneys for Defendant The Professional
16                                             Basketball Club, LLC

17

18
   THOMAS A. CARR
19 Seattle City Attorney

20
   By: _____ for
21     Gregory C. Narver, WSBA No. 18127
22     Assistant City Attorney

23 Attorney for Plaintiff City of Seattle

24

25

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 14
CASE NO CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL MATERIAL which was entered by the Court on _____ in *City of Seattle v. The Professional Basketball Club, LLC*, Case No. CV07-1620 MJP (W.D. Wash.) that he/she is one of the persons contemplated in paragraphs 5 or 6 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," respectively, by either of the parties or by non-parties, and that he/she has read and fully understands and agrees to abide by the obligations and conditions of the Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 15
CASE NO CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record.

KIRKPATRICK & LOCKHART
PRESTON GATES & ELLIS, LLP

By: /s/ Georgia Drake
Georgia Drake

Secretary to Michele Jensen

PROTECTIVE ORDER REGARDING
HANDLING OF CONFIDENTIAL MATERIAL - 16
CASE NO. CV07-1620 MJP

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022