1

2                                                              The Honorable Marsha J. Pechman

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9

10    CITY OF SEATTLE, a first-class charter city,    )    No. C07-1620MJP
                                                       )
11                                      Plaintiff,     )    DEFENDANT'S MOTION TO (i)
                                                       )    ELIMINATE ATTORNEY'S EYES ONLY
12         v.                                          )    ("AEO") DESIGNATIONS AND
                                                       )    ELIMINATE IMPROPER PRIVILEGE
13    THE PROFESSIONAL BASKETBALL CLUB, )               REDACTIONS; (ii) SEAL DOCUMENTS
      LLC, an Oklahoma limited liability company,     )    PENDING RULING ON AEO STATUS,
14                                                     )    and (iii) ELIMINATE TEN-DAY WAITING
                                      Defendant.       )    PERIOD
15                                                     )
                                                       )    NOTE ON MOTION CALENDAR:
16                                                     )    April 25, 2008
                                                       )
17                                                     )    **[CORRECTED REDACTED VERSION
                                                       )    OF MOTION FILED UNDER SEAL]**
18    _____)

                                    **I.  INTRODUCTION**
19

20          The City of Seattle admits that the Sonics' lease at KeyArena long ago became

21    "economically dysfunctional."  Mayor Nickels testified that it has been "economically

22    dysfunctional" for years because the revenue split and KeyArena's shortcomings do not produce

23    enough revenue for the team to operate profitably.[1]  More generally, not only are the financial

24    aspects of the lease dysfunctional, but Deputy Mayor Ceis admits that the overall relationship

25

26    _____
      [1] Ex. 1, Apr. 2, 2008, Deposition of Mayor Nickels at 44:5-47:8.  All exhibits referenced herein
      are attached to the Declaration of Steven C. Minson filed herewith.

      DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S          BYRNES & KELLER LLP
      EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER                  38TH FLOOR
      PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS                  1000 SECOND AVENUE
      PENDING RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY    SEATTLE, WASHINGTON 98104
      WAITING PERIOD [CORRECTED REDACTED](7-1620MJP) - 1            (206) 622-2000

between the City and the Sonics' current and prior owners was dysfunctional well before this litigation began.

So why is the City seeking to specifically enforce the last two years of this admittedly dysfunctional lease arrangement? Documents just obtained show that the answer has nothing to do with the last two years of the lease. Instead, the City is trying to exploit its landlord status to **force the PBC to sell the team**. This litigation and the recent media frenzy the City helped ignite are part of an agreed-upon strategy between the City and a potential purchaser of the Sonics. That strategy expressly views this litigation as a way to drive up costs for the PBC – to increase the financial bleeding – to try to force PBC to sell. Indeed, one PowerPoint graphically details [                    **REDACTED**                    ][2] A second prong of the strategy is intended to alienate and separate the NBA from PBC, again increasing the pressure to sell the Sonics.

After weeks of foot dragging and excuses, PBC just obtained documents responsive to a subpoena served on Matt Griffin (the "Subject Documents"), the public spokesperson for a group that recently stepped forward with the City and a supposed plan to renovate KeyArena and purchase the team. Desperate to keep the Subject Documents from public scrutiny because they detail the City's complicity and its coordinated effort to use this litigation to make "the Oklahomans" bleed cash in a hostile media environment, almost all of the Subject Documents were designated attorney's eyes only ("AEO") under this Court's March 13, 2008, Protective Order. And the documents reveal a plan:

[                    **REDACTED**                    ][3]

---

[2] Ex. 2 at Griff_00000199. Bracketed material indicates language that is redacted from the public version filed with the Court.
[3] Id. at Griff_00000189.

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY WAITING PERIOD [CORRECTED REDACTED](7-1620MJP) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    The documents also reveal significant duplicity. Thus, Mayor Nickels' March press

2    conference introduced Griffin's group and announced a plan to renovate KeyArena. Both the

3    public and Olympia were promised that KeyArena could be renovated for $300 million including

4    the amount needed to retire the remaining $25 million debt.[4] The Subject Documents show the

5    City's promises about the cost were absolutely [ *Redacted* ]. They show that Deputy Mayor Ceis was

6    very much aware that the likely cost of the proposed renovation, combined with the remaining

7    
8    debt, would | *Redacted* ].[5] But because the City was desperate to derail the Sonics' pending

9    relocation application, the City pretended the renovation and debt retirement would cost only

10   $300 million – and all it needed was $75 million from Olympia – when it knew the total cost

11   would exceed [ *Redacted* ].

