The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city, <br><br> Plaintiff, <br><br> vs. <br><br> THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company, <br><br> Defendant. | No. CV07-1620 MJP <br><br> MOTION TO RE-NOTE DEFENDANT'S MOTION TO COMPLY WITH LR 7(d)(3) <br><br> NOTE ON MOTION CALENDAR FOR EXPEDITED HEARING: <br> April 18, 2008 |

Third-party Matt Griffin, through his attorneys, respectfully moves this Court for an order changing the noting date of defendant The Professional Basketball Club, LLC's ("PBC") Motion to (i) Eliminate Attorney's Eyes Only ("AEO") Designations and Eliminate Improper Privilege Redactions; (ii) Seal Documents Pending Ruling on AEO Status, and (iii) Eliminate Ten-Day Waiting Period, from April 25, 2008 to May 2, 2008.

**INTRODUCTION**

On Friday, April 11, 2008, Mr. Griffin produced documents pursuant to a subpoena issued by defendant PBC. The following day (Saturday), counsel for PBC objected to the fact that documents in Mr. Griffin's production had been designated as "Attorney Only Material" or "Confidential" under this Court's March 13, 2008 Protective Order (dkt. no. 17). On Monday,

MOTION TO RE-NOTE DEFENDANT'S MOTION
TO COMPLY WITH LR 7(d)(3) -- 1

No. CV07-1620 MJP
m38719-1028722_2.doc

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

Dockets.Justia.com

April 14, counsel for Mr. Griffin contacted PBC's counsel and asked if there were specific documents they wanted reconsidered. On Tuesday, April 15, PBC's counsel declined to specify documents, indicating that all but one confidentiality designation had to be removed, or PBC would bring a motion to compel re-designation. *See* Declaration of K. Michael Fandel in Support of Motion to Re-Note Defendant's Motion to Comply with LR 7(d)(3) (the "Fandel Dec.").

Following the unsuccessful effort to narrow PBC's objection to specific documents, Mr. Griffin (through counsel) undertook to review all the designations made in his initial production. However, no further communications occurred between PBC and Mr. Griffin prior to April 16, 2008, when PBC filed its motion. At the time Mr. Griffin received PBC's motion, which was only five (5) days after his original document production, Mr. Griffin had already selected certain of the documents for re-designation and was planning to produce the new designations to PBC.

PBC filed its motion under the seven-day provisions of Local Rule 7(d)(2) rather than the three Friday provisions of LR 7(d)(3). On April 17, counsel for Mr. Griffin spoke to PBC's counsel, stating that he believed PBC's motion fell within Local Rule 7(d)(3), and asked that PBC re-note the motion for May 2, 2008. Just as it had done with Mr. Griffin's request to specify documents it was interested in, PBC refused to re-note the motion.

## ARGUMENT

PBC's motion seeks to avoid the ten-day waiting period mandated by Paragraph 11 of the Protective Order (dkt. no. 17) and eliminate any chance for Mr. Griffin to address PBC's objections (which Mr. Griffin was in the process of doing when the motion was filed). PBC's motion ignores Local Rule 7(d)(3), which requires motions such as this to be brought no less than three Fridays prior to the noted date. Instead, PBC filed its motion on the third working day after the document production and gave Mr. Griffin, a non-party, only two Fridays' notice. PBC's only justification for filing the motion on short notice was that the motion included a
MOTION TO RE-NOTE DEFENDANT'S MOTION
TO COMPLY WITH LR 7(d)(3) -- 2

No. CV07-1620 MJP

m38719-1028722_2.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

request that it be sealed, which Paragraph 13 of the Protective Order permits to be brought on a seven-day motion.  Motions to challenge confidentiality designations, however, are covered by Paragraph 11 of the Protective Order, which does not provide for seven-day motions.

It is unreasonable and unfair to deprive Mr. Griffin (a non-party) the benefit of both the ten-day waiting period and the time provided under the Local Rules for responding to motions such as this, particularly where Mr. Griffin had asked PBC to identify particular documents it thought had been mis-designated, and had undertaken to review his entire production when PBC refused to do so.  *See* Ex. A to the Fandel Dec.  The ten-day waiting period could have served its salutary purpose if PBC had complied with it, and PBC has provided no real justification for its argument that the Court's March 13 order has become obsolete less than four weeks after it was entered.  Even putting aside PBC's evasion of the protective order, its refusal to properly note or re-note this motion to comply with the local rules is inexplicable.  PBC's approach to the filing of this motion appears calculated to eliminate Mr. Griffin's ability to respond in a meaningful way.  Mr. Griffin should not have to bring a motion to obtain the procedural protection afforded to him by this Court's order and the applicable local rules, yet that is all this motion to re-note seeks.

## CONCLUSION

Mr. Griffin requests that the Court strike the April 25 noting date on PBC's motion, and re-note it for a time no sooner than May 2, 2008, pursuant to LR 7(d)(3).  Mr. Griffin asks that the Court act on this motion forthwith, including holding a telephone conference today, so that he knows whether his response to the motion must be filed this coming Monday, April 21.

//
//
//
//
//

MOTION TO RE-NOTE DEFENDANT'S MOTION
TO COMPLY WITH LR 7(d)(3) -- 3

No. CV07-1620 MJP

m38719-1028722_2.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

DATED this 18th day of April, 2008.

            GRAHAM & DUNN PC

            By /s/ K. Michael Fandel
             K. Michael Fandel
             WSBA# 16281
             Email: mfandel@grahamdunn.com
             Attorneys for Matt Griffin

MOTION TO RE-NOTE DEFENDANT'S MOTION
TO COMPLY WITH LR 7(d)(3) -- 4

No. CV07-1620 MJP
m38719-1028722_2.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599