The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE, a first-class charter city, )    No. CV07-1620 MJP
                                             )
          Plaintiff,                         )
                                             )    DECLARATION OF K. MICHAEL FANDEL
vs.                                          )    IN SUPPORT OF MOTION TO RE-NOTE
                                             )    DEFENDANT'S MOTION TO COMPLY
                                             )    WITH LR 7(d)(3)
THE PROFESSIONAL BASKETBALL CLUB, )
LLC, an Oklahoma limited liability company,  )
                                             )
          Defendant.                         )
                                             )
_____)

K. Michael Fandel declares as follows:

1.    I am one of the attorneys representing Matt Griffin with respect to his response to Defendant The Professional Basketball Club's ("PBC") documents subpoena in this case. I have personal knowledge of the matters contained in this declaration, and I am competent to testify thereto.

2.    On April 11, 2008, our office produced documents to PBC's counsel, pursuant to a subpoena issued to Mr. Griffin by PBC. The following Saturday, we received an email from PBC's counsel stating that PBC believed the "Attorneys Only Material" ("AOM") designations assigned to the documents Mr. Griffin produced were unsupportable. Our office asked PBC to identify specific documents they thought they needed to use in a way the AOM designation did

DECLARATION OF K. MICHAEL FANDEL IN
SUPPORT OF MOTION TO RE-NOTE DEF'S
MOTION TO COMPLY WITH LR 7(d)(3 -- 1

No. CV07-1620 MJP
m38719-1028726.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

not permit, but PBC refused.   See attached **Exhibit A**.   Instead, on Tuesday, April 15, PBC demanded that Mr. Griffin withdraw all confidentiality designations, "with perhaps one or two exceptions" that they did not identify, or they would file a motion to compel.

3.    Given PBC's refusal to identify specific documents, Mr. Griffin undertook to review his entire production and possibly to reconsider certain designations.  By April 16, the day after PBC's demand for wholesale re-designation, that process was underway, and Mr. Griffin had identified a number of documents that he was going to re-designate.  The process, however, was derailed by the receipt of PBC's motion to eliminate AOM designations and privilege redactions late in the day on April 16.

4.    When the motion arrived, it indicated a motion date of April 25, less than two Fridays from the date of service.  I called PBC's counsel's office on April 17 and spoke to Steve Minson about re-noting the motion to May 2, so as to comply with Local Rule 7(d)(3).  Mr. Minson wrote me later that day and stated that his client would not change the noting date.  See attached **Exhibit B**.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 18th day of April, 2008.


By  /s/  K. Michael Fandel
       K. Michael Fandel

DECLARATION OF K. MICHAEL FANDEL IN
SUPPORT OF MOTION TO RE-NOTE DEF'S
MOTION TO COMPLY WITH LR 7(d)(3 -- 2
No. CV07-1620 MJP
m38719-1028726.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599