The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CITY OF SEATTLE, a first-class charter city,

Plaintiff,

v.

THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,

Defendant.

No. C07-1620MJP

DEFENDANT'S MOTION TO AMEND ANSWER

NOTE ON MOTION CALENDAR: MAY 5, 2008

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), and LR 7(d)(2)(B), defendant PBC moves for leave to file an amended answer to include a counterclaim for declaratory relief against the City of Seattle.

The PBC has a lease with the City by which the Sonics play at KeyArena. There are two seasons remaining under the lease. Subject to this Court's ruling, the Sonics intend to relocate to Oklahoma City, either after this trial or at the end of the lease. On the current pleadings, the only express claim is the City's claim for specific performance requiring the Sonics to continue playing at KeyArena through the end of the lease.

Implicit in this claim is whether the City's damages – the rent for the remaining term of the lease – can be calculated with reasonable certainty. At trial, the PBC will demonstrate that

DEFENDANT'S MOTION TO AMEND ANSWER
(C07-1620MJP) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Dockets.Justia.com

the City's damages may be so calculated and that the City is otherwise barred from equitable relief. Therefore, PBC hereby requests leave to amend to assert a counterclaim for declaratory relief, asking that the Court declare the quantum of the City's damages should the Sonics not play the remaining two seasons at the KeyArena. This will avoid the need for a follow-up trial on this issue.

## II. STATEMENT OF FACTS

On September 21, 2007, the PBC filed an arbitration demand seeking a declaration that the City would not be entitled to an order of specific performance if PBC did not play in KeyArena for the final two seasons of the lease, but was prepared to pay the rent for those two seasons. The City then sued the PBC, asking that the Sonics be enjoined to play in KeyArena for the last two seasons. The Arbitration was then stayed. On February 8, 2008, this court entered a scheduling order providing for expedited discovery and setting trial in this matter to begin on June 16.

## III. ARGUMENT

### The PBC Should Be Given Leave to Amend to Assert Its Counterclaim

**1.   Leave to Amend Is Freely Given**

Leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). Furthermore, Rule 15's policies favoring amendments must be applied with "extreme liberality."[1] Chodos v. W. Pub. Co., 929 F.3d 992, 1003 (9th Cir. 2002). When considering a motion for leave to amend, the district court must consider whether the proposed amendment results from "undue delay, is made in bad faith, will cause prejudice to the opposing party, or as a dilatory tactic." Chodos, 292 F.3d at 1003. And this determination should be made with all inferences in favor of granting the motion. Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 890 (9th Cir. 1999).

---

[1] The "extreme liberality" favoring amendments to pleadings applies to counterclaims. Rosenberg Bros. & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960); Cooper Dev. Co. v. Employers Ins. of Wausau, 765 F. Supp. 1429 (N.D.Cal.1991)(same); 6 Wright & Miller Fed. Prac. & Proc. Civ.2d § 1430 (same).

DEFENDANT'S MOTION TO AMEND ANSWER
(C07-1620MJP) - 2

2. **The Availability of Specific Performance Necessarily Requires a Determination of Whether the City's Damages Would Be Reasonably Ascertainable.**

The extraordinary remedy of specific performance is only available if the legal remedy of damages is inadequate. The factors bearing on the adequacy of the legal remedy include "the difficulty of proving damages with reasonable certainty." <u>Crafts v. Pitts</u>, 161 Wn.2d 16, 162 P.3d 382 (2007). The City, as landlord, says the Sonics provide it with both "tangible" and "intangible" benefits. Cmpl. at ¶ 6. The City claims that if the Sonics were to leave early, the City's damages would include "intangible" losses. Cmpl. at ¶ 24. Thus, the City says that damages are an inadequate remedy and that it is therefore entitled to specific performance. Washington law provides no support for such a claim. Indeed, it "has long been held in Washington that there is an adequate remedy at law in damages for the breach of a lease agreement." <u>Wash. Trust Bank v. Circle K Corp.</u> 15 Wn. App. 89, 546 P.2d 1249 (1976) (denying landlord's specific performance claim).

The factual and legal merits of the City's claims regarding "intangible" damages need not be addressed here. Instead, whether the City's damages – i.e., the rent owing – can be calculated with reasonable certainty will *necessarily* be an issue for trial. If the PBC proves the City's compensable damages can be so calculated and that damages are an otherwise proper remedy, specific performance must be denied and the Court should enter a declaratory judgment regarding the amount of damages the City would incur from an early departure.

Alternatively, the Court can deny specific performance for reasons other than the certainty with which damages may be calculated. Here, for example, the City has unclean hands: The just-obtained Griffin documents show that the City is using the lawsuit to try to force the PBC to sell the team to the City's preferred group of owners. But equity requires the Court to ensure that specific performance "will not be oppressive, unconscionable, or result in undue hardship to any party involved."[2] If the Court concludes that the City is not entitled to the

---

[2] <u>Crafts v. Pitts</u>, 161 Wn.2d 16 at 24.

