The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CITY OF SEATTLE, a first-class charter city,<br><br>Plaintiff,<br><br>v.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>Defendant. | No. C07-1620 MJP<br><br>OPPOSITION TO DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEYS ONLY ("AEO") DESIGNATIONS AND ELIMINATE IMPROPER PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING RULING ON AEO STATUS, AND (iii) ELIMINATE TEN-DAY WAITING PERIOD<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**May 2, 2008** |

## I. INTRODUCTION

Both parties agreed that this case should be tried on its merits in this Court, not in the court of public opinion. The Professional Basketball Club, LLC's ("PBC's") motion purports to be about whether PBC, the owner of the Sonics, has a right to see all documents initially produced under an attorneys only designation by Matt Griffin, a prospective buyer of the

OPPOSITION TO DEFENDANT'S MOTION TO (i)
ELIMINATE ATTORNEY'S EYES ONLY
DESIGNATIONS, ETC. - 1

Case No. C07-1620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Sonics. PBC's motion, however, starts and ends by accusing the City of Seattle ("the City") of inequitable conduct, even though this outlandish claim has nothing to do with the merits of PBC's motion. PBC did not try to resolve the issue with Mr. Griffin in accordance with the provisions of the Protective Order to which it agreed. Instead, it filed a motion in this Court only three days after first objecting to Mr. Griffin's designations. PBC filed a redacted motion that discussed, although it did not quote, the contents of the documents, insuring the motion would be picked up by the press. The motion was filed just two days before the NBA Board of Governors met to vote on PBC's relocation application.

Contrary to PBC's accusations, the City's discussions with a viable local private ownership group about the potential renovation of the Key Arena is an entirely appropriate effort to benefit the Seattle community. Mr. Griffin and his group have offered to buy the Sonics and contribute $150,000,000 of their own money to a renovation of KeyArena. The City and its citizens would benefit from having a vibrant Key Arena in the Seattle Center with an anchor tenant for many years instead of just the next two. The City is interested in cooperating with any private group that wants to work productively to keep the Sonics in Seattle, including PBC. But since day one, PBC has rejected any effort to discuss staying in a renovated Key Arena.

PBC hypes as a 'revelation' a sentence taken from the public 2006 report of the KeyArena Subcommittee, a task force appointed in 2005 by Mayor Nickels to study various issues regarding Key Arena. But PBC had a copy of that public report when it bought the Sonics in 2006. PBC knew the financial situation of the team, knew the requirements of the KeyArena lease, and knew the details of the current Key Arena facility when it purchased the Sonics, assumed the lease, and expressly agreed to honor the terms of the lease. Now it is trying to back out of the promise it made barely a year ago. The City is willing to work

OPPOSITION TO DEFENDANT'S MOTION TO (i)
ELIMINATE ATTORNEY'S EYES ONLY
DESIGNATIONS, ETC. - 2

Case No. C07-1620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

toward a win-win solution. But it is not willing to give up its rights.

PBC never explains why, as a prospective seller of the Sonics, it has a right to see the most confidential documents of a prospective buyer, Matt Griffin. It never offers a credible explanation for why PBC, as opposed to its attorneys, needs to see these documents. It asks this Court to de-designate the documents in their entirety (i.e., make them public) and, to a large degree, already made them public by publicly filing a redacted motion. Indeed, Mr. Griffin's efforts to keep confidential his strategy for potential negotiations with PBC and the City seem entirely appropriate. The City opposes PBC's motion, and PBC's refusal to abide by the time frames agreed in the Protective Order.

## II. ARGUMENT

In large part PBC's motion is already moot. Mr. Griffin has re-designated many documents as confidential rather than attorneys only, a result that would have and should have been obtained by good faith CR 37 negotiations between the parties. Apparently in its rush to file its motion prior to the NBA Board of Governors meeting, PBC elected to forego a meaningful CR 37 conference. The City addresses in the remainder of its response PBC's argument that all of Mr. Griffin's documents should lose their attorneys only status.

