The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>    Defendant. | No. CV07-1620 MJP<br><br>RESPONSE TO DEFENDANT'S MOTION TO ELIMINATE ATTORNEYS ONLY (AOM) DESIGNATIONS AND ELIMINATE IMPROPER PRIVILEGE DESIGNATIONS<br><br>[REDACTED VERSION OF RESPONSE FILED UNDER SEAL] |

## I. INTRODUCTION

Matt Griffin is not a party to this lawsuit and was not involved in negotiating the Key Arena lease at issue. What Matt Griffin is, is a member of a consortium of local, civic-minded businessmen who offered to contribute money to the City of Seattle's ("the City") effort to update Key Arena, and to help keep the NBA in Seattle, including potentially purchasing the Sonics from The Professional Basketball Club, LLC ("PBC"). The documents subpoenaed from Mr. Griffin by PBC deal exclusively with the good faith business efforts of that consortium, which may yet bear fruit. These multifaceted efforts reflect sensitive and confidential business strategies and intentions that the parties to this lawsuit--entities with whom Mr. Griffin's consortium may have business dealings in the future--have neither the right nor the need to know.

RESPONSE TO DEFENDANT'S MOTION
TO ELIMINATE DESIGNATIONS
**[REDACTED VERSION]**-- 1
No. CV07-1620 MJP
M38719-1033183

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

Indeed, revealing Mr. Griffin's "attorneys only material" documents to either PBC or the City could well alter the business landscape within which the consortium's efforts have taken place, giving those parties an unfair competitive advantage.

Due to the sensitive nature of the documents at issue, particularly in light of their marginal (at best) relevance to the issues in this case, Mr. Griffin negotiated with PBC for appropriate confidentiality protections prior to producing his documents. The negotiations were for one purpose: to strike a balance between whatever legitimate need there might be to use the subject documents in the lawsuit on the one hand, and the potential prejudice to Mr. Griffin of disclosing confidential business information on the other. Having convinced Mr. Griffin to produce his sensitive business information by agreeing in principle to the concept of confidentiality, PBC almost immediately declared open season on every single document (save one) produced, without identifying any way that it prejudices their position in the litigation to comply with the confidentiality designations.[1] Whether the goal of this motion is to give PBC an "edge" in any future negotiations, to sabotage the efforts of Mr. Griffin's consortium, or to manipulate ongoing press coverage of the "NBA issue" in general, it is not a legitimate reason to overcome Mr. Griffin's right to confidentiality. The motion should be denied.

## II. ARGUMENT

PBC's motion is at once largely moot, and premature. It is largely moot in the sense that, in the week since the motion was filed, Mr. Griffin has considered PBC's objections and re-designated many of the documents initially produced, including some of the documents mentioned in the motion. Where Mr. Griffin concluded that disclosure to the parties themselves

---

[1] In late March, PBC's Clay Bennett contacted a member of Mr. Griffin's investment group to express regret that, as a result of documents PBC was providing the City, the group's [ REDACTED]. See Declaration of K. Michael Fandel in Opposition to Motion to Eliminate Designations, p. 3. Only a month later, PBC's motion makes a mockery of the group's confidentiality interests. The "redacted" motion filed with the Court refers to and quotes confidential documents in such a way as to leave little doubt as to their content. PBC's motion seems clearly intended for an audience other than the parties or this Court.

RESPONSE TO DEFENDANT'S MOTION
TO ELIMINATE DESIGNATIONS
[REDACTED VERSION]-- 2
No. CV07-1620 MJP
M38719-1033183

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

did not involve a risk of prejudice, the "attorneys only material" designation was either reduced to "confidential" (meaning the parties can see the documents, but they are still treated confidentially) or eliminated altogether. Had PBC allowed the meet and confer process to run its course, they would have been able to file a more focused motion, if any, rather than simply to ask the Court to wipe away designations on nearly 1,000 pages of documents based on only a couple of examples. The motion is premature in the sense that PBC still has not identified any legitimate need, based in the litigation, for anyone other than its attorneys to have access to the documents that are still designated "attorneys only material." Frankly, PBC has never given Mr. Griffin the opportunity to respond to specific objections.

In addition to privileged documents, whose confidentiality is obvious,[2] the "attorneys only material" protections sought by Mr. Griffin's designations are not novel. Such protections are provided for in Rule 26(c)(1)(G), and in paragraph 3 of this Court's March 13, 2008 Protective Order, which expressly protects "confidential research, design, development, or commercial information . . . that is entitled to a higher level of protection due to its commercial sensitivity." The need for protection of such sensitive business information is a legitimate one, and has been recognized repeatedly by the courts:

> [A]mple precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to outside attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party.

*Asch/Grossbardt, Inc. v. Asher Jewelry Co., Inc.*, 2003 WL 660833 *2 (S.D.N.Y. February 28, 2003) (*citing Westside-Marrero Jeep Eagle, Inc. v. Chrysler Inc.*, 1998 WL 186720 *2 (E.D.La. April 17, 1998). *See also, GTE Products Corp. v. Gee,* 112 F.R.D 169., 172 (D. Mass. 1986) ("I find no basis in law for the defendants' contention that they have the right to

---

[2] Mr. Griffin's initial production, as amended following PBC's objections, withheld only seven documents for privilege, and redacted six more. All either include direct communications between attorney and client, or discuss legal advice rendered to Mr. Griffin and the members of the potential investors group.

RESPONSE TO DEFENDANT'S MOTION
TO ELIMINATE DESIGNATIONS
[REDACTED VERSION]-- 3
No. CV07-1620 MJP
M38719-1033183

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

have confidential commercial information of competitors disclosed to them in addition to having the information disclosed to their attorneys.").

Matt Griffin's "attorneys only material" designations do not seek unprecedented or unusual protections. He merely asks that his efforts to help the Seattle community, as well as those of the members of his group of potential investors, as reflected in the documents he has produced, not be compromised by disclosure to parties--either PBC or the City--with whom he and his consortium may have future business dealings. This request cannot adversely affect the parties to this litigation, because the designation does not prevent them from using the documents in the course of discovery or trial, consistent with the Protective Order. There is no legitimate reason for the parties themselves, as opposed to their attorneys, to see Mr. Griffin's confidential business documents.

### III. CONCLUSION

This motion falls squarely under the category of "[n]o good deed goes unpunished." Matt Griffin and the members of his group stepped forward in an effort to revitalize Seattle Center and Key Arena by helping keep NBA basketball in Seattle. As a result, he not only has incurred significant time and substantial expense in responding to a broad subpoena for arguably irrelevant documents, but now he has had to file motions and briefs in this Court in an attempt to secure the confidentiality protections that PBC promised it would observe. Neither the principals of PBC nor the City have the right or need to have access to the "attorneys only material" in Mr. Griffin's possession. PBC's motion to de-designate should be denied.

DATED this 28th day of April, 2008.

GRAHAM & DUNN PC

By /s/ K. Michael Fandel
K. Michael Fandel, WSBA# 16281
Email: mfandel@grahamdunn.com
Daniel J. Oates, WSBA# 39334
Email: doates@grahamdunn.com
Attorneys for Matt Griffin

RESPONSE TO DEFENDANT'S MOTION
TO ELIMINATE DESIGNATIONS
[REDACTED VERSION]-- 4
No. CV07-1620 MJP
M38719-1033183

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599