Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL BASKETBALL CLUB LLC, an Oklahoma limited liability company<br><br>Defendant. | No. C07-01620-MJP<br><br>CITY OF SEATTLE'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**MAY 5, 2008** |

## I. INTRODUCTION

Six days before the discovery cut-off, fifteen days before the expert witness disclosure deadline, and less than two months before the expedited trial date, defendant Professional Basketball Club LLC ("PBC") requests leave to amend its Answer and assert a counterclaim that would dramatically expand the scope of this litigation. PBC requested and received an expedited trial date based on its repeated representations that the only issue to be tried was the City's claim for specific performance. Now, PBC asks this Court to also decide the issue of damages.

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 1
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

City of Seattle v. Professional Basketball Club LLC    Doc. 39

Dockets.Justia.com

PBC's motion to amend is not the ministerial request PBC makes it out to be. The issue this Court may need to consider in resolving the City's equitable claim – whether damages can be calculated with reasonable certainty – is very different from what PBC is now requesting from this Court – a **definitive** declaration of the amount of damages to be paid to the City. To litigate the latter issue fully and fairly, the City would need to conduct additional, and broader, discovery and investigation, hire additional expert witnesses, and prepare for an entirely different kind of trial. The expedited trial date was premised on both parties' representations that there would be only one issue before the court: specific performance. PBC's attempt to expand the scope of trial at this late date would prejudice the City and should be denied for that reason alone.

Further, the City is entitled to a jury trial on any award of damages for PBC's breach of the KeyArena lease. The City has preserved its right to a jury trial on any issue properly tried to a jury, including the issue of damages. Thus, the Court could not grant the relief that PBC requests – a determination of damages by the Court, not a jury – under any circumstances.

The City respectfully requests that this Court deny PBC's motion for leave to amend. Alternatively, if the Court grants PBC's motion to amend, the City respectfully requests that trial of the City's claim and PBC's counterclaim be postponed for at least six months. If PBC had asserted its counterclaim at the beginning of this case, the City would likely have been granted at least that extra time to prepare for, and try to a jury, a multi-million dollar damages claim.

## II. STATEMENT OF FACTS

From the beginning of the litigation in this Court (and even in its arbitration demand), PBC repeatedly represented that the only issue for trial is the City's claim for specific

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 2
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

performance: "[The City: T]he case presents a single issue – whether the City is entitled to specific performance under the Lease ... [The PBC:] The PBC agrees." Joint Status Report, p. 9 (Declaration of Jonathan H. Harrison in Support of City of Seattle's Opposition to Defendant's Motion to Amend Answer ("Harrison Decl."), Ex. 1). PBC attorney Brad Keller represented that there was only a single, equitable claim at issue:

> The single issue that this case presents is whether the City, the landlord of Key Arena, is entitled to specific performance of the last two seasons under the lease, specific performance that would require the Sonics to play out their home games at Key Arena, or whether a court, sitting in equity, as your Honor will be doing, deciding a specific performance claim, whether the Court would deny specific performance under these circumstances and limit the City to its contractual right to be paid the rent.

Transcript of January 29, 2008 Scheduling Conference, p. 6 (Harrison Decl., Ex. 2). Mr. Keller, for PBC, also represented that only limited discovery was necessary because the only claim at issue was the City's specific performance claim:

> But whether this case is a three day or a four-day trial, or a six or a seven-day bench trial, the number of witnesses really is modest and the issues are not complex. This case has been pending for over three and a half months, since early October. There really isn't a whole lot of discovery to do. Maybe a half a dozen or so fact witnesses and some experts and the case is ready.

*Id.* at 9. Contrary to its prior representations, PBC now asks this Court to decide in the June trial a different, non-equitable issue: to what determinative amount of damages would the City be entitled if PBC breaches the KeyArena Lease?

The City has prepared for trial of the equitable issue of whether damages can be measured with reasonable certainty. It has not attempted to establish, or conduct the discovery necessary to establish, what any determinative amount of damages would be. Indeed, the difficulty of determining the exact amount of damages is one of the reasons the City seeks specific performance.

