| | |
|---|---|
| | The Honorable Marsha J. Pechman |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city, ) | No. C07-1620MJP |
| ) | |
| Plaintiff, ) | DEFENDANT'S REPLY IN SUPPORT OF |
| ) | MOTION TO (i) ELIMINATE |
| v. ) | ATTORNEY'S EYES ONLY ("AEO") |
| ) | DESIGNATIONS AND ELIMINATE |
| THE PROFESSIONAL BASKETBALL CLUB,) | IMPROPER PRIVILEGE REDACTIONS; |
| LLC, an Oklahoma limited liability company, ) | (ii) SEAL DOCUMENTS PENDING |
| ) | RULING ON AEO STATUS, and (iii) |
| Defendant. ) | ELIMINATE TEN-DAY WAITING |
| ) | PERIOD |
| ) | |
| ) | NOTE ON MOTION CALENDAR: |
| ) | May 2, 2008 |

**[REDACTED VERSION]**

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i)
ELIMINATE AEO DESIGNATIONS & ELIMINATE IMPROPER
PRIVILEGE REDACTIONS; (ii) SEAL DOCUMENTS PENDING
RULING ON AEO STATUS, and (iii) ELIMINATE TEN-DAY
WAITING PERIOD [REDACTED VERSION] (C07-1620MJP)

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Dockets.Justia.com

## I. Introduction

Griffin has not met the heavy burden necessary to establish AEO or confidential treatment for the documents. He has not identified a single document for which AEO or confidential status is warranted. He only claims in generalities that the documents reflect good faith business efforts. Nothing could be further from the truth. Particularly based on over a thousand additional documents Griffin just produced (also nearly blanket AEO/Confidential), it is clear that the plan from the start was to use this litigation to create financial bleeding for the PBC to force them to sell to Griffin's group. This scheme was jointly developed by the City, Griffin, and K&L Gates, which until just a few weeks ago represented both the City and the Griffin group.

The AEO designations were an effort to conceal the dealings among these three, and part of a broader effort to, as Griffin wrote in an email, keep his documents ["■■■■"].[1] Moreover, it was just learned that the original AEO designations and redactions were not done by Griffin's current lawyers, but by K&L Gates. It is unclear whether they did this in their role as the City's lawyers or as Griffin's lawyers.

## II. The AEO Designations Are Part of a Broader Plan to Thwart Disclosure

The documents just obtained also confirm that the AEO designations are part of a broader effort to conceal the documents. We now know that Griffin intentionally delayed producing them with the hope of concealing them. Here is what he told his partners, Ballmer and Stanton:



Incredibly, Griffin testified that he does not know what he meant when he wrote about ["■■■■■"] and keeping the documents ["■■■■"] even though he wrote this less than four weeks ago.[3] He now says his mind is a ["■■■■"] on these issues.[4]

---

[1] Bracketed material indicates language that is redacted from the public version filed with the Court.
[2] Ex. 1.
[3] Ex. 2, April 29, 2008, Griffin Dep. at 3-5.
[4] Ex. 3 is a CD showing this testimony, which lasts approximately 90 seconds, and will be hand delivered to the Clerk for filing under seal and to all counsel.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i) ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and (iii) ELIMINATE TEN-DAY WAITING PERIOD **[REDACTED VERSION]** (C07-1620MJP) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### III. Griffin Has Not Met His Heavy Burden

A party seeking court-sanctioned secrecy for documents has a heavy burden, and such treatment is reserved for truly sensitive material where disclosures could cause demonstrable harm or damage. The burden is on the party seeking secrecy to establish the need for AEO and/or confidential status for each document for which such protection is sought. Here, Griffin does not identify a single page for which he seeks AEO or confidential treatment, or offer any specific justifications for any specific document. He offers instead only vague generalizations, claiming the documents deal exclusively with "the good faith business efforts" of a "consortium of local civic-minded businessmen" who offered to contribute money to update KeyArena and "help keep the NBA in Seattle." As detailed below, these characterizations are not remotely accurate.

### IV. The PBC Is Prejudiced by the AEO Designations

The AEO status is prejudicing the PBC. Although the protective order provides that the PBC is entitled to view AEO materials, Griffin claimed the protective order entered by the court was insufficient. He refused to produce any documents unless, pending court review, the PBC agreed that (i) only certain of its lawyers could see AEO material, and (ii) the PBC's principals could not see it. The PBC accepted this condition because otherwise there would have been significant delay in obtaining the documents.[5] The PBC has honored this commitment pending the Court's review. Accordingly, PBC's counsel cannot advise its client about the contents of these documents. Given what they reveal about the City's lack of clean hands (see below), it is essential that counsel be permitted to share these documents with the PBC as it prepares for the impending trial. As matters presently stand, PBC's counsel's hands are tied. They cannot advise their client and effectively prepare for trial, or even disclose and discuss various details of the defense.

