UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>Plaintiff,<br><br>v.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>Defendant. | Case No. C07-1620MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO AMEND ANSWER AND GRANTING DEFENDANT'S MOTION TO SEAL SUPPLEMENTAL DECLARATION |

This matter comes before the Court on Defendant's motion to amend its answer. (Dkt. No. 32.) After reviewing the motion, Plaintiff's response (Dkt. No. 39), Defendant's reply (Dkt. No. 47), and all papers submitted in support thereof, the Court DENIES Defendant's motion to amend. The Court GRANTS Defendant's motion to seal its supplemental declaration in support of its reply. (Dkt. No. 49.) The Court's reasoning is set forth below.

**Background**

On January 29, 2008, the parties participated in a scheduling conference with the Court. (See Dkt. No. 10.) At that time, Defendant acknowledged that this action involves a single declaratory issue to be decided by the Court. (Dkt. No. 41, at 6 ("[t]he single issue that this case presents is whether the City ... is entitled to specific performance of the last two seasons under the lease").) The parties also agreed that an expedited trial schedule was appropriate and Defendant sought "the earliest possible trial date." (Id. at 7.) On the parties' representations, the Court scheduled a six-day bench trial to begin on June 16, 2008. (Dkt. No. 12.)

ORDER — 1

## Analysis

Defendant now seeks leave to amend its answer and assert a counterclaim for declaratory relief regarding calculation of the City's damages in the event specific performance is found to be improper. (Dkt. No. 32, at 2.) Leave to amend is not appropriate when it would result in prejudice to the opposing party. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The parties have been conducting discovery on the understanding that there is only one viable issue in this litigation – whether the City is entitled to specific performance. Now, six weeks before trial, Defendant seeks to expand the scope of the issue to be heard by the Court. Defendant does not offer any reason why the counterclaim could not have been brought in the original pleadings. In light of the accelerated trial schedule, granted at Defendant's request, the Court finds that Defendant's proposed amendment would be prejudicial to the City's development of discovery in this case.

## Conclusion

At the scheduling conference in January, both sides represented that they would be ready to try the case on the pleadings presented. The Court finds that Defendant's proposed amendment to those pleadings would result in prejudice to Plaintiff. Defendant's motion for leave to amend its answer is DENIED. Additionally, the Court GRANTS Defendant's motion to seal its supplemental declaration pursuant to the Protective Order entered in this case on March 13, 2008 (Dkt. No. 17).

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: May 6, 2008.

Marsha J. Pechman
U.S. District Judge

ORDER — 2