UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br><br>                    Plaintiff,<br><br>    v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC,<br><br>                    Defendant. | Case No. C07-1620MJP<br><br>ORDER DENYING DEFENDANT'S DISCOVERY MOTION |

This matter comes before the Court on Defendant's Motion to (i) Eliminate Attorney's Eyes Only ("AEO") Designations and Eliminate Improper Privilege Redactions, (ii) Seal Documents Pending Ruling on AEO Status, and (iii) Eliminate Ten-Day Waiting Period. (Dkt. No. 22.) Having considered the motion, response, reply, and all documents submitted in support, the Court DENIES Defendant's motion.

**Background**

On March 12, 2008, Defendant Professional Basketball Club, LLC ("PBC") served a subpoena upon Matt Griffin. PBC indicates that Mr. Griffin is the public spokesperson for a group seeking to purchase the Seattle Supersonics. In its subpoena, PBC requested documents related to the purchase of the Seattle Supersonics and the renovation of KeyArena. On March 27, 2008, Mr. Griffin initially responded by asserting various objections and requesting an entry of a protective order. On April 11, 2008, Mr. Griffin produced documents responsive to PBC's subpoena, designating a majority of the documents as "Attorney's Eyes Only" or "Confidential Material" pursuant to this Court's Protective Order Regarding Handling of Confidential and

ORDER - 1

Attorneys Only Material. (Dkt. No. 17.)

PBC argues that Mr. Griffin's designations are meritless and seeks an Order from this Court: (i) lifting any claimed "Attorney's Eyes Only" designations; (ii) compelling production of the documents without redactions; and (iii) relieving PBC from the Protective Order's ten-day waiting period for bringing a challenge to a designation.

## Discussion

### I. Meet-and-Confer Requirements

Parties must make a good faith effort to confer on discovery disputes. Fed. R. Civ. P. 37(a)(1). This Court requires that such good faith conference be either face-to-face or by telephone. Local Rule CR 37(a)(2)(A). A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(1). PBC did not submit a certification with its motion. The record shows that PBC failed to satisfy its meet-and-confer obligations under Local Rule 37:

> [a]fter reviewing Matt Griffin's documents on April 11-12, 2008, I challenged Griffin's AEO designations and redactions by email on April 12, 2008, and requested a telephone conference for 3:00 p.m., Monday, April 14, 2008. Counsel for Griffin were not available for that call and did not return a telephone message. After further exchange of email, it became clear on April 15 that the parties were at an impasse.

(Dkt. No. 23, Minson Decl., ¶ 7.) PBC filed its motion on April 16, 2008 without any further attempt to set up a telephone conference as required by the rules of this Court. See Local Rule CR 37(a)(2)(A). The Court finds that PBC did not make a good faith attempt to resolve this dispute and its motion is denied.

### II. Protective Order

PBC has also ignored the plain language of the Protective Order regarding the handling of confidential documents. (Dkt. No. 17.) The Protective Order, which PBC itself drafted and reviewed with the City of Seattle, expressly sets forth the procedures for challenging the propriety of a "Confidential Material" or "Attorneys Only Material" designation. The Protective Order

ORDER - 2

specifically states:

> In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing or third party written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, <u>such relief from the Court shall not be requested before ten (10) days after the producing party or third party is served with said written notice</u>[.]

(Dkt. No. 17, ¶ 11) (emphasis added).

PBC concedes that it has filed its motion prior to the termination of the ten-day period. (Dkt. No. 22 at 7.) Nevertheless, PBC requests relief from this requirement on the ground that a delay in resolving this issue will "considerably complicate" scheduled depositions. However, the Protective Order provides that information designated as "Attorneys Only Material" may be used for litigation purposes between the parties and "[a]ny person of whom testimony is taken . . . may [] be shown copies of 'Attorneys Only Material' in preparation for and during his testimony[.]" (Dkt. No. 17, ¶ 6.) As a result, the AEO designation does not impede discovery through depositions.

**Conclusion**

The Court DENIES Defendant's motion without prejudice. In the event that this dispute is not resolved by a good faith conference, the parties may present a unified filing in accord with Local Rule CR 37(a)(2)(B). The parties must explain why these documents' designations bear on the development of the legal issues to be litigated on June 16, 2008.

The documents filed under seal to support this motion shall remain sealed.

The clerk is directed to send a copy of this order to all counsel of record.

Dated: May 8, 2008.

*/s/ Marsha J. Pechman*

Marsha J. Pechman

U.S. District Judge

ORDER - 3