The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE, a first-class charter city,

Plaintiff,

v.

PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,

Defendant.

No. C07-01620-MJP

THE CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE STATEMENTS OF INDIVIDUAL SEATTLE CITY COUNCIL MEMBERS, TO THE EXTENT OFFERED AS ADMISSIONS PURPORTING TO BIND THE CITY

**Note on Motion Calendar:**

**June 6, 2008**

## I.     RELIEF REQUESTED

Plaintiff the City of Seattle ("City") respectfully requests this Court to exclude evidence of statements made by individual Seattle City Council members to the extent they are offered as admissions purporting to bind the City. Such statements, if offered, may only be admitted as non-binding opinion statements of individual legislators.

## II.     INTRODUCTION AND STATEMENT OF RELEVANT FACTS

The City's legislative and administrative departments played specific roles in the development, authorization, execution, and enforcement of the Premises Use & Occupancy

THE CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE STATEMENTS OF INDIVIDUAL SEATTLE CITY COUNCIL MEMBERS, TO THE EXTENT OFFERED AS ADMISSIONS PURPORTING TO BIND THE CITY - 1
Case No. C07-01620-MJP
K:\2065932\00001\20743_KLV\20743P20H1

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Dockets.Justia.com

Agreement Between the City of Seattle and SSI Sports, Inc. ("Lease").  Declaration of Jonathan Harrison in Support of the City of Seattle's Motions in Limine ("Harrison Decl."), Ex. D (Premises Use & Occupancy Agreement, March 2, 1994).  First, the Seattle City Council engaged in the necessary legislative action to authorize the Lease by passing Ordinance 117049 on February 14, 1994, which established that "the Mayor and the Director of Seattle Center" would enter into the Lease "on behalf of The City of Seattle."  Harrison Decl., Ex. H (Seattle City Council Ordinance 117049 at 1).  Second, Director of the Seattle Center, Virginia Anderson, engaged in the administrative actions authorized by the ordinance and executed the Lease on March 2, 1994.  Harrison Decl., Ex. D.  Third, upon execution of the Lease, the Mayor assumed responsibility to ensure the enforcement of the Lease.  *See* Harrison Decl., Ex. I (Seattle City Charter, Art. V, § 7).

Defendant Professional Basketball Club, LLC ("PBC") has issued subpoenas for the trial testimony of two individual Seattle City Council members, Nick Licata and Richard Conlin.  The City believes that PBC intends to offer the testimony of Seattle City Council members Nick Licata and Richard Conlin regarding the value of keeping the Sonics as a binding admission against the City.  Use of their testimony in that way would be improper.  Council members Licata and Conlin can testify as to their personal knowledge and experiences regarding the Lease and the Sonics.  Only the City Council acting pursuant to its legislative authority, however, can provide binding admissions on behalf of the City.

### III. ISSUE

Whether statements made by individual Seattle City Council members offered as binding admissions on behalf of the City should be excluded?

### IV. ARGUMENT

The Court should exclude the testimony of individual Seattle City Council members Nick Licata and Richard Conlin to the extent their testimony is offered as anything more than

THE CITY OF SEATTLE'S MOTION IN LIMINE
TO EXCLUDE STATEMENTS OF INDIVIDUAL
SEATTLE CITY COUNCIL MEMBERS, TO THE
EXTENT OFFERED AS ADMISSIONS
PURPORTING TO BIND THE CITY - 2
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20H1

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

personal opinion. The City Council's only means of binding the City is by enacting ordinances and other legislative acts, not through the testimony of individual council members.[1]

