The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>Defendant. | No. C07-01620-MJP<br><br>THE CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO SURVEY RESULTS<br><br>**Note on Motion Calendar:**<br><br>**June 6, 2008** |

## I.    RELIEF REQUESTED

Plaintiff the City of Seattle ("City") respectfully requests that this Court exclude any evidence offered by defendant Professional Basketball Club, LLC ("PBC") related to the results of a survey conducted by Field Research Corporation.

## II.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS

PBC hired Field Research Corporation, a San Francisco-based research firm, to conduct a public opinion survey after the onset of litigation (the "Field Survey"). Declaration of Jonathan Harrison in Support of the City of Seattle's Motions in Limine ("Harrison Decl."), Ex. A (*Survey of Adults in the Seattle Metropolitan Area and in the City of Seattle* (PBC 107175-107517)). According to PBC's expert, the "primary purpose of the Field

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 1
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20GZ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Survey was to determine whether it would make a difference to adults in the Seattle Metropolitan Area or in the City of Seattle if the SuperSonics were to leave Seattle." *Id*., PBC 107179; PBC 107200. The key survey question was: "Now, I would like to ask you what you think the impact would be on you, if any, if the following Seattle sports teams were to leave Seattle." *Id*., PBC 107189. Survey respondents were then asked the question, about various Seattle sports teams (including the Sonics), "Do you think that (a) you would be better off, (b) it would make no difference, or (c) you would be worse off if [TEAM] were to leave Seattle?" *Id*. The Field Survey results place the Sonics in the middle of the range of people reporting they would be "worse off" if teams left the region; higher than the Seattle Storm (professional women's basketball) and the Seattle Sounders (professional soccer) but lower than the Seattle Mariners (professional baseball) and Seattle Seahawks (professional football).[1] *Id*., PBC 107200.

The Field Survey report was authored by Ms. Deborah Jay, president and CEO of Field Research. *Id*., PBC 107183. PBC has disclosed Jay as a potential expert witness at trial.

### III. ISSUE

Whether evidence of PBC's purported survey of public opinion should be excluded as irrelevant to the availability of specific performance on the Lease?

### IV. ARGUMENT

This case presents a single and narrow question: is the City entitled to specifically enforce Article II of the Lease Agreement that requires PBC to schedule and play Sonics home games at KeyArena through the 2009-10 NBA Season? The Field Survey is irrelevant because it poses questions and purports to provide answers that do not address the issues in

---

[1] The Field Survey reports that 31% of adults in Seattle Metropolitan Area (roughly 750,000 people) and 33% of adults in City of Seattle (roughly 165,000 people) said they would be "worse off" if the Sonics left Seattle. *Id*., PBC 107200.

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 2
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20GZ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the case.[2]

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The test for relevancy is whether the evidence "in some degree advances the inquiry." 1 Kenneth S. Broun, *McCormick on Evidence* § 185 (6th ed. 2006). Exclusion of evidence is proper if it does "not deal specifically with the action at hand." *Wall Data Inc. v. Los Angeles County Sheriff's Dep't*, 447 F.3d 769, 782 (9th Cir. 2006). The Field Survey is only relevant if it bears on what is at issue in the City's specific performance claim or PBC's defenses.

The Field Survey, while asking questions about the Sonics, does not ask a question that properly addresses whether the City is entitled to specific performance of the last two years of the Lease. The availability of specific performance depends on the presence of a valid binding contract with definite and certain terms, the absence of unfairness, fraud, and overreaching in the contract, and an injury from the threatened breach of contract for which damages would be inadequate. *Crafts v. Pitts*, 162 P.3d 382, 386 (Wash. 2007). The Field Survey's conclusion that people have varying opinions about how the Sonics' departure might impact them is a *non sequitur* – the same could be said of any sports team or of any issue.

Even assuming a survey could be relevant to the availability of specific performance,

---

[2] "Treatment of surveys is a two-step process. First, is the survey admissible? That is, is there a proper foundation for admissibility, and is it relevant and conducted according to accepted principles? This threshold question may be determined by the judge. Once the survey is admitted, however, follow-on issues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility. These are issues for a jury or, in a bench trial, the judge." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001) (citations omitted). The City seeks in this motion in limine to exclude the Field Survey solely on the grounds of irrelevance. The City reserves the right, if the Field Survey is admitted, to challenge the weight the Survey should be given, including but not limited to its methodology, reliability and conclusions.

