REDACTED

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>                       Plaintiff,<br><br>    v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>                       Defendant. | No. C07-1620 MJP<br><br>THE CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA<br><br>**Note on Motion Calendar:**<br><br>**June 6, 2008** |

## I.    RELIEF REQUESTED

The City of Seattle ("City") respectfully requests this Court exclude any evidence offered by the Professional Basketball Club, LLC ("PBC") that relates to what PBC did or did not do to obtain a "successor venue" to KeyArena. As PBC acknowledged, the instant action involves a single declaratory issue to be decided by this Court: whether the City is entitled to specific performance of Article II (Sonics home game scheduling) under the KeyArena Lease ("Lease").[1] Evidence regarding PBC's efforts to obtain a "successor venue" might be

---

[1] Order Denying Defendant's Motion to Amend Answer and Granting Defendant's Motion to Seal Supplemental Declaration (Docket No. 51), p. 1.

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF
DEFENDANT'S EFFORTS TO OBTAIN A
"SUCCESSOR VENUE" TO KEYARENA - 1
Case No. C07-1620 MJP
K:\2065932\00001\20743_KLV\20743P20H0

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

relevant to PBC's separate litigation with the Sonics' former owner, but it is not relevant to the City's claim for specific performance of the KeyArena Lease or any defenses to that claim that might be asserted by PBC.

## II. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

PBC purchased the Sonics from the Basketball Club of Seattle ("BCOS"). The Purchase Agreement required PBC to assume all of the BCOS obligations including those under the Premises Use & Occupancy Agreement ("Lease") with the City. Declaration of Jonathan Harrison in Support of the City of Seattle's Motions in Limine ("Harrison Decl."), Ex. B ("Sonics Purchase Agreement," Section 1.2). In a side letter to the Sonics Purchase Agreement, Clayton Bennett for PBC promised BCOS: "we will obviously assume all of BCOS' obligations regarding the [Lease] at closing and intend to honor those obligations just as the current ownership group has done." *Id.*, Ex. C ("Good Faith Letter"). Thereafter, as required by the Sonics Purchase Agreement and the Good Faith Letter, PBC expressly agreed to assume the Lease. The assumed Lease requires PBC to play all its home games in KeyArena through the 2009-2010 season. *Id.*, Ex. D (Lease, Section II, "Term; Use Period"). The Lease further provides that "The obligations of the parties to this Agreement are unique in nature; this Agreement may be specifically enforced by either party." *Id*. (Lease, Section XXVII.L.).

In buying the Sonics, PBC made other commitments directly to BCOS. For example, PBC contractually agreed with BCOS that it would "[f]or a period of 12 months after the Closing Date, . . . use good faith best efforts to negotiate an arena lease, purchase, use or similar arrangement in the King, Pierce or Snohomish Counties of Washington as a venue for the Teams' games, to be used as a successor venue to KeyArena[.]" *Id.*, Ex. B (Sonics

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF
DEFENDANT'S EFFORTS TO OBTAIN A
"SUCCESSOR VENUE" TO KEYARENA - 2
Case No. C07-1620 MJP

K:\2065932\00001\20743_KLV\20743P20H0

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Purchase Agreement, Section 5.3). In the Good Faith Letter, Bennett reaffirmed this good faith commitment to BCOS. *Id.*, Ex. C.

The City is not a party to the Sonics Purchase Agreement or the Good Faith Letter. PBC and BCOS currently are involved in separate litigation addressing PBC's conduct with respect to the sale, including whether it complied with its separate good faith obligations to BCOS. *See Basketball Club of Seattle, LLC v. Professional Basketball Club, LLC*, No. 08-CV-00623-MJP ("BCOS Lawsuit").

### III. ISSUE

Whether evidence of PBC's efforts to obtain a "successor venue" to KeyArena should be excluded when the only issue before the Court is the City's entitlement to specific performance of Article II of the Lease?

### IV. ARGUMENT

The availability of specific performance as an appropriate remedy depends on whether the parties have a valid, fair contract with definite and certain terms and whether damages will be an adequate remedy for PBC's threatened breach. *Crafts v. Pitts*, 162 P.3d 382, 386 (Wash. 2007). Thus, only evidence that makes an element of the City's specific performance claim or PBC's defenses more or less probable is relevant to this case. Evidence regarding a "successor venue to KeyArena" is not relevant to the City's claim for specific performance of the Lease through the last two years of its term.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The test for relevancy is whether the evidence "in some degree advances the inquiry." 1 Kenneth S. Broun, *McCormick on Evidence* § 185 (6th ed. 2006). Exclusion of evidence is proper if it does "not deal specifically with the action at hand." *Wall*

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF
DEFENDANT'S EFFORTS TO OBTAIN A
"SUCCESSOR VENUE" TO KEYARENA - 3
Case No. C07-1620 MJP

K:\2065932\00001\20743_KLV\20743P20H0

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   *Data Inc. v. Los Angeles County Sheriff's Dep't*, 447 F.3d 769, 782 (9th Cir. 2006).

