REDACTED

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>Defendant. | No. C07-01620-MJP<br><br>CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED 'DYSFUNCTION' IN THE RELATIONSHIP BETWEEN THE CITY AND PBC<br><br>**Note on Motion Calendar:**<br><br>June 6, 2008 |

## I. RELIEF REQUESTED

The City of Seattle ("the City") respectfully moves the Court to exclude from trial any evidence related to an alleged "dysfunction" in the relationship between the City and the Professional Basketball Club, LLC ("PBC"). Evidence of alleged "dysfunction" in the City and PBC's relationship is irrelevant and inadmissible, because (1) the City and PBC are parties to a commercial contract, not a personal services contract, rendering evidence of their relationship irrelevant; and (2) PBC admits it will comply with the Court's ruling in this case, and so the Court will not be required to "enforce" an order granting specific performance.

CITY OF SEATTLE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED 'DYSFUNCTION' - 1
Case No. 07-1620-MJP

K:\2065932\00001\20743_KLV\20743P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Dockets.Justia.com

## II. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

In this declaratory judgment action, the City seeks specific enforcement of the KeyArena Premises Use & Occupancy Agreement ("Lease"). Declaration of Jonathan Harrison in Support of the City of Seattle's Motions in Limine ("Harrison Decl."), Ex. D. Less then a year after purchasing the team and assuming all obligations under the Lease, PBC announced its intent to breach the Lease by moving the Sonics to Oklahoma City before the end of the Lease term in 2010.

In its Answer to the City's Complaint for Declaratory Relief, filed in November 2007, PBC asserts "[t]he requirements of Article II of the Lease [i.e., the "Term; Use Period"] are in the nature of a personal services contract, and not subject to specific performance[.]" *See* Defendant's Answer and Affirmative Defenses (Dkt. No. 7), ¶ 38. In the parties' Joint Status Report, filed in January 2008, PBC additionally suggests that enforcement of the Lease would be inappropriate, because "the relationship [between the Sonics and the City] is 'dysfunctional.'" Joint Status Report (Dkt. No. 9), § 1. In that same document, however, PBC describes its Lease dispute with the City as a "straightforward landlord-tenant dispute." *Id.*, § 1; *see also id.*, §§ 5(b) and 5(c). In its Reply in Support of Motion to Amend Answer, PBC further states the PBC "wish to leave now rather than spend two years as a 'lame duck' franchise, in a dysfunctional relationship with its landlord[.]" Reply in Support of Motion to Amend Answer (Dkt. No. 47), p. 2.

PBC admits it will comply if this Court rules the City is entitled to specifically enforce the Lease. Harrison Decl., Ex. K (PBC's Answer to Request for Admission No. 7). Sonics CEO and PBC's 30(b)(6) witness Danny Barth testified at deposition that, if the Court orders specific performance, PBC would continue to operate the Sonics in the same way as currently. When asked if he was "going to try and do your job as best you can and try to make the team as profitable as possible" if the City prevailed in this action and the Sonics played in

CITY OF SEATTLE'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF ALLEGED
'DYSFUNCTION' - 2
Case No. 07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20743_KLV\20743P20H2

KeyArena next season, Mr. Barth agreed: "If they were here in Seattle? Yes, it's my fiduciary duty." Harrison Decl., Ex. L (April 2008 Deposition of Daniel Barth ("Barth Dep."), 119:10-17).[1]

### III. ISSUE

Whether PBC may offer evidence of alleged "dysfunction" in its relationship with the City, where the City seeks to specifically enforce a commercial lease?

### IV. ARGUMENT

The City expects PBC will attempt to introduce at trial evidence related to an alleged "dysfunction" in its relationship with the City to argue that the Lease should not be specifically enforced. Such evidence is irrelevant as a matter of law because the KeyArena Lease is a fully enforceable commercial contract, not a personal services contract, and because PBC admits it will comply if this Court issues a declaratory judgment that the City is entitled to specifically enforce the Lease.

**A.  The KeyArena Lease is a Commercial Lease, Not a Personal Services Contract.**

Any evidence PBC might seek to present of "dysfunction" in the relations between PBC and the City is irrelevant because this is a commercial lease dispute, not a dispute involving a personal services contract. PBC's argument that the Lease is "in the nature of" a personal services contract is wrong as a matter of law. The law governing personal services contracts clearly excludes commercial contracts like the KeyArena Lease, which are fully assignable.[2]

---

[1] Similarly, PBC did not claim at deposition that there were problems in the day-to-day working relationship between the Sonics' staff and the KeyArena staff. ███████████████████████████████████████████████████████████

[2] *See* Restatement (Second) of Contracts § 367 cmt. b ("performance is not a personal service under the rule…unless it is personal in the sense of being non-delegable…."); *Sherman v. Lunsford*, 723 P.2d 1176, 1181-82 (Wash. Ct. App. 1986) (affirming specific performance

CITY OF SEATTLE'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF ALLEGED
'DYSFUNCTION' - 3
Case No. 07-1620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20743_KLV\20743P20H2

