The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city, <br><br> Plaintiff, <br><br> v. <br><br> THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company, <br><br> Defendant. | No. C07-1620MJP <br><br> PBC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA <br><br> NOTE ON MOTION CALENDAR: JUNE 6, 2008 |

## I.  INTRODUCTION

For months, the City has claimed that the PBC (i) never intended to keep the Sonics in Seattle, and (ii) made no effort to obtain a new arena. Finally, acknowledging that it was flat wrong, the City says it will not put on evidence regarding the PBC's efforts to find a successor venue. That is the City's right. However, the City also wants to *prevent* PBC from introducing such evidence. But, the PBC's efforts (and ultimate inability) to obtain a successor venue area go to the heart of why this matter is in litigation. Despite best efforts, neither the PBC nor the Sonics' prior ownership was able to obtain a successor venue. Accordingly, because (as the City concedes) KeyArena is inadequate for an NBA team, and because the PBC was unable to obtain a successor venue, the PBC intends to relocate subject to this Court's ruling.

PBC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A
"SUCCESSOR VENUE" TO KEYARENA (C07-1620MJP) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Now, on the eve of trial, and after forcing taxpayers, the PBC, and several third parties to collectively spend several hundred thousand dollars conducting discovery on these issues, the City claims that whether the PBC acted in good faith is not relevant to the equitable issues before the Court. The City is wrong, and its motion should be denied.

## II. BACKGROUND AND ARGUMENT

### A. The City Put the PBC's Good-Faith Efforts to Find a Successor Venue at Issue.

Throughout this lawsuit, the City has accused PBC of failing to make good faith attempts to find a successor venue in the Seattle area, claiming its efforts to find a successor venue to KeyArena were a sham. Indeed, the City's complaint opened with such accusations. It then conducted far-reaching discovery, hoping to show that the PBC's intent, all along, was to move. The City's motion practice in discovery was predicated on assertions of a secret plan to move, the City's lawyers criss-crossed the country in pursuit of it, and the City also selected strategic times to leak emails about the very issues they now claim are completely irrelevant to the lawsuit. Those emails, taken completely out of context, ignited a media frenzy of unfair accusations – all in the City's failed effort to thwart the PBC's relocation application with the NBA.

The City's complaint alleged that the PBC did not try in good faith to find a successor venue in the Seattle area. As supposed evidence of bad faith, the City accused the PBC of the following:

- The PBC "rejected efforts by the City to put together a viable financial package to renovate KeyArena with equal commitments of investment from the new owners and the City";

- The PBC's "efforts in the 2007 State legislative session were, on any objective basis, guaranteed to fail as their proposed legislation was filed too late in the session, and relied on too much public subsidy ($400 million combined with state and local taxes), compared to their proposed investment ($100 million)";

- The PBC "rejected requests from some local selling owners and other local partners to join the new Sonics ownership."[1]

---

[1] Complaint at 2:12-17.

PBC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA (C07-1620MJP) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

In the Joint Status Report, the City proclaimed that it would need discovery on subjects including "the extent to which PBC made good faith efforts, if at all, to keep the Sonics in Seattle."[2]

When it sought to compel the PBC to wade through hundreds of thousands of emails from PBC members, the City said that its justification was to find evidence of whether PBC complied with its good faith obligations to find a successor venue, and that such evidence was relevant to the equities of the matter:

> If it is true that PBC entered into the Lease with the existing intention of breaking it, that is an additional reason to order specific enforcement of the City's rights under the Lease. See Dean v. Gregg, 663 P.2d 502, 686 (Wn. App. 1983) (justice requires enforcement of plaintiff's right to specific performance where defendant's breach of contract is flagrant and its excuse for nonperformance—e.g., the assertion that it had entered into a bad bargain – is "woefully deficient").[3]

The corollary is, of course, true. As detailed below, the fact that PBC tried, but was unable, to secure a successor venue weighs against specific performance.

In April, when the City moved to compel the NBA to produce documents, it publicly attacked the integrity of PBC members, and said the PBC never intended to keep the Sonics in Seattle.[4] Moreover, as intended, emails attached to the City's motion ignited the media frenzy just before the NBA Board of Governors voted on April 18, 2008, and approved relocation of the Sonics to Oklahoma City.

