REDACTED

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>　　　　　　　　　　　　Defendant. | No. C07-1620 MJP<br><br>THE CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S EFFORTS TO OBTAIN A "SUCCESSOR VENUE" TO KEYARENA<br><br>**Note on Motion Calendar:**<br><br>**June 6, 2008** |

## I.　SUMMARY OF REPLY

The Professional Basketball Club, LLC's ("PBC") Arbitration Demand, filed before the City of Seattle's ("City") Complaint, relied upon PBC's efforts to obtain a successor venue as a reason it should be able to breach its Lease with the City. Declaration of Michelle Jensen in Support of the City of Seattle's Replies to Motions in Limine ("Jensen Decl."), Ex. A (PBC's Arbitration Demand). Having injected that issue into the dispute, PBC should not now complain that discovery was directed in part at those efforts. The City's discovery revealed evidence that the City believes shows PBC broke its promise to the Howard Schultz

THE CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO
OBTAIN A "SUCCESSOR VENUE" TO
KEYARENA - 1
Case No. C07-1620 MJP
K:\2065932\00001\20516_HAH\20516P2274

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

ownership group and to the National Basketball Association ("NBA") to use good faith best efforts through October 31, 2007 to obtain a successor venue to KeyArena. If the Court denies this motion, then the City is prepared to show PBC's actions for what they are – a well-funded pretense, aimed at getting a team to Oklahoma City as quickly as possible. But the issue raised by the City's motion is whether PBC's efforts are relevant to this specific performance dispute or appropriately tried in the ongoing litigation between PBC and the Howard Schultz ownership group. As demonstrated in the City's motion, PBC's efforts to obtain a successor venue are not relevant to whether the City is entitled to specific performance of the Lease. In the next case, PBC can try to explain that it did not defraud the Sonics' former owners or otherwise breach its "good faith" commitments, but the Court should reject the invitation to have this case devolve into a "mini trial" of PBC's dispute with the former owners.

## II.  ARGUMENT

The fallacy of PBC's response is that whether or not PBC obtained a successor venue, the Lease requires the Sonics to play all home games in KeyArena through the 2009-2010 NBA season. Declaration of Jonathan Harrison in Support of the City of Seattle's Motions in Limine ("Harrison Decl."), Ex. D (Lease, Section II, "Term; Use Period"). Even if successful in obtaining a new arena, PBC would have the same obligations to the City under the Lease as are at issue here, obligations that "are unique in nature… [and] may be specifically enforced by either party." *Id*., Ex. D (Lease, Section XXVII.L). It does not matter to the Court's resolution of this case whether Mr. Bennett traveled to Washington 5 times or 50 times on his corporate jet. Tellingly, PBC offers no legal authority whatsoever to suggest that availability of specific performance depends on a party's good faith commitments to a third party.

PBC's only explanation for using the six day trial as a mini-trial of its good faith case with the former owners is that PBC's investors thought they would get a new arena. Resp.

THE CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO
OBTAIN A "SUCCESSOR VENUE" TO
KEYARENA - 2
Case No. C07-1620 MJP

K:\2065932\00001\20516_HAH\20516P2274

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

REDACTED

4:2-5. PBC's contention lies in stark contrast to the acknowledgement every PBC investor made as part of their securities law disclosures:

> *Arena Negotiations* – The Sonics and Storm currently play in Seattle's Key Arena under lease arrangements with the City of Seattle. The Company will assume such lease arrangements in connection with its acquisition of the Sonics and Storm. Under the lease arrangements, the Company will be required to share certain revenue with the City. The Company's current business plan contemplates that it will either need to renegotiate such lease arrangements or locate an alternative playing site in order to reach profitability. There can be no assurance that the City will agree to any proposed revisions to the lease arrangements or that the Company will be able to locate a suitable alternative playing site.

Jensen Decl., Ex. B (PBC_10654). PBC's investors acknowledged in writing that they understood PBC would assume the obligations under the Lease, including the obligation to stay until 2010. They also admitted there were no assurances PBC would get a new arena and they invested anyway. In fact, before PBC acquired the Sonics, the National Basketball Association [REDACTED] PBC's investors are billionaire and multimillionaire investors who admitted they could "bear the economic risk of the investment, [could] afford to have their funds committed to an illiquid investment for an indefinite period of time and who [could] afford the loss of their investment and to meet potential capital calls in the future." *Id*., Ex. B (PBC_10653). PBC's after the fact complaints do not justify breach

THE CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO
OBTAIN A "SUCCESSOR VENUE" TO
KEYARENA - 3
Case No. C07-1620 MJP
K:\2065932\00001\20516_HAH\20516P2274

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and do not justify using this trial as a test case for the next lawsuit.

PBC demanded a highly compressed trial schedule and now wants a "full-blown trial within [… a] trial." *Duran v. City of Maywood,* 221 F.3d 1127, 1133 (9th Cir. 2000) (noting that an inquiry into an unrelated issue would require numerous additional witnesses). The City identified approximately 100 exhibits in the pretrial order that relate solely to rebutting PBC's "good faith" case. The parties collectively identified at least three witnesses, Brent Gooden, Terry McLaughlin, and Jim Kneeland, who offer nothing more than testimony on PBC's efforts to obtain a successor venue. Pretrial Order (Docket No. 81). PBC should not be allowed to introduce evidence of its efforts to address the post-KeyArena era, given it will require significant trial time to address this marginally irrelevant issue. *See City of Long Beach v. Standard Oil Co.,* 46 F.3d 929, 938 (9th Cir. 1995) (evidence that, although relevant, went to a "collateral issue" and would complicate trial was appropriately excluded).

Finally, PBC's various accusations regarding the City's purported change in position regarding the relevance of this evidence serve as nothing more than sound bites for an audience separate and apart from this Court. The City engaged in discovery regarding PBC's intentions to move the Sonics to Oklahoma City because PBC offered its "good faith" efforts as part of its Arbitration Demand and then as defense to the City's claim of specific performance. Notably, PBC failed to provide any legal authority for such a position. Nonetheless, PBC's decision to oppose rather than stipulate to this motion is proof positive that the City's discovery efforts regarding PBC's good faith were necessary and appropriate.

/ / /

THE CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO
OBTAIN A "SUCCESSOR VENUE" TO
KEYARENA - 4
Case No. C07-1620 MJP

K:\2065932\00001\20516_HAH\20516P2274

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## III. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant its Motion in Limine and exclude any evidence of PBC's efforts to procure a "successor venue" to KeyArena.

DATED this 4th day of June, 2008.

| | |
|---|---|
| KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
| By: /s/ Paul J. Lawrence | Gregory C. Narver, WSBA No. 18127<br>Assistant City Attorney |
| Slade Gorton, WSBA No. 20<br>Paul J. Lawrence, WSBA No. 13557<br>Jeffrey Johnson, WSBA No. 23066<br>Jonathan Harrison, WSBA No. 31390<br>Michelle Jensen, WSBA No. 36611 | Attorneys for Plaintiff City of Seattle |

Attorneys for Plaintiff City of Seattle

THE CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DEFENDANT'S EFFORTS TO
OBTAIN A "SUCCESSOR VENUE" TO
KEYARENA - 5
Case No. C07-1620 MJP
K:\2065932\00001\20516_HAH\20516P2274

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Bradley S. Keller
Mr. Paul R. Taylor
Byrnes & Keller LLP
1000 2nd Avenue
38th Floor
Seattle, WA 98104-1094

*(signature)*
Dawn M. Taylor, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. C07-01620-MJP

K:\2065932\00001\21032_PJL\21032P22HY

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022