The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE, a first-class charter city,

                Plaintiff,

v.

THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,

                Defendant.

No. 07-1620 MJP

THE CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO SURVEY RESULTS

**Note on Motion Calendar:**

**June 6, 2008**

    The Court made clear during the Pretrial Conference that the Professional Basketball Club, LLC ("PBC") had to establish why its survey of public opinion is any more relevant to this dispute than the opinions of a random sampling of people at the grocery store. Declaration of Michelle Jensen in Support of the City of Seattle's Replies to Motions in Limine ("Jensen Decl."), Ex. E, p. 21 (Transcript of Pretrial Conference Excerpts, January 29, 2008). PBC's counsel responded to the Court's questioning by stating: "I would encourage you to wait until you have a little more developed briefing on what the criteria are that you consider under some of the case law that has addressed the issue of specific performance."

THE CITY OF SEATTLE'S
REPLY IN SUPPORT OF ITS MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 1

Case No. 07-1620 MJP
K:\2065932\00001\20743_KLV\20743P20HJ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Id.*, p. 21. Indeed, PBC asserted at the time that "[w]hether or not you think survey evidence is an appropriate way to get at that criteria or not is the issue for another day." *Id.*, p. 22. Now, more than four months later, that day has come. Given an opportunity to provide "a little more developed briefing," PBC has failed to produce any legal authority that establishes the relevance of the Field Survey. In fact, PBC does not include citation to a single statute, case, secondary source, or other legal authority in its opposition to the City of Seattle's ("City's") motion in limine.

PBC's response offers nothing more than confusion regarding two distinct questions. The first question is whether the Sonics bring intangible benefits to the City. This question is relevant to the City's benefit of the bargain and informs the injury that PBC's promised breach inflicts on the City. *See Metro. Sports Facilities Comm'n v. Minn. Twins P'ship*, 638 N.W.2d 214, 223-25 (Minn. Ct. App. 2002) (granting equitable relief based on the intangible benefits a sports team brings to a city). The second question is whether a random sampling of the public thought they would be "impacted" if the Sonics left Seattle on a certain date. This question, the one PBC seeks to admit into evidence, is simply a public opinion poll on an issue irrelevant to the City's intangible benefits. Because the Field Survey deals only with the latter issue it is irrelevant and should be excluded.

Instead of relying on any legal authority to support its arguments, PBC tries to establish the relevance of its survey by comparing it to the expert opinions that the City's expert economist Andrew Zimbalist will offer. PBC can only draw this specious comparison by ignoring the actual nature of Professor Zimbalist's opinions. Specifically, PBC quotes a few lines from one section of Professor Zimbalist's report in which he generally discussed the benefits of sports to communities, and then states: "Zimbalist is an economist, and it is not

THE CITY OF SEATTLE'S
REPLY IN SUPPORT OF ITS MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 2

Case No. 07-1620 MJP
K:\2065932\00001\20743_KLV\20743P20HJ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

entirely clear what expertise an economist brings to such matters — but that is what the City intends to put forth from him." PBC's Opposition to Motion in Limine to Exclude Evidence Related to Survey Results (Dkt. No. 74) ("PBC Resp."), at 2. Before making this assertion, PBC would have been well-served to read the next two sections of Professor Zimbalist's report, titled "Economic Theory and Modeling of the Intangible Benefits of Spectator Sports" (Declaration of Paul R. Taylor in Support of Defendant's Oppositions to Plaintiff's Motions in Limine (Dkt. No. 79), Ex. 2 at 9-18), and "The Intangible Benefits of Spectator Sports are Real but Difficult to Quantify" (*id.* at 18-21). These sections explain exactly what expertise an economist brings to such matters, and illustrate the recognized economic principles that support his conclusions. There is an obvious distinction between the analysis and conclusions of a highly regarded expert in the field of sports economics on the issue of intangible benefits to a community from the presence of a sports franchise (an issue that is squarely and indisputably relevant to the issue of whether specific performance should be ordered), and a public opinion poll on a question that has no relevance to that issue.

Finally, PBC incorrectly asserts that the City's motion goes to the Field Survey's methodology and therefore its weight. PBC Resp. at 3. In this motion, the City challenges the admissibility of the Field Survey based on relevance – not its validity. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001) (analyzing survey in two-step process - first issues of admissibility followed by methodology and design). The City reserved the opportunity to challenge the Field Survey on other issues in the event the Court denies this motion. The City respectfully requests that this Court grant its motion in limine and exclude evidence related to the Field Survey.

THE CITY OF SEATTLE'S
REPLY IN SUPPORT OF ITS MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 3

Case No. 07-1620 MJP
K:\2065932\00001\20743_KLV\20743P20HJ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 | DATED this 4th day of June, 2008.

2

3  KIRKPATRICK & LOCKHART  THOMAS A. CARR
   PRESTON GATES & ELLIS, LLP  Seattle City Attorney
4
                                    Gregory C. Narver, WSBA No. 18127
5  By: /s/ Paul J. Lawrence          Assistant City Attorney
       Slade Gorton, WSBA No. 20
6      Paul J. Lawrence, WSBA No. 13557
       Jeffrey Johnson, WSBA No. 23066
7      Jonathan Harrison, WSBA No. 31390
       Michelle Jensen, WSBA No. 36611  Attorneys for Plaintiff City of Seattle
8
   Attorneys for Plaintiff City of Seattle

---

THE CITY OF SEATTLE'S
REPLY IN SUPPORT OF ITS MOTION IN
LIMINE TO EXCLUDE EVIDENCE RELATED
TO SURVEY RESULTS - 4

Case No. 07-1620 MJP
K:\2065932\00001\20743_KLV\20743P20HJ

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Bradley S. Keller
Mr. Paul R. Taylor
Byrnes & Keller LLP
1000 2nd Avenue
38th Floor
Seattle, WA 98104-1094

Dawn M. Taylor, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. C07-01620-MJP

K:\2065932\00001\21032_PJL\21032P22HY

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022