The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>                 Plaintiff,<br><br>    v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>                 Defendant. | No. C07-01620-MJP<br><br>THE CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE CONCERNING STATEMENTS OF INDIVIDUAL COUNCIL MEMBERS<br><br>**Note on Motion Calendar:**<br><br>**June 6, 2008** |

## I. SUMMARY OF REPLY

The Professional Basketball Club, LLC's ("PBC's") Opposition to the City of Seattle's Motion to Exclude Statements of Individual Seattle City Council Members (Dkt. No. 77) ("PBC's Opposition") ventures off on a tangent about the differences between Washington's Rule of Evidence 801(d)(2) and Federal Rule of Evidence ("F.R.E.") 801(d)(2)(D) in an effort to preserve its right to introduce out-of-court statements made by City Council members Nick Licata and Richard Conlin. PBC's approach is misguided. The City argued that the admission of prior statements or testimony from individual Council members must be predicated on the well-supported and self-evident caveat that such

THE CITY OF SEATTLE'S REPLY IN SUPPORT OF
ITS MOTION IN LIMINE CONCERNING
STATEMENTS OF INDIVIDUAL COUNCIL
MEMBERS - 1
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227D

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

statements do not constitute the binding admissions of the City. The City did not raise any hearsay objections, making PBC's decision to dedicate nine pages of discussion to hearsay superfluous.

## II. ARGUMENT

PBC's Opposition misses the point by focusing on the differences between Washington's Rule of Evidence 801(d)(2) and F.R.E. 801(d)(2)(D). The point of the City's motion is not that the out-of-court statements by the council members are inadmissible, but rather that those statements do not bind the City.

The City's motion merely requested that the Court "exclude evidence of statements made by individual Seattle City Council members to the extent they are offered as admissions purporting to bind the City. Such statements, if offered, may only be admitted as non-binding opinion statements of individual legislators." The City of Seattle's Motion in Limine to Exclude Statements of Individual Seattle City Council Members, to the Extent Offered as Admissions Purporting to Bind the City (Dkt. No. 60), at 1. The Court considers Washington state law only to explain the non-binding nature of any statements or testimony of individual City Council members because the City Council members' relationship with the City is defined by state law and the City Charter. The motion did not ask the Court to exclude the statements completely.

F.R.E. 801(d)(2)(D) permits the admission of out-of-court statements as admissions of a party-opponent even when the declarant's "employee" or "agent" relationship with the party-opponent does not permit the declarant to bind the party-opponent. *See Big Apple BMW, Inc. v. BMW of N. Amer., Inc.*, 974 F.2d 1358, 1372 (3d Cir. 1992) ("the vicarious admission rule of Federal Rule of Evidence 801(d)(2)(D) does not require that a declarant have authority to bind its employer"). The City also understands that some courts have interpreted F.R.E. 801(d)(2)(D) to permit the admission of out-of-court statements

THE CITY OF SEATTLE'S REPLY IN SUPPORT OF
ITS MOTION IN LIMINE CONCERNING
STATEMENTS OF INDIVIDUAL COUNCIL
MEMBERS - 2
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227D

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

"concerning" an individual employee's or agent's "scope of employment" even when that individual declarant does not have the sole or direct authority to make a binding decision on the litigated issue. *See Maher v. City of Chicago*, 406 F. Supp. 2d 1006, 1020 (N.D. Ill. 2006) ("[I]t is not necessary for a statement to be within the scope of the declarant's agency or employment that the declarant be a direct decision-maker. . . . if the declarant was an advisor or other significant participant in the decision making process that is the subject matter of the statement, the declarations by that person qualify as party admissions."). These interpretations of F.R.E. 801(d)(2)(D), however, simply underscore the entire thrust of the City's Motion—to the extent the City Council member's individual statements are admitted, they are non-binding based on the state laws and City Charter that establish the relationship between the declarant and party-opponent in this case. The City reserves its right to object to the admission of the statements depending on the purpose for which they are offered.

### III. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant its Motion in Limine that statements made by individual Seattle City Council members are not binding admissions on behalf of the City, but rather non-binding statements of individual legislators.

DATED this 4th day of June, 2008.

| KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
|---|---|
| By: /s/ Paul J. Lawrence | Gregory C. Narver, WSBA No. 18127<br>Assistant City Attorney |
| Slade Gorton, WSBA No. 20<br>Paul J. Lawrence, WSBA No. 13557<br>Jeffrey Johnson, WSBA No. 23066<br>Jonathan Harrison, WSBA No. 31390<br>Michelle Jensen, WSBA No. 36611 | Attorneys for Plaintiff City of Seattle |

Attorneys for Plaintiff City of Seattle

THE CITY OF SEATTLE'S REPLY IN SUPPORT OF
ITS MOTION IN LIMINE CONCERNING
STATEMENTS OF INDIVIDUAL COUNCIL
MEMBERS - 3
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227D

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Bradley S. Keller
Mr. Paul R. Taylor
Byrnes & Keller LLP
1000 2nd Avenue
38th Floor
Seattle, WA 98104-1094

Dawn M. Taylor, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. C07-01620-MJP

K:\2065932\00001\21032_PJL\21032P22HY

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022