REDACTED

The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| CITY OF SEATTLE, a first-class charter city, | No. C07-1620 MJP |
|---|---|
| Plaintiff, | CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS |
| v. | |
| PROFESSIONAL BASKETBALL CLUB LLC, an Oklahoma limited liability company, | |
| Defendant. | |

16

## I.    INTRODUCTION

The only relief the City seeks from this Court is specific enforcement of the 1994 Premises Use & Occupancy Agreement ("the Lease") and the 2006 Instrument of Assumption.  In response, PBC has asserted an unclean hands defense based entirely on the City's efforts to enforce its contractual rights.  But, as a matter of law, the City's efforts to enforce its rights cannot constitute bad faith.  Moreover, PBC argues the City's interactions with the Griffin Group caused it harm.  But the only harm PBC posits are the operating losses it may incur by performing under the Lease.  PBC not only assumed those losses, but anticipated them at the time of purchase; the losses were not caused by the interactions between the City and the Griffin Group.

CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS - 1
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227G

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II.    STATEMENT OF ADDITIONAL RELEVANT FACTS

From the first day PBC purchased the Sonics, the City stated it intended to enforce its rights and require the Sonics to play at KeyArena through the entire term of the Lease. Declaration of Michelle Jensen in Support of the City of Seattle's Replies to Motions in Limine ("Jensen Decl."), ████████████████████████████ Long before the first events identified by PBC as steps in the City's alleged conspiracy, PBC's Clay Bennett met with its Seattle litigation counsel, Brad Keller. *Id.*, Ex. G. ████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████ PBC subsequently asked to breach the Lease in its Arbitration Demand on September 19, 2007. *Id.*, Ex. A. PBC's actions caused the City to sue, not the other way around.

PBC argues the alleged City plan pre-dates the litigation.[1] The theory has no support. Initially, PBC cites documents that post-date the litigation. Then, PBC cites to calendar entries that show the City met with Wally Walker before PBC filed its Arbitration Demand. PBC deposed both Mr. Walker and Mr. Ceis but says nothing about the substance of those meetings. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

---

[1] PBC's opposition repeatedly and falsely implies "the City" did things that were done by others. ████████████████████████████████████████ Even if PBC's allegations were true, however, they would be irrelevant for the reasons addressed below.

CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS - 2
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227G

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

███████████████████████████████████████████████████

██████████████ PBC also fails to cite any deposition testimony to support its claim that Mr.

Walker was acting as a representative for the City at those times. This is because PBC knows

that the City did not retain Mr. Walker as a consultant until September 21, 2007 – after PBC

filed its arbitration demand, not before.

The City had no knowledge of the efforts of Slade Gorton and Gerry Johnson to secure

a potential local owner other than the disclosure and waiver contained in the City's letter

retaining K&L Gates. *Id.*, Ex. L (Ceis Dep., 77:21-78:15). Although PBC cries absurdity, it

points to no evidence to the contrary.

PBC refers to a meeting between the City and the NBA. PBC was at that meeting

because the City's hope – then and now – was that PBC would honor the Lease and keep the

team in Seattle. PBC egregiously misrepresents the record by claiming that the City, through

Mr. Ceis, improperly disclosed the substance of this meeting with a third-party. Mr. Ceis'

deposition testimony, and the very document cited by PBC, show Mr. Ceis revealed nothing.[2]

PBC implies that if this Court grants specific performance, it is equivalent to forcing

PBC to sell the Sonics to the Griffin Group. But PBC offers no evidence to prove that,

because there is none.

## III. ARGUMENT

### A. The City's Suit to Enforce Its Rights Under the Lease Cannot Be Unclean Hands as a Matter of Law.

PBC does not dispute controlling Washington law that "[a]s a matter of law, there

---

[2] Specifically, PBC asserts that "Ceis later disclosed the meeting to the head of a fan group
working to keep the team in Seattle." PBC's Opposition at 9. In fact, the document PBC
cites (Taylor Decl., Ex. 15 at KALD_02000737) shows it was the head of the fan group Save
Our Sonics that wrote to Mr. Ceis to describe a meeting that occurred between several
representatives of Save Our Sonics and the NBA. Mr. Ceis was the recipient of this
communication, not its author. Ceis Dep., 13:11-14:6. There is not a shred of evidence that
Mr. Ceis disclosed the substance of this meeting to any outside party.

CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS - 3
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227G

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  cannot be a breach of the duty of good faith when a party simply stands on its rights to require

2  performance of a contract according to its terms." *Badgett v. Sec. State Bank,* 807 P.2d 356,

3  360 (Wash. 1991); *see also, Baird v. Knutzen* 301 P.2d 375, 376 (Wash. 1956). Similarly,

4  "the duty of good faith does not extend to obligate a party to accept a material change in the

5  terms of its contract." *Badgett*, 807 P.2d at 360. The cases on which PBC relies, in turn,

6  make clear that a party who acts in "good faith" does not have unclean hands. *Precision*

7  *Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *Income Investors,*

8  *Inc. v. Shelton*, 101 P.2d 973, 974 (Wash. 1940); *Port of Walla Walla v. Sun-Glo Producers,*

9  *Inc.*, 504 P.2d 324, 328 (Wash. Ct. App. 1972). As a matter of law, the City did not act with

10  "unclean" hands when it sued to enforce its express rights under the Lease.

11  The main case upon which PBC relies, *Portion Pack, Inc. v. Bond*, 265 P.2d 1045

12  (1954), supports the City's position. In *Portion Pack*, the court agreed the plaintiffs had the

13  right to enforce the parties' original contract, including by stopping its check when the

14  defendant failed to perform. 265 P.2d at 1050-51. This was true even though the defendant,

15  having paid his hotel with the check, was locked out of his hotel room, his clothes and

16  personal effects seized, and told to make the check good 'or else[.]' *Id*. at 1048. What the

17  plaintiffs could not do was then extract a second contract – a non-compete – from the

18  defendant under duress, and have the second contract enforced in equity. *Id. Portion Pack* is

19  a standard application of the doctrine, where a court denies specific performance because the

20  party seeking specific performance unfairly induced the other party to enter into the contract

21  at issue. *Cascade Timber Co. v. N. Pac. Ry. Co.*, 184 P.2d 90, 104-05 (Wash. 1947);

22  *Hudesman v. Foley,* 480 P.2d 534, 537 (Wash. Ct. App. 1971). PBC's reliance on *Nelson v.*

23  *Nelson* fails for the same reason. 356 P.2d 730 (Wash. 1960). In *Nelson*, an experienced real

24  estate investor engineered a manifestly unfair deal under circumstances strongly suggesting

25  impropriety. 356 P.2d at 732. As in *Portion Pack*, the court refused to order specific

26

CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS - 4
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227G

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   performance because the plaintiff improperly induced the defendant to enter into the contract.[3]

2       Here, the City asks this Court to enforce the Lease and the Instrument of Assumption.

3   The City had nothing to do with PBC's decision to assume the Lease – the City did not even

4   know PBC had agreed to buy the Sonics until the deal was done.  More importantly, even

5   according to PBC's timeline, PBC assumed the Lease long before the City had any

6   communications with the Griffin Group.  Accordingly, no evidence related to the Griffin

7   Group can relate to PBC's entry into the Lease or execution of the Instrument of Assumption.

8   **B.      By PBC's Admission, the City's Interactions with the Griffin Group Caused No
         Injury.**

9

10      PBC fails to address the requirement that alleged unclean hands cause injury.

11  *McKelvie v. Hackney,* 360 P.2d 746, 752 (Wash. 1961).  That is because there is no injury.

12  PBC argues the City tried to force it to sell the Sonics to the Griffin Group.  Yet as PBC

13  previously represented to this Court, the team is not for sale.  Defendant's Reply in Support of

14  Motion to (i) Eliminate AEO Designations; (ii) Seal Documents; and (iii) Eliminate Ten-Day

15  Waiting Period (Dkt. # 42), p. 3 [Redacted Version].  PBC's investors can without difficulty

16  fund any forecast operating losses incurred by PBC during the 2008-09 and 2009-10 NBA

17

18  _____

[3] PBC cites *Port of Walla Walla v. Sun-Glo Producers, Inc.*, 504 P.2d 324 (Wash. App.
1972), but in that case motive was arguably relevant (if at all) because the Court found
compliance with the plaintiff's demand for performance would have been futile.  504 P.2d at
327-28.  That is not the case here: if PBC agrees to comply with Article II, this case is over.

19

20

21  In other cases cited by PBC, the court denied equitable relief on multiple grounds and did not
rely on a finding of improper motive.  *Ingram v. Kasey's Assocs.*, 531 S.E.2d 287, 292 (S.C.
2000) (equitable estoppel); *City of Duluth v. Riverbrooke Props., Inc.*, 502 S.E.2d 806, 813
(Ga. Ct. App. 1998) (plaintiff's undue delay in asserting rights).  PBC withdrew the
affirmative defense of equitable estoppel and laches is obviously not at issue.

