UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br><br>               Plaintiff,<br><br>    v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC,<br><br>               Defendant. | Case No. C07-1620MJP<br><br>ORDER ON MOTIONS IN LIMINE |

This matter comes before the Court on the respective parties' motions in limine. Having considered the motions, responses, replies, and all documents submitted in support, the Court makes the following rulings:

The Court DENIES Defendant Professional Basketball Club, LLC's ("PBC") motion to exclude testimony by Sherman Alexie. Mr. Alexie was properly disclosed as a potential witness in this action, and Plaintiff the City of Seattle's ("the City") summary of Mr. Alexie's expected testimony indicates that it is relevant to the issues being litigated.

The Court GRANTS PBC's motion to exclude testimony by Mitch Levy. The City disclosed Mr. Levy as a potential witness nearly a month after the April 30, 2008 agreed discovery deadline, thereby denying PBC an opportunity to depose Mr. Levy and prepare any necessary rebuttal. Mr. Levy's proposed testimony as outlined by the City concerns media access to players, a collateral issue that does not go to the core elements of this contract action.

The Court RESERVES the City's motion in limine concerning the statements of City Council members Nick Licata and Richard Conlin. PBC has represented that it does not seek to

ORDER ON MOTIONS IN LIMINE — 1

prohibit the City from offering evidence contradicting Mr. Licata and Mr. Conlin's previous statements and that the City will not be precluded from offering testimony on the value of the Sonics. Further, the Court recognizes that the City Council (through its members) exercises its appointed power "by ordinance and not otherwise." Charter of the City of Seattle, Art. IV, § 14. An individual council member's statements are individual opinions and cannot be admissions of a party opponent as the council speaks only through legislation. The statements, of course, may be admissible through some other evidentiary vehicle.

The City's remaining motions in limine are DENIED. Motions in limine should address evidentiary questions and are inappropriate devices for resolving substantive issues. See 75 Am.Jur.2d Trial § 99 (2004). In seeking dismissal of PBC's affirmative defense, the City's motions reach beyond issues of evidence to issues of law and are more appropriately characterized as summary judgment motions. The parties previously agreed that no summary judgment motions would be necessary for this litigation. Because a motion in limine cannot be used to test issues of law, the motions are denied.

Additionally, the City's arguments that are not related to PBC's affirmative defenses are premature. PBC may determine which evidence it chooses to present within the structure of the timed-trial. The Court will not preclude PBC from offering potentially relevant evidence at this time, but will hear all proper objections during the course of trial.

The clerk is directed to send a copy of this order to all counsel of record.

Dated: June 9, 2008.

_Marsha J. Pechman_
Marsha J. Pechman
U.S. District Judge

ORDER ON MOTIONS IN LIMINE — 2