12   Griffin's designation of almost all of the documents as AEO is meritless. Aside from

13   confidential Sonics' financial information he wrongfully obtained and disseminated, perhaps

14   only a single line in one document warrants any restriction. And many of the documents have

15   redactions for "privilege" where the context makes clear that the redacted portion could not

16   possibly be privileged. By this motion, PBC seeks an order (i) lifting any claimed AEO

17   designation from all of the Subject Documents submitted herewith (save one); (ii) compelling

18   Griffin to produce the documents without redactions; and (iii) relieving PBC from the Protective

19   Order's 10-day waiting period for bringing Griffin's improper AEO designations to the Court's

20   attention.[6]

21   The City's plan to make PBC play home games in Seattle for the last two years of the

22   lease to force a sale raises serious questions about the propriety of enlisting the court's equitable

---

[4] Ex. 3, KeyArena Proposal News Conference Potential Questions and Suggested Responses.
[5] Ex. 2 at Griff_00001057 [ ·········· *Redacted* ·········· .]
[6] Protective Order ¶11 (Dkt. No. 17).

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S
EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD [CORRECTED REDACTED](7-1620MJP) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

powers to effectuate such a scheme. Those are questions for another day, however. What must be resolved by this motion is whether the City's duplicitous dealings, and its transparent scheming, can be shielded from PBC's view by improper AEO designations and inexplicable redactions.

## II.    BACKGROUND

On March 13, 2008, this Court entered its Protective Order Regarding Handling of Confidential and Attorney's Eyes Only Material.[7] On March 27, Griffin responded to the PBC's March 12 subpoena, asserting various objections and requesting entry of a protective order.[8] Claiming the Protective Order entered by this Court was inadequate, counsel for Griffin held up production with various requests for amendments to the Protective Order, and an eventual additional agreement regarding conditions under which the documents would be produced.[9] This delayed production until April 11, 2008, when Griffin provided a half-box of documents, all of which are designated "Attorney's Eyes Only" or "Confidential Material." Griffin also redacted numerous documents as privileged. PBC challenged the propriety of the AEO designations and redactions on April 12, and the matter reached an impasse on April 15.[10]

## III.    ARGUMENT

### A.    The Documents Are Not Entitled to AEO Treatment

Rule 45(c)(3)(B)(i) authorizes the Court to condition compliance with a subpoena to protect the person affected by it from unduly harmful disclosures of "a trade secret or other confidential research, development, and commercial information." None of Griffin's documents

---

[7] Dkt. No. 17.
[8] Ex. 4.
[9] Ex. 5.
[10] Minson Decl. ¶ 7.

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S
EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD [CORRECTED REDACTED](7-1620MJP) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   submitted herewith so qualify, and the Court can quickly determine that the designations were

2   done in bad faith.  Here are some particularly egregious examples.  The documents include

3   [                    **REDACTED**                              .]  Somehow Griffin

4   obtained, and then disseminated, these documents.[11]  Having improperly obtained the Sonics'

5   own [                        ], Griffin claims that they are somehow subject to attorney's eyes only

6   treatment.  In other words, he wrongfully obtained documents from the Sonics, and now claims

7   that they cannot see what he took.

8

9           Document 00000736 recounts a meeting among [          **REDACTED**

10  **REDACTED**          ].  It is hard to understand how [          **REDACTED**

11  **REDACTED**              ] could somehow warrant attorney's eyes only treatment.

12  The real answer is that page 00000737 discloses that [          **REDACTED**

13

14  **REDACTED**

15                                                   ].  Other examples include publicly-

16  available documents and are similarly frivolous:

17          •   [          **REDACTED**

18

19          •   [              **REDACTED**                        ]

20

21          •   [              **REDACTED**

22              **REDACTED**

23          Countless other examples appear in the documents and are not submitted here.  Given the

24  number and breadth of the designations, it is clear that they were not the product of accident.

25

26

---

[11] It appears that the documents were improperly given to the Griffin Group by the individual who was the General Manager of the Sonics under the prior owner.  Griff_00001036.

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S
EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD **[CORRECTED REDACTED]**(7-1620MJP) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

The real reason for the AEO designation is that the documents detail a Machiavellian plan which attempts to involve the Court in an effort to force the PBC to sell the team. For example:

|

ε                   **REDACTED**

•
•

**REDACTED**

•

Of course, the plan was not only to bleed "the Oklahomans" but to separate them from the NBA by inflicting difficulties on each.[14]  And the strategy apparently was mapped out with a significant amount of involvement by the City.  One of Griffin's excel spreadsheets established

[

**REDACTED**

][15]  Notably, the only motion pending during the second week of April in this matter was in New York – the City's motion to compel regarding NBA.[16]  The City's motion, which seeks vast quantities of sensitive and irrelevant documents, claims that the City needs to analyze the "profitability of each NBA franchise" to see

---

[12] Ex. 2 at Griff_00000199.
[13] Id. at Griff_00000192.
[14] Id. at Griff_00000190.
[15] Id. at Griff_00001018.
[16] Ex. 6, Motion to Compel filed in the Southern District of New York.