DEFENDANT'S MOTION TO AMEND ANSWER
(C07-1620MJP) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

equitable relief it purports to seek, it should nevertheless declare the damages it finds would result from an early departure so that the matter need not be tried again.

## IV. CONCLUSION

Amendment allowing PBC to assert its counterclaim for declaratory relief will not prejudice the City. Because the evidence presented at trial will, by necessity, require determination of the rent owed should PBC leave two years early, such an amendment would simply make express what is already being tried implicitly between the parties. If specific performance is not ordered, it would be a waste of judicial resources to have a second proceeding to determine the rent. Accordingly, leave should be granted. A proposed amended answer, revised only to add a counterclaim for declaratory relief, is attached as Exhibit A.

DATED this 24th day of April, 2008.

BYRNES & KELLER LLP

By: /s/ Paul R. Taylor
Bradley S. Keller, WSBA #10665
Paul R. Taylor, WSBA #14851
Steven C. Minson, WSBA #30974
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone:(206) 622-2000
Facsimile: (206) 622-2522
Email:   bkeller@byrneskeller.com
         ptaylor@byrneskeller.com
         sminson@byrneskeller.com
Attorneys for Defendant
The Professional Basketball Club

DEFENDANT'S MOTION TO AMEND ANSWER
(C07-1620MJP) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas A. Carr (thomas.carr@seattle.gov)
Gregory C. Narver (gregory.narver@seattle.gov)
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA  98124-4769


Slade Gorton (slade.gorton@klgates.com)
Paul J. Lawrence (paul.lawrence@klgates.com)
Jeffrey C. Johnson (jeff.johnson@klgates.com)
Michelle Jensen (michelle.jensen@klgates.com)
K&L Gates
925 4th Avenue, Suite 2900
Seattle, WA  98104


/s/ Paul R. Taylor
Paul R. Taylor, WSBA #14851
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
ptaylor@byrneskeller.com

DEFENDANT'S MOTION TO AMEND ANSWER
(C07-1620MJP) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# EXHIBIT A

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>                           Plaintiff,<br><br>    v.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>                           Defendant. | No. C07-1620RSM<br><br>[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY RELIEF |

Defendant The Professional Basketball Club, LLC, by and through its counsel, answers plaintiff's complaint as follows:

### PRELIMINARY STATEMENT

Answering paragraph 1 of the Preliminary Statement, defendant admits that the Lease says what it says, and denies each and every other or different characterization thereof. Except as so admitted, defendant denies the remainder of paragraph 1.

Answering paragraph 2 of the Preliminary Statement, defendant admits that the referenced documents say what they say, and denies each and every other or different characterization thereof. Except as so admitted, defendant denies the remainder of paragraph 2.

[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF (C07-1620MJP) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## PARTIES

1. Answering paragraph 1, defendant admits same.

2. Answering paragraph 2, defendant admits same.

## JURISDICTION AND VENUE

3. Answering paragraph 3, defendant admits same and further admits that the action has been properly removed to the United States District Court for the Western District of Washington.

## FACTS

4. Answering paragraph 4, defendant admits the first sentence and denies the second.[1]

5. Answering paragraph 5, defendant admits all but the last sentence, which is too vague to permit a response, and is therefore denied.

6. Answering paragraph 6, defendant admits that it pays rent under the Lease and pays various taxes. Defendant further admits that although there is other spending associated with the operation of defendant's business, that spending does not generate any net increase in economic benefits for the City and/or local businesses. Defendant admits that the team has participated in charitable events and that local businesses have the opportunity to advertise with defendant. Except as so admitted, defendant denies each and every other or different allegation.

7. Answering paragraph 7, defendant denies the first sentence, admits the second sentence, and denies the third sentence.

8. Answering paragraph 8, defendant admits that the win-loss records are accurate. Except as so admitted, defendant denies the remainder of paragraph 8.

---

[1] Seattle's first professional franchise was the Metropolitans, who won the Stanley Cup in 1917.

[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF (C07-1620MJP) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

9.     Answering paragraph 9, defendant admits the win-loss records and the fact that attendance has declined. Except as so admitted, defendant denies the remainder of paragraph 9.

10.    Answering paragraph 10, defendant admits same.

11.    Answering paragraph 11, defendant admits that a 15-year lease was approved. Defendant lacks sufficient information upon which to formulate a response to the remainder of paragraph 11, and therefore denies same.

12.    Answering paragraph 12, defendant admits that the Coliseum was renovated with new seats and luxury suites, and renamed. Except as so admitted, defendant denies each and every other allegation of paragraph 12.