PBC's motion to remove attorneys only designations from Mr. Griffin's documents has nothing to do with its ability to litigate its case. Every document at issue in the motion has been seen and reviewed by PBC's counsel. Rather, what PBC is asking is that this Court allow PBC itself (not just its counsel) to see these documents. Mr. Griffin and his group have stated that they are willing to buy the Sonics, honor the KeyArena lease (as PBC promised to do but did not), and invest $150,000,000 of their own money to renovate KeyArena. PBC argues that this Court should require Mr. Griffin, a prospective buyer, to disclose his most confidential negotiating and strategy documents to PBC, a prospective seller. PBC contends

OPPOSITION TO DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S EYES ONLY DESIGNATIONS, ETC. - 3

Case No. C07-1620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  that a "single line" of an email – setting out a possible price for the team – might "perhaps" be
2  entitled to protection, but that otherwise asserts every line of every document must be
3  disclosed to PBC. Defendant's Motion to (i) Eliminate Attorney's Eyes Only ("AEO")
4  Designations, etc. ("Defendant's Motion"), p. 8. The whole point of the attorneys only
5  provision in this Court's Protective Order is to protect the confidentiality of documents in
6  circumstances like these, while allowing them otherwise to be used in this litigation. PBC's
7  demand that this Court order a business competitor of PBC's to produce all its confidential
8  documents to PBC is unreasonable on its face.

9  PBC suggests without explanation that "[d]elay in resolving the issue will
10 considerably complicate the depositions and make it more difficult to elicit the requisite
11 facts." Defendant's Motion, p. 7. But Section 6(c) of the Protective Order allows attorneys
12 only materials to be used at deposition. Section 6(c) only requires that the confidentiality of
13 the documents be protected. PBC's argument that documents have to be de-designated to
14 conduct depositions is meritless.

15 Moreover, PBC appears to suggest that this Court should order all of Mr. Griffin's
16 documents (with the exception of a single line in one email) be de-designated in their entirety;
17 i.e., made public now because they might be used at trial. But PBC nowhere explain why
18 litigating its case requires these documents be publicly available at this stage.

19 Finally, PBC's explanation for why it brought this motion now instead of first trying
20 to resolve the issue with Mr. Griffin rings false. PBC argues that depositions are scheduled
21 over the next few weeks, but it can use these documents at deposition under the terms of the
22 Protective Order. Both parties agreed to the Protective Order, which requires the parties to try
23 to resolve disputes like this one by agreement before bringing them before this Court. PBC
24 made an initial demand that Mr. Griffin de-designate documents and then brought this motion

26 OPPOSITION TO DEFENDANT'S MOTION TO (i)
ELIMINATE ATTORNEY'S EYES ONLY
DESIGNATIONS, ETC. - 4

Case No. C07-1620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

just three days later.  That is not good faith compliance with the Court's order.

### III. CONCLUSION

PBC's motion is unreasonable on its face and, given the relief it demands, its motivations are suspect.  PBC asks this Court to order a prospective buyer of the Sonics, and a third party to the litigation, to produce its most confidential documents to PBC, the prospective seller of the team.  It asks this Court to make these documents wholly public, without offering any explanation why.  PBC did not attempt in good faith to resolve this dispute before filing its motion.  Its motion should be denied as untimely and overly broad.

DATED this 28th day of April, 2008.

| KIRKPATRICK & LOCKHART PRESTON GATES & ELLIS, LLP | THOMAS A. CARR Seattle City Attorney |
|---|---|
| By: /s/ Michelle Jensen<br>Slade Gorton, WSBA No. 20<br>Paul J. Lawrence, WSBA No. 13557<br>Jeffrey Johnson, WSBA No. 23066<br>Jonathan Harrison, WSBA No. 31390<br>Michelle Jensen, WSBA No. 36611<br><br>Attorneys for Plaintiff City of Seattle | By: /s/ Gregory C. Narver<br>Gregory C. Narver, WSBA No. 18127<br>Assistant City Attorney<br><br>Attorneys for Plaintiff City of Seattle |

OPPOSITION TO DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S EYES ONLY DESIGNATIONS, ETC. - 5

Case No. C07-1620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 28h day of April 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record.

                               /s/ Judy Goldfarb
                               Judy Goldfarb, Assistant to
                               Michelle D. Jensen

OPPOSITION TO DEFENDANT'S MOTION TO (i) ELIMINATE ATTORNEY'S EYES ONLY DESIGNATIONS, ETC. - 6

Case No. C07-1620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022