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 3
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

The City has an expert economist who is prepared to testify about the various models that exist to measure non-economic damages, and who will further testify about how hard it is to quantify non-economic damages. The City has not asked its expert, or anyone, to quantify these damages, because there has not been enough time, and – by explicit agreement of the parties – this has not been part of the trial for which the City has been preparing on an expedited schedule. Additionally, undertaking a more detailed analysis would be extremely expensive, and completely unnecessary, if the City prevails on its specific performance claim. If the City is required to litigate a damages phase as part of this matter, however, the City will have to undertake this additional work on damages.

The deadline for the close of fact discovery and disclosure of initial expert reports will have passed by the time this Court decides PBC's motion. Trial itself is less than two months away. If PBC's last-minute motion for leave to amend were granted, the City would be prevented from obtaining necessary discovery, timely retaining experts or adequately preparing for an expedited jury trial on the issue of damages.

### III. ARGUMENT

#### A. Legal Standards Governing the Amendment of Pleadings.

While FRCP 15(a) states that leave to amend "shall be freely given when justice so requires," leave to amend is not automatically granted. Leave to amend can be denied where there is a justifying reason. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). Before "deciding whether justice requires granting leave to amend," courts first determine whether any bases for denying the amendment exist. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Ninth Circuit has integrated these threshold considerations in its FRCP 15(a) analysis: "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3)

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 4
Case No C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The fifth consideration is not at issue here, but each of the first four is.

Prejudice is the central point of inquiry under FRCP 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Changing the nature of the case at this late date would prejudice the City. Further, PBC's decision to wait until the last minute to file its motion for leave to amend is bad faith and undue delay.

Finally, PBC's motion to amend is futile. The City is entitled to jury trial on the issue of damages. PBC's request that this Court decide the amount of damages, therefore, cannot be granted under any circumstances.

### B. PBC's Last-Minute Amendment Would Dramatically Expand the Scope of this Litigation, Prejudicing the City's Ability to Prepare Its Case Before the Expedited Trial Date.

Contrary to PBC's representation, granting its motion for leave to amend would change the entire nature of this litigation and dramatically expand its scope. PBC has known from the beginning that, if the City's claim for specific performance were denied, the City's claim for damages would be litigated afterward. Now, at virtually the last minute, PBC seeks leave to amend to have an actual quantum of damages decided now. In light of the limited time remaining before trial (and the close of factual discovery), granting PBC's unduly delayed request to expand the scope of this litigation would be unfairly prejudicial to the City.

#### 1. As Narrowed by Discovery, this Lawsuit Will Require the Court to Resolve Only a Minimum Number of Discrete Issues.

Currently, the City seeks a declaration from this Court that it is entitled to specific performance of the Lease.

- It is undisputed that there is a valid, binding contract (the Lease); that the Lease's

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 5
Case No. C07-1620-MJP

K:\2065932\00001\20880_MDJ\20880P20OM

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

terms are definite and certain (PBC must play Sonics home games at KeyArena through the 2009-10 season); that PBC has threatened to breach the Lease (by relocating the Sonics to Oklahoma City this fall); that the Lease contains a specific performance clause, and that the Lease is free from unfairness, fraud, and overreaching. *See Crafts v. Pitts*, 162 P.3d 382, 386 (Wash. 2007) (listing relevant factors stating the availability of specific performance as a remedy).

- Since filing its arbitration demand, PBC has argued that to comply with the Lease would allegedly cause it undue hardship. PBC has now agreed that undue hardship is not an issue for PBC's owners.

- As a result, the only major issue left for this Court to decide is whether damages are an adequate remedy for the City's harm. *Crafts*, 162 P.3d at 386. If they are not, the City is entitled to specific performance (subject to resolution of any other defenses asserted by PBC). *Id.*

To determine if damages are an adequate remedy, the legal considerations are (a) whether the Sonics are unique, such that it would be difficult for the City to obtain a suitable substitute for the Sonics as a tenant, or (b) whether the City's damages would be difficult to prove with reasonable certainty. *Id.* If either is true, PBC should be required to specifically perform its contractual promise. *Id.* This is because if the City cannot procure a suitable substitute tenant, or if the City's damages would be difficult to prove with reasonable certainty, then no remedy at law is as "*plain, adequate, complete and efficient as the remedy of specific performance . . . .*" *Id.* at 388 (quotation and citation omitted) (emphasis in original).