---

[5] We now know, of course, that this was Griffin's express goal.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i) ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and (iii) ELIMINATE TEN-DAY WAITING PERIOD [REDACTED VERSION] (C07-1620MJP) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### V. Griffin Will Not Be Prejudiced By Lifting the Designations

Griffin says that revealing AEO confidential documents to the City might give the City some undefined "unfair advantage" in unidentified future dealings. But the City already knows the information in the documents. How? Because of Griffin's decision to use the same lawyers as the City. In fact, the City's lawyers *wrote* many of the documents that Griffin now claims must be designated AEO to prevent the City from gaining an unfair economic advantage.[6]

Likewise, there is no potential for future competitive disadvantage vis-a-vis the PBC. Griffin abandoned the effort to purchase the Sonics after both the State and the City were unwilling to contribute funding to renovate KeyArena. As Griffin wrote to his partner, Steve Ballmer, on March 30, 2008:

[7]

And the argument that AEO status is necessary because the PBC still might sell to Griffin is not well founded. The PBC is contractually bound to have the Sonics play in Oklahoma City as soon as permitted under this Court's ruling. There is a signed lease with Oklahoma City; Oklahoma City voters overwhelmingly passed a tax extension to fund $120 million in improvements for Ford Center where the team will play; the State of Oklahoma passed legislation to facilitate the move; and the NBA Board of Governors has approved the move pending this Court's ruling.

### VI. Mr. Bennett Made No Deal With Griffin's Group; He Didn't Even Know It Existed.

Griffin claims that in late March 2008, Mr. Bennett expressed regret that as a result of documents the PBC was providing to the City, the Griffin group's efforts would be exposed. The email cited as proof of this says no such thing. In fact, Bennett was referring to supposedly private conversations between Bennett and Steve Ballmer. Those conversations actually started back during early 2007 when Ballmer was providing input to Bennett on the legislative efforts to

---

[6] Ex. 4.
[7] Ex. 1.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i)
ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and
(iii) ELIMINATE TEN-DAY WAITING PERIOD [REDACTED
VERSION] (C07-1620MJP) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

obtain arena financing. Ballmer asked that those conversations be kept "fairly private." When those private conversations continued more recently, Bennett was unaware that Ballmer was, at the same time, working with Griffin, et al., to hopefully buy the team out from under Bennett.

### VII. The PBC Satisfied Its Meet and Confer Obligation

This lawsuit is moving on a fast track. When the documents were produced, the PBC asked Griffin's lawyers to remove the AEO designations, which were clearly unwarranted. They declined. The PBC scheduled a telephone conference; Griffin's lawyers did not take the call. Per the terms of the protective order, the PBC filed a motion. The filing of the motion did not deprive Griffin of the ability to subsequently remove the AEO designations. He chose not to, presumably as part of the broader plan to delay production and keep his documents in the dark. The argument that he needed more time to study the issues associated with the documents was simply one more aspect of that plan.

### VIII. The Documents Do Not Reflect Good Faith Business Efforts, Much Less Any Other Legitimately Confidential Issue or Laudable Conduct

Unless times have changed, the documents cannot fairly be deemed the product of "civic minded businessmen." They instead reveal a scheme, conceived by the City, Griffin and K&L Gates, to use this litigation and specific performance to bleed the PBC so it would sell to Griffin's group.

The new documents show that Griffin was [" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ."][8]

Likewise, here is what City lawyer Slade Gorton wrote on December 18, 2007:

[ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ]

. . . .

[ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .][9]

---

[8] Ex. 5 at ¶ 4.d.iii. In his deposition, Mr. Griffin said he does not know what he meant when he used the phrase [" ▮▮▮▮▮▮▮▮▮▮ ."]
[9] Ex. 6 (emphases added).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i) ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and (iii) ELIMINATE TEN-DAY WAITING PERIOD [REDACTED VERSION] (C07-1620MJP) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

The AEO documents also address how the City, K&L Gates, and Griffin sought to obtain $300 million to renovate KeyArena. They detail lobbying efforts with local and state government officials.[10] This does not warrant either AEO or confidential status. Given that the City was involved, it is hard to understand how efforts to lobby city and state officials can be deemed AEO or "confidential."

The PBC's opening brief also explained that Griffin had somehow obtained confidential internal Sonics/NBA financial statements. The new documents show that they were obtained from [▮▮▮▮▮▮▮▮], a former PBC executive. [▮▮▮▮] was contractually bound not to disclose the documents, which belong to the PBC. Nevertheless, as Griffin explained in an email to Ballmer:

> [▮▮▮] faxed the income statement for the Sonics compared to the league average, high, and low.[11]

[▮▮▮▮], although not a lawyer, has been a key player in the strategy to drive a wedge between the NBA and the Sonics. [▮▮▮▮], who bragged of having a "deep throat" within the NBA,[12] was brought into the fold by Slade Gorton. Based on his claimed connections, [▮▮▮▮] was tasked with creating discord between the NBA and the PBC. Here was his mission:

[13]