It is prejudicial error to allow testimony from a city official who purports "to speak for the town" unless the official has such authority through state law, city charters, or city ordinances. *Town of Othello v. Harder*, 284 P.2d 1099, 1103 (Wash. 1955). In *Town of Othello*, the Washington Supreme Court held that it was error to allow the mayor of Othello to testify regarding the city's plans for condemned property because "[n]o [… ordinances, bylaws, rules, regulations and resolutions] w[ere] offered in evidence in this case which empowered Mayor Wilson to speak for the town council and bind the town[.]" *Id*. *Town of Othello* made clear that the City Council "acting in its legislative capacity, expresses its will in the form of 'ordinances, bylaws, rules, regulations and resolutions'" and that an individual municipal official's authority to testify on behalf of the municipality must be authorized. *Id.* (quoting *Hotel Cecil Co. v. City of Seattle*, 177 P. 347 (Wash. 1918)); s*ee also City of Yakima v. Int'l Ass'n of Fire Fighters*, 818 P.2d 1076, 1087 (Wash. 1991) ("The affiant's statements regarding legislative intent are inadmissible, it being well settled that the legislature's intent in passing a particular bill cannot be shown by the affidavit of a legislator."). There is no state statute, Charter section, or city ordinance that permits individual members of the City Council to speak for the Council, let alone the City, on the issue of enforcement of the Lease. Rather, the City Council's views with respect to the Lease, and any other matter pertaining to the

---

[1] Although "federal courts sitting in diversity apply state substantive law and federal procedural law," Washington case law should either govern or be considered highly persuasive on the issue of whether city officials may testify on behalf of or bind a city. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) ("[S]tate evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity.") (citation omitted).

THE CITY OF SEATTLE'S MOTION IN LIMINE
TO EXCLUDE STATEMENTS OF INDIVIDUAL
SEATTLE CITY COUNCIL MEMBERS, TO THE
EXTENT OFFERED AS ADMISSIONS
PURPORTING TO BIND THE CITY - 3
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20H1

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

City's finances or property, are expressed solely through the enactment of ordinances. *See* Harrison Decl., Ex. I (Seattle City Charter, Art. IV, §§ 7, 14).

Ordinance 117049 authorized the Mayor, Deputy Mayor, and former Director of the Seattle Center Virginia Anderson to enter into the Lease "on behalf of The City," and Charter Article V, Section 7, provides:

> The Mayor shall see that all contracts and agreements made with the City or for its use and benefit are faithfully kept and performed and to this end he or she shall cause any legal or equitable proceedings to be instituted and prosecuted. And it is the duty of every officer of the City having knowledge that any contract with the City has been violated by the other contracting party, forthwith to report the fact to the Mayor.

Harrison Decl., Exs. H & I. In short, individual council members lack the authority to make binding admissions for the City in the form of testimony in this contract enforcement case. *Wash. Pub. Trust Advocates v. City of Spokane*, 86 P.3d 835, 839 (Wash. Ct. App. 2004) ("While the decision to undertake a major public project like downtown renovation is legislative, initiating and prosecuting litigation to determine specific rights, liabilities, and responsibilities concerning a particular project or city ordinance, such as the case here, are administrative decisions.").

Moreover, with respect to this litigation, the Seattle City Council has expressed its opinion through Seattle City Council Ordinance 122492. That Ordinance provides as follows:

> WHEREAS, on or about March 14, 1994, SSI and the City of Seattle executed the Premises Use & Occupancy Agreement, including a termination date of September 30, 2010; and
>
> …
>
> WHEREAS, the principal benefit the City of Seattle receives under the Premises & Use Agreement is the promise that the Seattle SuperSonics will play all of their home games at the KeyArena; and
>
> WHEREAS, the economic cost to the City of Seattle caused by the Seattle SuperSonics vacating the KeyArena earlier than the term provided for in the Premises Use & Occupancy Agreement is impossible to measure because of intangible factors such as goodwill, prestige, trade, commerce, and cultural and general economic benefit to the City; and

THE CITY OF SEATTLE'S MOTION IN LIMINE
TO EXCLUDE STATEMENTS OF INDIVIDUAL
SEATTLE CITY COUNCIL MEMBERS, TO THE
EXTENT OFFERED AS ADMISSIONS
PURPORTING TO BIND THE CITY - 4
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20H1

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> WHEREAS, the City Council must, by ordinance, approve any amendment to the Premises Use & Occupancy Agreement that would allow that Agreement to expire prior to September 30, 2010; NOW, THEREFORE,
>
> BE IT ORDAINED BY THE CITY OF SEATTLE AS FOLLOWS:
>
> Section 1. It is the City Council's intent not to propose or to enact any ordinance that would have the effect of approving any amendment to the Premises Use & Occupancy Agreement between the City of Seattle and The Professional Basketball Club, L.L.C. allowing the Seattle SuperSonics to vacate the KeyArena prior to September 30, 2010.