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 3
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20GZ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the answers elicited need to be sufficiently specific to relate to the matter at issue. In *United States v. Pryba*, 678 F. Supp. 1225, 1226-28 (E.D. Va. 1988), *aff'd*, 900 F.2d 748 (4th Cir. 1990) (adopting trial court's reasoning on survey analysis), the defendants were charged with racketeering in obscene materials and commissioned a public opinion survey to demonstrate the community's attitudes and standards in regards to sexually explicit materials. The district court excluded the survey after ruling it was not probative of the case. *Id.* at 1228-29. The court held that the survey was irrelevant because the questions asked were of a general nature concerning people's opinion of obscene materials and not specifically about the materials actually at issue. *Id.* at 1228-30.

Here, the Field Survey similarly asks very general questions. Respondents were asked: "Do you think that (a) you would be better off, (b) it would make no difference, or (c) you would be worse off if the Seattle SuperSonics or Sonics were to leave Seattle?" Harrison Decl., Ex. A, PBC 107189. A more pertinent question, however, might have been to ask respondents whether the presence of the Sonics in Seattle brings any benefits to the community that would be lost if the team moved to Oklahoma City for the final two seasons of the Lease. The results of such a survey might be helpful in showing community recognition of the tangible and intangible benefits the Sonics will bring by playing out their lease in Seattle.[3] Such benefits demonstrate an injury that cannot be adequately compensated by an award of damges.

Not only are the questions the Field Survey asks irrelevant, so is its conclusion that the Sonics compare disfavorably with the Seattle Mariners and Seattle Seahawks. Public support of sports teams ebbs and flows with a team's on-field or on-court success. The Field Survey was conducted when the Sonics were on their way to their worst record ever. (The results for

---

[3] The Field Survey, even with its flaws, actually shows that a significant number of local residents, roughly 160,000 residents of the City and 750,000 residents of the region, felt that the "impact" of the Sonics moving would leave them "worse off." *Id.*, PBC 107200. The individual responses from respondents confirm that the potential departure of the Sonics is an important issue to a significant portion of the regional population.

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 4
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20GZ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the Mariners, for example, likely would not be quite so favorable if the poll was redone today as they currently have the worst record in major league baseball.) The same question asked in the mid-1990s or in 2004-2005, when the Sonics were a playoff team, likely would have generated far different results. The final conclusion, though, is the same: survey questions of this nature are irrelevant to the Court's analysis of specific performance.

Finally, the Field Survey never acknowledges that it was conducted after PBC announced in September 2007 that it intended to move the Sonics to Oklahoma City. Harrison Decl., Ex. A, PBC 107179. The relative popularity of a franchise in the City at a certain date, but most especially after the owners have demanded a $500,000,000 publicly financed new arena and subsequently announced they intend to breach the lease and move the team, has no consequence on whether justice requires the Sonics fulfill its obligations under the Lease. In sum, PBC announced its intent to breach the Lease and now wants to use the Field Survey to point to the public's displeasure with that decision as support for breach.

## V. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant its Motion in Limine and exclude any evidence of PBC's Field Research Corporation Survey.

DATED this 27th day of May, 2008.

| KIRKPATRICK & LOCKHART PRESTON GATES ELLIS, LLP | THOMAS A. CARR Seattle City Attorney |
|---|---|
| By: /s/ Paul J. Lawrence | Gregory C. Narver, WSBA No. 18127 Assistant City Attorney |
| Slade Gorton, WSBA No. 20 Paul J. Lawrence, WSBA No. 13557 Jeffrey Johnson, WSBA No. 23066 Jonathan Harrison, WSBA No. 31390 Michelle Jensen, WSBA No. 36611 | Attorneys for Plaintiff City of Seattle |

Attorneys for Plaintiff City of Seattle

THE CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO SURVEY RESULTS - 5
Case No. C07-01620-MJP

K:\2065932\00001\20743_KLV\20743P20GZ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022