2        What PBC did to obtain a "successor venue" is irrelevant to whether the Lease is valid, fair, or clear; whether damages are an adequate remedy for breach of the Lease; or whether PBC will incur "undue hardship" if it performs its obligations under the last two years of the Lease. Evidence regarding a successor venue relates instead to what might have happened after the term of the Lease ended.[2] Any "successor venue" would not have been available until after the expiration of the term of the Lease. Even if PBC had been successful in obtaining a new arena, that would not have changed its obligations under the Lease. Nor does the inability of PBC to obtain a "successor venue" relieve it of its obligations under the Lease. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, evidence regarding a "successor venue" is irrelevant to the question of what is the proper remedy for PBC's threatened breach of the Lease. Such evidence should be excluded.[3]

       Notably, the evidence does not become relevant to this case simply because it might be relevant to the separate BCOS Lawsuit. The Ninth Circuit decided a similar issue in *Wall Data*. In that case, the Ninth Circuit upheld the district court's exclusion of evidence that a licensing agreement was enforceable in a different case as irrelevant. 447 F.3d at 782-83.

---

[2] For example, the City anticipates PBC will seek to introduce evidence regarding such matters as meetings with legislators regarding a new arena. Such meetings are likely relevant to the BCOS lawsuit. *See, e.g.*, Harrison Decl., Ex. E (First Amended Complaint for Relief Arising Out of Fraud, Misrepresentation and Breach of Contract, filed in the BCOS Lawsuit on May 20, 2008, ¶ 19 (alleging that PBC breached its good faith obligations by "proposing an arena substantially exceeding the team's needs and requiring unprecedented amounts in public subsidies," and by insisting on terms that PBC "knew would be unacceptable to the Washington legislature")). However, they have absolutely nothing to do with the proper remedy for PBC's threatened breach of the Lease.

[3] The City reserves the right for either party to use such evidence to the extent it is relevant to the credibility of witnesses at trial.

---

THE CITY OF SEATTLE'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF
DEFENDANT'S EFFORTS TO OBTAIN A
"SUCCESSOR VENUE" TO KEYARENA - 4
Case No. C07-1620 MJP

K:\2065932\00001\20743_KLV\20743P20H0

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Whether or not Wall Data's licensing agreement was enforceable in a different case was not relevant to the case at bar. Similarly, whether or not PBC complied with its good faith contractual obligations to BCOS under the Sonics Purchase Agreement or the Good Faith Letter is irrelevant to this case.

Finally, even if PBC can establish some marginal relevance of this evidence, the evidence still should be excluded under Federal Rule of Evidence 403 because of considerations of undue delay and waste of time. PBC insisted on an expedited trial to meet its business needs, and specifically sought to shorten the amount of trial time available at the scheduling conference. Harrison Decl., Ex. G (Transcript of Pretrial Conference (January 29, 2008), *City of Seattle v. Professional Basketball Club*, No. C07-1620-MJP, pp. 8-10, 36). Under such circumstances, PBC should not be allowed to introduce marginally (if at all) relevant side issues that will require significant trial time to address. *See Duran v. City of Maywood,* 221 F.3d 1127, 1133 (9th Cir. 2000) (marginally relevant evidence properly excluded where it would require a "full-blown trial within [… a] trial"); *City of Long Beach v. Standard Oil Co.,* 46 F.3d 929, 938 (9th Cir. 1995) (evidence that, although relevant, went to a "collateral issue" and would complicate trial was appropriately excluded). To address PBC's good faith efforts, or lack thereof, to obtain a successor venue to KeyArena, the City would have to present multiple additional trial exhibits and additional witness testimony at trial. Even if PBC were able to establish some marginal relevance for this evidence, its admission would significantly complicate the presentation of evidence in what is, at PBC's request, a highly compressed trial schedule; it should, therefore, be excluded.

//
//
//
//
//

THE CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA - 5
Case No. C07-1620 MJP

K:\2065932\00001\20743_KLV\20743P20H0

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## V. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant its Motion in Limine and exclude any evidence of PBC's efforts to procure a "successor venue" to KeyArena.

DATED this 27th day of May, 2008.

| | |
|---|---|
| KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
| By: /s/ Paul J. Lawrence | Gregory C. Narver, WSBA No. 18127<br>Assistant City Attorney |
|    Slade Gorton, WSBA No. 20<br>   Paul J. Lawrence, WSBA No. 13557<br>   Jeffrey Johnson, WSBA No. 23066<br>   Jonathan Harrison, WSBA No. 31390<br>   Michelle Jensen, WSBA No. 36611 | Attorneys for Plaintiff City of Seattle |

Attorneys for Plaintiff City of Seattle

THE CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA - 6
Case No. C07-1620 MJP
K:\2065932\00001\20743_KLV\20743P20H0

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Bradley S. Keller
Mr. Paul R. Taylor
Byrnes & Keller LLP
1000 2nd Avenue
38th Floor
Seattle, WA 98104-1094

_____
Dawn M. Taylor, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. C07-01620-MJP

K:\2065932\00001\21032_PJL\21032P22HO

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022