The Lease without question is assignable. *See* Harrison Decl., Ex. D, Section XXVII.K. ("The provisions, covenants and conditions in this Agreement apply to bind the parties, their legal representatives, successors, and assigns."). PBC assumed the obligations of the Lease from former Sonics owner the Basketball Club of Seattle, which in turn assumed them from former Sonics owner SSI, Sports, Inc. (the original party to the Lease with the City). Further, courts reject the characterization of arena leases as personal services contracts, holding they are commercial in nature and can be specifically enforced. *See, e.g.*, *Metro. Sports Facilities Comm'n v. Minn. Twins P'ship* (hereinafter "*Minnesota Twins*"), 638 N.W.2d 214, 228 (Minn. Ct. App. 2002); *Fla. Panthers Hockey Club, Ltd. v. Miami Sports & Exhibition Auth.*, 939 F. Supp. 855, 858 (S.D. Fla. 1996). To avoid a party threatening breach from having it both ways, this is particularly true where the lessee itself has argued that what is at issue is a "landlord-tenant" dispute, as PBC did in this case. *See Minnesota Twins*, 638 N.W.2d at 228 (although lessees argued the municipal body from whom they leased arena was "no more than a commercial landlord," they nevertheless attempted to characterize their arena lease as a personal services contract; the court rejected this argument and held that the lease was a commercial "use agreement" that could be specifically enforced); Joint Status Report, §§ 1, 5(b) and 5(c) (characterizing this matter as a "landlord-tenant" dispute). A primary reason courts decline to enforce "personal" services contracts is because they cannot realistically coerce individuals into continuing an unwelcome personal relationship.[3] Because

---

and holding investment in fishing permit was not a personal services contract where investor "always ha[d] an option to sell his interest to … another party"); *Kreisher v. Mobil Oil Corp.*, 243 Cal. Rptr. 662, 667-68 (Cal. App. 1988) (franchise agreement containing assignment provisions is a standard commercial lease and not a personal services contract).

[3] *See State ex rel. Schoblum v. Anacortes Veneer, Inc.*, 255 P.2d 379, 380-81 (Wash. 1953) (courts cannot enforce a personal services contract "against an unwilling party with any hope of ultimate or real success"); *Martin v. Martin*, 230 S.W.2d 547, 550 (Tex. App. 1950) (equitable rule that personal services will not be enforced "is based principally upon the fact that a decree of specific performance is likely to be futile since it is impossible for the court to coerce the rendering of personal services") (citation omitted).

CITY OF SEATTLE'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF ALLEGED
'DYSFUNCTION' - 4
Case No. 07-1620-MJP

K:\2065932\00001\20743_KLV\20743P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the relationship between the City and PBC is a commercial rather than personal one, that is not an issue here. Evidence of alleged "dysfunction" in the parties' relationship is thus irrelevant and inadmissible.

**B.  PBC Will Comply with this Court's Order and the Court Will Not Be Required to Supervise the Parties' Continuing Relationship.**

Moreover, evidence of any alleged dysfunction is irrelevant because PBC admits it will comply with this Court's decision. If this Court rules the City has a right to specifically enforce Article II, PBC will play all Sonics games in KeyArena through 2010 and otherwise interact with the City on the KeyArena Lease in the same manner it has in the past. The dispute will be over. The parties will abide by the Lease on an on-going basis in the normal course and without the need for any intervention by this Court.

**C.  Even if the Court Found this Evidence Were Marginally Relevant, It Would Unnecessarily Complicate and Waste Time at Trial and Should Be Excluded Under 403.**

Finally, even if PBC can establish some marginal relevance of this evidence, it should still be excluded under Federal Rule of Evidence 403 because it would result in undue delay and waste of time, and unnecessarily complicate trial. PBC insisted on an expedited trial to meet its business needs, and specifically sought to shorten the amount of trial time. Harrison Decl., Ex. G (Transcript of Pretrial Conference (January 29, 2008), *City of Seattle v. Professional Basketball Club*, No. C07-1620MJP, pp. 8-10, 36). Under these circumstances, PBC should not be allowed to introduce marginally (if at all) relevant side issues that will require significant trial time to address. *See Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000) (marginally relevant evidence properly excluded where it would require a "full-blown trial within [… a] trial"); *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 938 (9th Cir. 1995) (evidence that, although relevant, went to a "collateral issue" and would complicate trial was appropriately excluded). Even if PBC were able to establish some marginal relevance for this evidence, its admission would significantly complicate the

CITY OF SEATTLE'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF ALLEGED
'DYSFUNCTION' - 5
Case No. 07-1620-MJP

K:\2065932\00001\20743_KLV\20743P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

presentation of evidence in what is, at PBC's request, a highly compressed trial schedule; it should, therefore, be excluded.

## V. CONCLUSION

For the foregoing reasons, the City requests the Court grant its motion in limine and exclude from trial any evidence of alleged "dysfunction" in the relationship between the City and PBC.

DATED this 27th day of May, 2008.

| | |
|---|---|
| KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
| By: /s/ Paul J. Lawrence | Gregory C. Narver, WSBA No. 18127<br>Assistant City Attorney |
| Slade Gorton, WSBA No. 20<br>Paul J. Lawrence, WSBA No. 13557<br>Jeffrey Johnson, WSBA No. 23066<br>Jonathan Harrison, WSBA No. 31390<br>Michelle Jensen, WSBA No. 36611 | Attorneys for Plaintiff City of Seattle |

Attorneys for Plaintiff City of Seattle

CITY OF SEATTLE'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF ALLEGED
'DYSFUNCTION' - 6
Case No. 07-1620-MJP

K:\2065932\00001\20743_KLV\20743P20H2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Bradley S. Keller
Mr. Paul R. Taylor
Byrnes & Keller LLP
1000 2nd Avenue
38th Floor
Seattle, WA 98104-1094

_____
Dawn M. Taylor, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. C07-01620-MJP

K:\2065932\00001\21032_PJL\21032P22HO

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022