Frankly, the City owes the public, the PBC, the NBA, and the Court an apology. Several hundred thousand dollars and countless hours were wasted on the City's pet theory. But the fact that the City could not prove bad faith does not mean that the PBC's good faith is somehow irrelevant.

---

[2] Status Report at 5:3-4 (Dkt. No. 9).
[3] Jt. Expedited CR 37 Submission (Dkt. No. 13) at 4:7-12.
[4] City's Motion to Compel NBA, filed in the Southern District of New York, *passim*. Declaration of Paul R. Taylor in Opposition to Plaintiff's Motions in Limine ("Taylor Decl."), Ex. 6.

PBC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A
"SUCCESSOR VENUE" TO KEYARENA (C07-1620MJP) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### B. The PBC's Efforts Are Relevant.

The PBC tried hard to find a successor venue, and those efforts are relevant. They show that the PBC purchased the Sonics believing it would get a new arena built. The PBC's efforts to make that happen explain both (i) why it bought the team and (ii) why enforcing the lease imposes an undue economic burden. The PBC believed it would be completing the lease term at KeyArena (and possibly extending it, depending on construction timeframes) while the new facility was being constructed. It would then move into a new facility and make money going forward.

Moreover, it must be remembered that the City actively lobbied against the PBC's effort to obtain passage of arena legislation in Olympia.[5] Why? Because the proposed new arena was in Renton, not Seattle. But had the PBC been able to secure a new arena in Renton, it would have played out the lease term at KeyArena during construction of the new arena. By actively opposing the effort by PBC to obtain a new arena in Renton, the City created the very situation it now claims it is trying to prevent—a team leaving early because of the millions of dollars of losses being incurred due to its inability to obtain a successor venue to KeyArena.

Likewise, one of the central thrusts of the City's case is that the PBC knew the team was losing money, knew it was required to play in KeyArena, and knew that the lease lasted two more years. Tough, says the City, a deal is a deal. The PBC's belief that it would obtain a new arena and its efforts to make that happen explain why the PBC purchased the team, and why enforcing the lease imposes an undue economic burden. The PBC believed it would be transitioning out of KeyArena and into a new facility, making money going forward.

### III. CONCLUSION

Unless the City will stipulate to the facts detailing the PBC's good-faith efforts to find a successor venue and finish out the lease term at KeyArena, PBC is entitled to introduce evidence

---

[5] Taylor Decl., Ex. 1, Ceis Dep. at 48:11-52:10; Id., Ex. 7, Conlin Dep. at 24:8-29:16.

PBC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A
"SUCCESSOR VENUE" TO KEYARENA (C07-1620MJP) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

of those efforts. PBC is well aware that it has three days to present its case. The City's motion should be denied.

DATED this 3rd day of June, 2008.

BYRNES & KELLER LLP

By: /s/ Paul R. Taylor, WSBA #14851
  Bradley S. Keller, WSBA #10665
  Paul R. Taylor, WSBA #14851
  Steven C. Minson, WSBA #30974
  Byrnes & Keller LLP
  1000 Second Avenue, 38th Floor
  Seattle, WA 98104
  Telephone: (206) 622-2000
  Facsimile: (206) 622-2522
  Email: bkeller@byrneskeller.com
     ptaylor@byrneskeller.com
     sminson@byrneskeller.com
  Attorneys for Defendant
  The Professional Basketball Club, LLC

PBC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA (C07-1620MJP) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Thomas A. Carr (thomas.carr@seattle.gov)
>Gregory C. Narver (gregory.narver@seattle.gov)
>Seattle City Attorney
>600 Fourth Avenue, 4th Floor
>P.O. Box 94769
>Seattle, WA 98124-4769

>Slade Gorton (slade.gorton@klgates.com)
>Paul J. Lawrence (paul.lawrence@klgates.com)
>Jeffrey C. Johnson (jeff.johnson@klgates.com)
>Michelle Jensen (michelle.jensen@klgates.com)
>K&L Gates
>925 4th Avenue, Suite 2900
>Seattle, WA 98104

>/s/ Paul R. Taylor
>Paul R. Taylor, WSBA #14851
>Byrnes & Keller LLP
>1000 Second Avenue, 38th Floor
>Seattle, WA 98104
>Telephone: (206) 622-2000
>Facsimile: (206) 622-2522
>ptaylor@byrneskeller.com

PBC'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA (C07-1620MJP) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000