22

23

24  The remaining two cases cited by PBC involve improper conduct in litigation not at issue
here.  In *Hall v. Wright*, 240 F.2d 787 (9th Cir. 1957), both parties filed a multiplicity of
meritless suits to serve as "sales propaganda to the trade" in conjunction with a patent dispute.
240 F.2d at 794-95.  In *Income Investors, Inc. v. Shelton*, 101 P.2d 973 (Wash. 1940), the
party seeking equitable relief willfully falsified evidence.

25

26

CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS - 5
Case No. C07-01620-MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   seasons. Pretrial Order (Dkt. # 81), Admitted Fact No. 31 (p. 6). The injury PBC alleges – a

2   "forced sale"– did not, and according to PBC will not, occur. If PBC were to change its mind

3   for any reason and sell the Sonics, that sale would still not be in any way "forced."

4          PBC also argues the City tried to persuade the NBA not to allow the Sonics to relocate

5   the team. Given that PBC's threatened relocation breached the Lease, the City's request that

6   the NBA hold PBC to its obligations under the Lease was not in any way wrongful. *Badgett*,

7   807 P.2d at 360. Regardless, the NBA approved PBC's relocation of the Sonics to Oklahoma

8   City for the 2008-09 NBA season, contingent on PBC being allowed to relocate the team

9   under the Lease. Pretrial Order, Admitted Fact 15 (p. 4); ███████████ Nothing the

10  City did prevents PBC from relocating the Sonics to Oklahoma City in 2008. The only thing

11  that bars PBC from relocating the Sonics is its promise not to do so, which the NBA explicitly

12  acknowledged in its limited approval of PBC's relocation application.

13                      **IV.   CONCLUSION**

14         PBC assumed the Lease, knowing its term ran through 2010. PBC assumed the Lease

15  knowing it would incur substantial loses during its remaining term. In fact, the NBA

16  cautioned that PBC's expected losses would be even greater than PBC anticipated given the

17  uncertainty surrounding the Lease. PBC now seeks the Court's assistance to avoid the

18  obligations it willing assumed and the losses it expected. The City is simply asking the Court

19  to enforce its Lease rights. In doing so the City hopes to obtain the full range of tangible and

20  intangible benefits the City gets from the team for the next two years and hopefully for other

21  years. Yes, the City hopes a way can be found to keep an NBA franchise in Seattle. Yes, the

22  City hopes that the NBA will not approve a move if the City's lawsuit is successful and the

23  PBC is required to reapply for permission. Yes, the City hopes that Mr. Bennett's Sonics, or

24  Mr. Ballmer's Sonics, or some other NBA team plays in Seattle for years. None of that is

25  even remotely relevant. That the City has acted legally to try to achieve these hopes does not

26  deprive it of its right to seek specific performance.

CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS - 6
Case No. C07-01620-MJP
K:\2065932\00001\20516_HAH\20516P227G

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

DATED this 4th day of June, 2008.

2

3   KIRKPATRICK & LOCKHART                    THOMAS A. CARR
    PRESTON GATES & ELLIS, LLP                Seattle City Attorney

4

5   By:   /S/ Paul J. Lawrence                By: _____
    ____Slade Gorton, WSBA No. 20                 Gregory C. Narver, WSBA No. 18127
6       Paul J. Lawrence, WSBA No. 13557          Assistant City Attorney
        Jeffrey Johnson, WSBA No. 23066
7       Jonathan Harrison, WSBA No. 31390
        Michelle Jensen, WSBA No. 36611

8

    Attorneys for Plaintiff City of Seattle   Attorneys for Plaintiff City of Seattle

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATED TO LOCAL INVESTORS - 7
Case No. C07-01620-MJP

K:\2065932\00001\20516_HAH\20516P227G

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

2

## CERTIFICATE OF SERVICE

3

4

     I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk

5

of the Court using the CM/ECF system which will send notification of such filing to the

6

7 following:

8 Mr. Bradley S. Keller
Mr. Paul R. Taylor
9 Byrnes & Keller LLP
1000 2nd Avenue
10 38th Floor
Seattle, WA 98104-1094

11

12

13                                 _____
                             Dawn M. Taylor, Legal Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1
Case No. C07-01620-MJP

K:\2065932\00001\21032_PJL\21032P22HY

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022