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S
EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD [CORRECTED REDACTED](7-1620MJP) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

whether the PBC's "alleged financial losses" are really tied to KeyArena.[17]  That filing ignited

the recent media frenzy which was the subject of the Court's recent conference.

**B.    Griffin Should Be Ordered To Produce Unredacted Documents**

Beyond the improper AEO designations, Griffin has redacted documents based on

attorney-client privilege when it is obvious there is no such privilege.  For example,

Griff_00001057 assesses |

# REDACTED

)] have been redacted as privileged.  Other examples abound.  <u>See,</u>

<u>e.g.</u>, Griff_00001065, 00001081.  Accordingly, Griffin should be ordered to produce unredacted

documents to PBC.

**C.    The Documents Should Be Temporarily Sealed**

Pursuant to Paragraph 13 of the Protective Order, a party filing AEO materials must

move to seal the filing.  None of the materials submitted here qualify for AEO treatment,

however.  Nevertheless, because they have been so marked, the PBC is required to move to seal

them.  It simultaneously moves to unseal them for the reasons stated above.

**D.    The 10-day Waiting Period Should Be Lifted**

Under the Protective Order's paragraph 23, the PBC also requests relief from the

requirement under ¶ 11 that this motion not be filed until ten days after the producing party is

provided with written notice of the objections.  There are many depositions scheduled in the next

few weeks.  Delay in resolving the issue will considerably complicate the depositions and make

it more difficult to elicit the requisite facts.

## III.    CONCLUSION

Griffin and the City hope to use this Court's equity jurisdiction to force a sale by locking

the Oklahomans into a lease the City knows is dysfunctional in an arena it knows is inadequate.

---

[17] Ex. 6 at 22.

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S
EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD [**CORRECTED REDACTED**](7-1620MJP) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  Griffin's AEO designations are designed to conceal the scheme.  All of the documents submitted

2  herewith should be "de-designated" perhaps with the exception of the single email suggesting a

3  price for which PBC, after having been separated from the NBA and bled a while, might sell.[18]

4  Similarly, because his redactions for attorney-client privilege are transparently meritless, he

5  should be ordered to produce an unredacted set to PBC.

6

7      DATED this 16th day of April, 2008.

8                                   BYRNES & KELLER LLP

9

10                                  By: /s/ Bradley S. Keller, WSBA #10665

11                                      Bradley S. Keller, WSBA #10665
                                        Paul R. Taylor, WSBA #14851
12                                      Steven C. Minson, WSBA #30974
                                        Byrnes & Keller LLP
13                                      1000 Second Avenue, 38th Floor
                                        Seattle, WA  98104
14                                      Telephone:(206) 622-2000
                                        Facsimile: (206) 622-2522
15                                      Email:    bkeller@byrneskeller.com
16                                                ptaylor@byrneskeller.com

17

18

19

20

21

22

23

24

25

26

_____
[18] Ex. 2 at Griff_00000740.

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S
EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD **[CORRECTED REDACTED]**(7-1620MJP) - 8

1

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

3

4

5

6
Thomas A. Carr (thomas.carr@seattle.gov)
Gregory C. Narver (gregory.narver@seattle.gov)
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA  98124-4769

7

8

9

10
Slade Gorton (slade.gorton@klgates.com)
Paul J. Lawrence (paul.lawrence@klgates.com)
Jeffrey C. Johnson (jeff.johnson@klgates.com)
Michelle Jensen (michelle.jensen@klgates.com)
K&L Gates
925 4th Avenue, Suite 2900
Seattle, WA  98104

11

12

13

14
and I hereby certify that I served this document by email to the following counsel on the date above:

15

16
J. J. Leary, Jr.
Mike Fandel
Graham & Dunn PC
Pier 70
2801 Alaskan Way ~ Suite 300
Seattle, WA  98121-1128

17

18

19

20

21
/s/ Bradley S. Keller
Bradley S. Keller, WSBA #10665
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

22

23

24

25

26

DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S
EYES ONLY DESIGNATIONS AND ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD [CORRECTED REDACTED](7-1620MJP) - 9

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000