13-17.  Answering paragraphs 13, 14, 15, 16 and 17, defendant admits that the Ordinance passed and that the Lease says what it says, and denies each and every other or different characterization thereof. Defendant further denies the remainder of these paragraphs.

18.    Answering paragraph 18, defendant lacks sufficient information upon which to formulate an answer and therefore denies same.

19.    Answering paragraph 19, defendant admits that it purchased certain assets from BCOS in 2006, that it became a party to the Lease through the Instrument of Assumption, and that it was familiar with the Lease and with KeyArena. Defendant further admits that the Instrument of Assumption says what it says, and denies each and every other or different characterization thereof. Defendant denies the remainder of paragraph 19.

20.    Answering paragraph 20, defendant denies same.

21.    Answering paragraph 21, defendant lacks sufficient information upon which to formulate an answer, and therefore denies same.

[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF (C07-1620MJP) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

22. Answering paragraph 22, defendant denies same.

23. Answering paragraph 23, defendant admits that it is an Oklahoma Limited Liability Company formed for the purpose of acquiring the franchise. Defendant further admits that Aubrey McClendon made a statement in his individual capacity, and not as a representative of TPBC, which has been taken out of context by the City and others. Except as so admitted, defendant denies the remainder of paragraph 23.

24. Answering paragraph 24, defendant denies same.

25. Answering paragraph 25, defendant admits that the arbitration demand says what it says, and denies each and every other or different characterization thereof. Defendant further admits that the Lease says what it says, and denies each and every other or different characterization thereof. Except as so admitted, defendant denies the remainder of paragraph 25.

**FIRST CAUSE OF ACTION**

26. Answering paragraph 26, defendant restates its answers to paragraphs 1-25.

27. Answering paragraph 27, defendant admits that the Lease says what it says, and denies each and every other or different characterization thereof. Except as so admitted, defendant denies the remainder of paragraph 27.

28. Answering paragraph 28, defendant admits that the Lease says what it says, and denies each and every other or different characterization thereof.

29. Answering paragraph 29, defendant admits that it filed an arbitration demand. Except as so admitted, defendant denies the remainder of paragraph 29.

30. Answering paragraph 30, defendant denies same.

[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF (C07-1620MJP) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## SECOND CAUSE OF ACTION

31. Answering paragraph 31, defendant restates its answers to paragraphs 1-30.

32. Answering paragraph 32, defendant admits that the Lease says what it says, and denies each and every other or different characterization thereof.

33. Answering paragraph 33, defendant denies same.

34. Answering paragraph 34, defendant denies same.

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER, and as AFFIRMATIVE DEFENSES, the defendant alleges as follows:

35. Plaintiff does not have clean hands and is not entitled to specific performance;

36. Plaintiff has failed to state a claim upon which relief can be granted;

37. Plaintiff is equitably estopped from seeking specific performance;

38. The requirements of Article II of the Lease are in the nature of a personal services contract, and not subject to specific performance; and

39. Plaintiff's claims are subject to mandatory arbitration.

## COUNTERCLAIM FOR DECLARATORY RELIEF

1. The PBC is attempting to relocate the Sonics to Oklahoma City before the 2008-2009 season, and a dispute over the Sonics' right to relocate exists.

2. If the PBC is permitted by the Court to relocate, the City's damages resulting from such a departure consist of the rent owed for the remainder of the term of the lease. There is a real and justiciable controversy between the City and the PBC over the amount of rent owing.

3. The PBC seeks a declaration from this Court establishing the quantum of the City's damages if the PBC were to relocate to Oklahoma City beginning in the fall of 2008.

[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF (C07-1620MJP) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, the defendant requests that the Court grant it the following relief:

    a.    A declaration determining the quantum of the City's damages if the PBC were to relocate to Oklahoma City before the beginning of the 2008-2009 season;

    b.    Dismissal of plaintiff's claims with prejudice;

    c.    An award of defendant's costs and attorney's fees; and

    d.    Such other relief as the Court deems just and proper.

DATED this 24th day of April, 2008.

BYRNES & KELLER LLP

By: /s/ Paul R. Taylor
Bradley S. Keller, WSBA #10665
Paul R. Taylor, WSBA #14851
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email:    bkeller@byrneskeller.com
            ptaylor@byrneskeller.com
Attorneys for Defendant

[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF (C07-1620MJP) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas A. Carr (thomas.carr@seattle.gov)
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA  98124-4769

Slade Gorton (slade.gorton@klgates.com)
Paul J. Lawrence (paul.lawrence@klgates.com)
Jeffrey C. Johnson (jeff.johnson@klgates.com)
K&L Gates
925 4th Avenue, Suite 2900
Seattle, WA  98104

/s/ Paul R. Taylor
Paul R. Taylor, WSBA #14851
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

[PROPOSED] AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF (C07-1620MJP) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000