PBC completely ignores the first issue: whether the City can procure a suitable substitute tenant for the Sonics. The City expects to prove at trial that the Sonics are a unique

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 6
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

tenant, which bring unique benefits to the community of which they have been part for 41 years. This issue alone will likely prove sufficient to entitle the City to specific performance. Determining whether damages can be proved with reasonable certainty (much less the amount of damages) may, therefore, very well be unnecessary.

### 2. PBC's Request for Leave to Amend Would Require Determining an Actual Quantum of Damages – a Different and Broader Issue than Whether Damages Could Be Determined With Reasonable Certainty.

Because the City may be entitled to judgment in its favor on other grounds, this Court might not even need to evaluate whether damages would be difficult to prove with reasonable certainty. If it does, however, determining whether damages are measurable is a far cry from what PBC asks in its motion – to decide what an appropriate measure of damages would be. Whether damages can be quantified with reasonable certainty is one question. What the quantum of damages would be is a different question. Trying the latter issue would require the City to present different, and substantially more, evidence than whether the measure can be quantified with reasonable certainty. PBC cannot fairly wait until the close of factual discovery and then assert a counterclaim that would change the entire nature of the case.

PBC's suggestion that determining the amount of damages would involve a *de minimus* inquiry into the amount of rent is simply false. The scope of the City's damages are far larger than rent due. The City would be entitled to the full scope of the consequential damages of PBC's breach. *See Family Med. Bldg., Inc. v. State, Dep't of Social & Health Servs.*, 702 P.2d 459, 464 (Wash. 1985). Establishing the amount of these damages would require evidence on issues including the broad economic impact of the Sonics on the City of Seattle. Such a measure may include taxes on both the direct and indirect economic activity related to the Sonics' games, including employment taxes, parking revenues, and entertainment and related spending before and after games.

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 7
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

### 3. The City Will Suffer Undue Prejudice if It is Required to Try the Issue of Damages on an Expedited Basis Without the Chance to Conduct Full Discovery.

Prejudice is the central point of inquiry under FRCP 15(a). *Eminence Capital*, 316 F.3d at 1052. If the non-moving party suffers prejudice as a result of a motion to amend, the motion should be denied. *Id.* New claims unduly prejudice the non-moving party if brought after the discovery deadline. *See e.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Bringing a claim six days before the close of fact discovery is no different and equally prejudicial.

A recent Seventh Circuit case, which involved facts very similar to those presented here, is illustrative. In *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843 (7th Cir. 2002), the Seventh Circuit held that a trial judge properly denied a defendant's motion to amend its answer based on undue prejudice to the plaintiff. Defendant Campania Management Company ("Campania") filed a motion to amend its answer "a mere six days before the date for the close of discovery." *Id.* at 846. The motion was brought slightly over two months before trial. *Id.* at 846-47. The court held that the plaintiff would suffer prejudice due to the untimely motion. *Id.* at 849. The parties had not conducted discovery on the subject and the amendment would have complicated an otherwise straightforward case. *Id.* at 850. The court held that denial of the "motion to amend was proper because Campania failed to act with diligence and the proposed amendment would have injected a new issue into the case on the eve of trial." *Id.* at 848. Additionally, Campania's proposed amendment represented an attempt to reverse its prior positioning in order to change its trial strategy. *Id.* at 846-47.[1] PBC's motion to amend, similarly, attempts to introduce a new counterclaim at

---

[1] Moreover, the court noted that where an amendment would cause additional discovery costs, the moving party must offer to reimburse the nonmoving party for its expenses, which Campania had not done. *Id.* at 849.

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 8
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

the last minute that changes the nature of the case. It should be denied.

### 4. PBC's Last-Minute Motion to Amend is Unduly Delayed and in Bad Faith.

There is no new evidence that PBC obtained during discovery that would justify bringing this new and different counterclaim two months before an already expedited trial date. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding a trial court's denial of a motion to amend where the facts underlying the new claim were long known to the party). The fact that damages might be at issue (if specific performance is denied) has always been known. The Ninth Circuit has held that "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original [pleading], the motion to amend may be denied." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)). PBC made a tactical decision to seek an expedited trial on a single issue: the City's specific performance claim. It cannot at the last minute revise its tactics to broaden the scope of issues being tried.