Perhaps not surprisingly, K&L Gates recently became concerned that [▮▮▮▮▮] activities might surface, along with the efforts of Gorton's ex aide, [▮▮▮▮▮▮▮], another "civic minded businessman."[14] Here is what K&L Gates lawyer Gerry Johnson wrote to [▮▮▮▮▮]:



---

[10] Ex. 7.
[11] Ex. 8.
[12] Ex. 9.
[13] Ex. 10.
[14] [▮▮▮▮▮▮] was one of the originators of the "bleed the Oklahoman's" strategy.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i) ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and (iii) ELIMINATE TEN-DAY WAITING PERIOD [REDACTED VERSION] (C07-1620MJP) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

[████████████████████████████████████████]¹⁵

The problem with the "cover" strategy is that as Matt Griffin testified, neither [████] nor [██████] were acting as advisors to the prospective new ownership group. So, as added "cover," K&L Gates recently claimed that [██████] documents are not discoverable because he is a "non-testifying expert." For his part, [████] has objected to producing documents in response to a subpoena. Through K&L Gates, he claims work product privilege. He has also, however, delayed his deposition, now claiming he needs independent counsel (he does).

The newest documents also reveal an embarrassing web of conflicts. K&L Gates has been representing both the City and Griffin. It represents the City in this litigation and in some of the city's dealings with Griffin. It represents Griffin in attempting to buy the team, and in some of his negotiations with the City. At some times (e.g., lease terms), K&L Gates negotiated with the City on behalf of Griffin. At other times, it switched hats and negotiated with Griffin on behalf of the City (e.g., how much of the $300 million Griffin would contribute to a remodeled arena). Rounding out the picture, K&L Gates formerly represented the Sonics.¹⁶ With a nod to a bygone era, it appears that K&L Gates represents "the situation."

Other types of materials improperly designated AEO include:



- [████████████████████████████████████████]¹⁷
- [████████████████████████████████████████]¹⁸
- [████████████████████]¹⁹
- [████████████]²⁰

---

¹⁵ Ex. 11 (emphasis added).
¹⁶ In that capacity, K&L Gates concluded that the Sonics' lease that it now seeks to specifically enforce was "the worst in the league" and that an NBA team "could not be competitive in KeyArena."
¹⁷ Ex. 12.
¹⁸ Ex. 13
¹⁹ Ex. 14.
²⁰ Ex. 15.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i) ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and (iii) ELIMINATE TEN-DAY WAITING PERIOD [REDACTED VERSION] (C07-1620MJP) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

| 1 | Griffin may not want any of this material to surface, preferring to keep it "in the dark." |
| 2 | Bluntly, it is presumptuous to expect that documents generated by a partnership between a |
| 3 | landlord and a prospective tenant, sharing lawyers, intending to bleed the existing tenant into a |
| 4 | sale, are entitled to court-endorsed secrecy. |

### IX. Conclusion

The AEO and confidential documents are not the type of sensitive commercial information for which court-sanctioned secrecy is warranted. The documents instead chronicle an unseemly alliance among K&L Gates, the City, and Griffin to use this Court's equity powers for an improper purpose. The AEO and confidential designations on the Griffin materials should be lifted.

DATED this 2nd day of May, 2008.

BYRNES & KELLER LLP

By: /s/ Paul R. Taylor
Bradley S. Keller, WSBA #10665
Paul R. Taylor, WSBA #14851
Steven C. Minson, WSBA #30974
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone:(206) 622-2000
Facsimile: (206) 622-2522
Email:   bkeller@byrneskeller.com
         ptaylor@byrneskeller.com
         sminson@byrneskeller.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i)
ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and
(iii) ELIMINATE TEN-DAY WAITING PERIOD [REDACTED
VERSION] (C07-1620MJP) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Thomas A. Carr (thomas.carr@seattle.gov)
>Gregory C. Narver (gregory.narver@seattle.gov)
>Seattle City Attorney
>600 Fourth Avenue, 4th Floor
>P.O. Box 94769
>Seattle, WA 98124-4769
>
>Slade Gorton (slade.gorton@klgates.com)
>Paul J. Lawrence (paul.lawrence@klgates.com)
>Jeffrey C. Johnson (jeff.johnson@klgates.com)
>Michelle Jensen (michelle.jensen@klgates.com)
>K&L Gates
>925 4th Avenue, Suite 2900
>Seattle, WA 98104
>
>K. Michael Fandel (mfandel@grahamdunn.com)
>Graham & Dunn PC
>Pier 70
>2801 Alaskan Way ~ Suite 300
>Seattle, WA 98121-1128

>/s/ Paul R. Taylor
>Paul R. Taylor, WSBA #14851
>Byrnes & Keller LLP
>1000 Second Avenue, 38th Floor
>Seattle, WA 98104
>Telephone: (206) 622-2000
>Facsimile: (206) 622-2522
>ptaylor@byrneskeller.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (i) ELIMINATE AEO DESIGNATIONS; (ii) SEAL DOCUMENTS and (iii) ELIMINATE TEN-DAY WAITING PERIOD [REDACTED VERSION] (C07-1620MJP) - 8

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000