Harrison Decl., Ex. J (Seattle City Council Ordinance 122492). Through Ordinance 122492, which passed unanimously, the City's legislative branch expressed its views on the impacts of PBC's plans to vacate KeyArena prior to the term provided for in the Lease. *See Town of Othello*, 284 P.2d at 1103.

Rather than a binding admission of the City, any testimony or statements of individual council members must be viewed solely as an expression of their "personal opinion." For example, in *Chelan County Deputy Sheriffs' Ass'n v. County of Chelan*, the Washington Supreme Court held that the testimony of individual city council members and the mayor would not establish whether the city, as an employer, acted "willfully and with intent" to deprive a police officer of overtime wages because such testimony "constitutes nothing more than a statement of personal opinion":

> The City Council, as a body, had the authority to determine how much compensation employees would receive. There is no evidence in the record whatsoever that . . . the City Council reached a consensus that [plaintiff] had not been paid all the compensation to which he was legally entitled. . . . [T]he personal opinions of various individual Council members or other City officials are of limited value in determining the official position of the City Council, and, standing alone, are insufficient evidence to support the jury's answer to the interrogatory.

THE CITY OF SEATTLE'S MOTION IN LIMINE
TO EXCLUDE STATEMENTS OF INDIVIDUAL
SEATTLE CITY COUNCIL MEMBERS, TO THE
EXTENT OFFERED AS ADMISSIONS
PURPORTING TO BIND THE CITY - 5
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20H1

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

745 P.2d 1, 12 (Wash. 1987).[2] Thus, any testimony offered by Seattle City Council members Nick Licata or Richard Conlin must be viewed as "nothing more than a statement of personal opinion" and not binding admissions on behalf of the City.

## V. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant its Motion in Limine that statements made by individual Seattle City Council members are not binding admissions on behalf of the City, but rather non-binding statements of individual legislators.

DATED this 27th day of May, 2008.

| | |
|---|---|
| KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
| By: /s/ Paul J. Lawrence | Gregory C. Narver, WSBA No. 18127<br>Assistant City Attorney |
|   Slade Gorton, WSBA No. 20<br>  Paul J. Lawrence, WSBA No. 13557<br>  Jeffrey Johnson, WSBA No. 23066<br>  Jonathan Harrison, WSBA No. 31390<br>  Michelle Jensen, WSBA No. 36611 | Attorneys for Plaintiff City of Seattle |

Attorneys for Plaintiff City of Seattle

---

[2] The City recognizes that in some cases the testimony of individual legislators may be necessary to determine if the stated purpose of legislation was a pretext for a nefarious purpose, such as unlawful discrimination. *See, e.g., Jordan v. City of Oakville*, 720 P.2d 824, 830 (Wash. 1986) (considering deposition testimony of individual city council members regarding reasons for passing an ordinance that eliminated a position on the city police force). This exception to the general rule that testimony and statements of individual legislators may not be used to interpret legislative enactments is not relevant to this case.

THE CITY OF SEATTLE'S MOTION IN LIMINE
TO EXCLUDE STATEMENTS OF INDIVIDUAL
SEATTLE CITY COUNCIL MEMBERS, TO THE
EXTENT OFFERED AS ADMISSIONS
PURPORTING TO BIND THE CITY - 6
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20H1

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Bradley S. Keller
Mr. Paul R. Taylor
Byrnes & Keller LLP
1000 2nd Avenue
38th Floor
Seattle, WA 98104-1094

_____
Dawn M. Taylor, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. C07-01620-MJP

K:\2065932\00001\21032_PJL\21032P22HO

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022