### C. PBC's Proposed Amendment Would Require a Jury Trial on Damages.

PBC's motion for leave to amend should be denied for an additional reason – it is futile, because the amount of damages for breach of a contract must be determined by a jury, not this Court. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347-48, 352-54 (1998) (damages in a common law claim must ultimately be tried to a jury). A declaratory judgment by this Court as to what damages are in this suit would be *res judicata*. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 623 F. Supp. 1466, 1473 (W.D. Wash. 1985). Such a decision would improperly deny the City its right to a jury trial on damages. *See Lytle v*

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 9
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P2OOM

*Household Mfg., Inc.*, 494 U.S. 545, 550-51 (1990). The City properly preserved its right to a jury trial, if this case ultimately encompassed claims other than the equitable issue of specific performance. Jury Demand (Harrison Decl., Ex. 3). Thus, PBC is asking for relief it is by definition not entitled to. If damages are tried, they must be tried to a jury.

### D. If PBC's Motion to Amend Is Granted, Trial Should Be Postponed and Bifurcated.

If the Court allows PBC's amendment, the City requests that trial be postponed for at least six months.[2] A jury trial on the City's multi-million dollar damages claim is qualitatively different from this Court's trial of the City's declaratory judgment action for equitable relief. Under ordinary circumstances, jury trial in such a case would not be scheduled for well over a year from the scheduling conference. PBC claimed that the issue of specific performance needed to be decided on an expedited basis so that it would be able, as a practical matter, to relocate to Oklahoma City, if this Court ruled that specific performance was not required. If PBC prefers to wait until a quantum of damages is decided before relocating, it can do so. What it cannot do is force the City to try the issue of damages on an expedited basis for the convenience of PBC.

Further, if this Court grants leave to amend and sets over the trial date, the City requests that the issues of specific performance and damages be bifurcated at that trial. Bifurcation will conserve the resources of the parties and the Court. For reasons of efficiency, this Court can properly decide the City's equitable claim for specific performance first and then – if necessary – send the issue of damages to a jury. Fed. R. Civ. P. 42(b); *see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170-71 (9th Cir. 1989).

---

[2] If Amendment is not granted, the City remains prepared to try the declaratory judgment action on its specific performance claim as currently scheduled.

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 10
Case No. C07-1620-MJP

K:\2065932\00001\20880_MDJ\20880P20OM

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## IV. CONCLUSION

The City cannot fairly prepare for a jury trial on a new issue, damages, after the deadline for fact discovery has passed, on the eve of expert report disclosures, and less than two months before trial. PBC repeatedly represented that an expedited trial should be granted because there was only one issue to be tried: the City's request for specific performance. PBC now attempts to introduce a new issue at the latest possible date. PBC's motion should be denied as prejudicial, unduly delayed, and in bad faith. Further, PBC's motion for leave to amend must be denied, because PBC asks this Court to decide an issue that has been reserved to a jury.

If PBC's motion to amend is granted, the trial date should, in fairness, be postponed for at least six months, and the issues of specific performance and damages should be bifurcated at that trial.

DATED this 30th day of April, 2008.

| | |
|---|---|
| KIRKPATRICK & LOCKHART<br>PRESTON GATES & ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
| By: _s/ Jeffrey C. Johnson_<br>    Slade Gorton, WSBA No. 20<br>    Paul J. Lawrence, WSBA No. 13557<br>    Jeffrey C. Johnson, WSBA No. 23066<br>    Jonathan H. Harrison, WSBA No. 31390<br>    Michelle Jensen, WSBA No. 36611<br><br>Attorneys for Plaintiff City of Seattle | By: _s/ Gregory C. Narver_<br>    Gregory C. Narver, WSBA No. 18127<br>    Assistant City Attorney<br><br>Attorneys for Plaintiff City of Seattle |

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 11
Case No. C07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20OM

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all interested parties registered for e-filing.

Dated: April 30, 2008

Signed: s/ Jonathan H. Harrison

CITY OF SEATTLE'S OPPOSITION
TO DEFENDANT'S MOTION
TO AMEND ANSWER - 12
Case No. C07-1620-MJP

K:\2065932\00001\20880_MDJ\20880P20OM

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022