The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city, <br><br> Plaintiff, <br><br> v. <br><br> THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company, <br><br> Defendant. | No. C07-1620MJP <br><br> DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF ATTORNEY-CLIENT COMMUNICATIONS <br><br> **NOTE ON MOTION CALENDAR FOR IMMEDIATE CONSIDERATION** |

### I. INTRODUCTION

The PBC seeks an order precluding the City from eliciting testimony by Deputy Mayor Tim Ceis that the City did not know that its attorneys, K&L Gates, were working with potential buyers to implement the "Poisoned Well" strategy. In discovery, the City repeatedly instructed Ceis not to answer questions about his discussions with K&L Gates and consultant Wally Walker on these matters by asserting the attorney-client privilege. The City should not be allowed to now ambush the PBC on the last day of trial by impliedly waiving this same privilege in its questioning of Ceis. Instead, the City should be held to its previous election and be precluded from questioning Ceis about what K&L Gates and Walker did or did not tell the City or impliedly injecting the same communications by having Ceis testify "I didn't know."

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL
TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF
ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Alternatively, if such testimony is allowed, a waiver of the City's attorney-client privilege should be declared and the City should be ordered to immediately produce all communications with K&L Gates regarding any efforts to procure a local buyer or force a sale, including: (i) emails or other communications between K&L Gates and any City personnel reflecting efforts to procure a local buyer or force a sale by PBC; (ii) internal K&L Gates memoranda, emails or other documents regarding the creation of the Poisoned Well PowerPoint and/or coordination with the City to find a local buyer or force a sale; and (iii) any communication between the City and K&L Gates regarding the PowerPoint. Any other ruling would allow the City to selectively waive the privilege in its questioning of Ceis and would unfairly disadvantage the PBC in cross-examining Ceis.

## II. BACKGROUND

### Friday's Press Conference

Last Friday, Wally Walker and Matt Griffin testified about the "Poisoned Well" strategy. Both Walker (the City's consultant) and Griffin testified that Slade Gorton, who signed the Complaint in this matter as the City's lead counsel, was involved in these efforts to force a sale by "bleeding" the PBC. On Friday afternoon, Lawrence and Ceis held their daily press conference and, not surprisingly, were asked about the City's role in this strategy. Lawrence explained that the City would call Ceis as a rebuttal witness to explain that the City was completely unaware of the Poisoned Well strategy being implemented by its lawyers, Gorton and Johnson, and its consultant, Walker:

> Q: Paul you said they have shown no link between the city and attempting to get Bennett to sell? What is the need for Mr. Ceis to testify?
>
> A: Lawrence: To make the point that he made here and I was talking about, at the point of the retention of K&L Gates by the city, it was disclosed to the city that Sen. Gorton and Gerry Johnson had previously and on a ongoing basis had a continuing effort to try to find a prospective owner. <u>And to establish that Mr. Ceis and nobody at the city had an awareness of the PowerPoint presentation.</u>[1]

---

[1] Declaration of Steven C. Minson, Ex. 1 at p. 4 (emphasis added). All exhibits referenced herein are attached to the Minson declaration.

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL
TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF
ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

In contrast to its present plans, when Ceis was deposed, the City repeatedly stopped Ceis from answering questions about whether he knew K&L Gates was working with "a group of potential investors" on grounds of privilege:

> Q: Did you know that Gorton was working with a group of potential investors in mid October?
>
> Mr. Narver: Object to form. Foundation.
>
> A: I knew that Mr. Gorton was having conversations with parties that were possible investors, yes.
>
> Q: How did you know that?
>
> A: He told me that.
>
> Mr. Narver. Object to the form and instruct the witness not to disclose anything further.[2]
>
> Q: Did you know that Senator Gorton was in contact about these matters with Matt Griffin?
>
> Mr. Narver: That I am going to instruct you not to answer.[3]

Likewise, Ceis was instructed not to answer questions about his discussions with Wally Walker, on the grounds that Walker was covered by the City's attorney-client privilege given that he was a consultant.[4] For example:

> Q: And how about Wally Walker, is he advising the city on this or the Griffin group or where does he fit in on this?
>
> A: Wally Walker has been advising the city beginning sometime last fall, the fall of 07, early fall.
>
> Q: Who arranged that? Was that through you?
>
> A: Wally did contact me and I asked him for some assistance in these matters and he volunteered that he would help, yes.
>
> Q: But why did you contact him?

---

[2] Ex. 2, Ceis deposition at 38:7-39:3. See also 26:23-27:3; 27:16-19.
[3] Id., Ceis deposition at 27:16-19.
[4] Id. at 20:2-22.

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL
TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF
ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

A: He contacted me.

Q: What did he say?

Mr. Narver: I'm going to object to the form that – and instruct him that from the time he is retained as a consultant forward we are asserting privilege as to those communications to the extent they involved attorney/client involvement as well.[5]

Q: Had Walker been retained as a consultant by the City by the time of this meeting?

A: I had instructed K&L Gates that he was offering his services to us pro bono to work on this with us and I instructed them to contact him.

Q: What happened at the meeting?

Mr. Narver: Object to the form and instruct the witness not to answer on the grounds of privilege.[6]

## III. ARGUMENT

### A. If the City Puts Into Issue Ceis' Communications with K&L Gates, It Waives Any Privilege Protecting Those Communications.

If Ceis testifies that he or the City never learned of the Poisoned Well strategy, he is of necessity putting into issue any communications by the City's attorneys' office, the Mayor's office, or Ceis with Gorton, other K&L Gates attorneys, and Walker regarding that subject. He is necessarily saying that K&L Gates never had any discussion with him or the City on that subject. Ceis would be testifying that none of the K&L Gates attorneys ever told him anything about the Poisoned Well strategy, about "bleeding" PBC, or about any of the other matters testified to by Walker and Griffin. By affirmatively putting into issue what K&L Gates did or did not tell the City or its personnel, the City is impliedly waiving its attorney-client privilege with K&L Gates. The City cannot on the one hand say it did not know, because K&L Gates never told it about the Poisoned Well strategy, while on the other hand saying that communications with K&L Gates on that subject are privileged.

A party cannot selectively testify about privileged information, disclosing those matters which are advantageous while hiding the rest behind a privilege. In this regard, Washington has

---

[5] Id., Ceis deposition at 20:2-19.
[6] Id. at 21:22-22:5.

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL
TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF
ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

expressly adopted the analysis of Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975), that when a party affirmatively acts to put privileged information at issue, there is an implied waiver:

> [W]here the following three conditions are satisfied, an implied waiver of the attorney-client privilege should be found: (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

Pappas v. Holloway, 114 Wn.2d 198, 207, 787 P.2d 30 (1990), quoting Hearn, 68 F.R.D. at 581. The Ninth Circuit has likewise held that an implied waiver occurs where a party raises a claim which in fairness requires disclosure of the protected communication. Chevron Corp. v. Penzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used as both a sword and a shield."). Thus, if the City elicits testimony from Ceis about what K&L Gates did or did not tell him or the City about the "Poisoned Well" strategy, it puts those communications in issue and waives any privilege.

### B. A Party Cannot Wait Until Trial to Waive a Privilege.

Next, if a party wishes to waive a privilege by putting confidential information at issue, it must do so in a manner which is fair to the opposing party. In particular, a party may not assert a privilege throughout discovery, and then ambush the opposing party by waiving the privilege during trial. Rather, if waiver is going to occur, it must happen during discovery so that the opposing party may adequately prepare. This is the rule in Washington. See, e.g., Phipps v. Sasser, 74 Wn.2d 439, 446, 445 P.2d 624 (1968) ("The plaintiff should not have the unfair tactical advantage of a trial waiver. . . ."); Seattle Nw. Secs. Corp. v. SDG Holding Co., 61 Wn. App. 725, 743, 812 P.2d 488 (1991) ("The waiver 'cannot be delayed until the trial itself.'"). It is also the rule followed by many federal courts. E.g., Fox v. Cal. Sierra Fin. Svcs., 120 F.R.D. 520, 530 (N.D. Cal. 1988) ("Defendants cannot conceal such [privileged] information from discovery and expect to spring it upon plaintiffs in the midst of trial. . . ."); Int'l Tel. & Tel. Corp. v. United Tel. Co. of Fla., 60 F.R.D. 177, 186 (M.D. Fla. 1973) ("[T]he failure of a party

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL
TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF
ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

to allow pretrial discovery of a confidential matter which that party intends to introduce at trial will preclude the introduction of that evidence.").

### C. The City Should Not Be Allowed to Sandbag the PBC by a Last Minute Waiver of the Attorney-Client Privilege.

Applying these principles here, the City elected during discovery to assert the attorney-client privilege regarding its communications with K&L Gates about efforts to procure a local buyer and the Poisoned Well strategy. Having elected to repeatedly instruct Ceis not to answer, and thereby deny PBC the opportunity to understand the relevant events, the City should be held to the election it made. If the City were allowed to now change its position to selectively question Ceis on the same subject it precluded discovery on, the PBC would be unfairly disadvantaged. Accordingly, under the case law cited above, the City should not be allowed to question Ceis about what the City did or did not learn about the Poisoned Well strategy. Any other ruling would allow the City to selectively invoke the privilege as both a sword and a shield.

### D. Alternatively, the City Should Be Ordered to Immediately Produce All Privileged Communications Regarding Efforts to Procure a Local Buyer and Force a Sale.

Alternatively, if the City is allowed to change its mind and waive the privilege at this late date, the Court should hold that the City has waived any privilege as to all communications on the subject matter of Ceis' testimony. See Weil v. Inv./Indicators, Research & Mgmt., Inc., 647 F.2d 18, 24 (9th Cir. 1981); SDG Holding Co., 61 Wn. App. at 739; 5A Karl B. Tegland, Washington Practice § 501.24 (4th ed. 1999) (If privilege is waived by disclosure, "the general rule [is] that the privilege is waived as to the communication in question, and is waived as to other communications 'relating to the same subject.'"). Accordingly, if the Court allows Ceis to testify about his now claimed lack of knowledge regarding K&L Gates' efforts to find a local buyer and force a sale, the City should be ordered to produce all: (i) emails or other communications between K&L Gates and any City personnel reflecting any communications about efforts to find a local buyer or force a sale by PBC; (ii) internal K&L Gates memoranda, emails or other documents regarding the PowerPoint and its creation, and coordination with the

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL
TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF
ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

City to find a local buyer or force a sale; and (iii) any communications between the City and K&L Gates regarding the Poisoned Well PowerPoint.

DATED this 24th day of June, 2008.

> BYRNES & KELLER LLP
>
> By: /s/Bradley S. Keller
>     Bradley S. Keller, WSBA #10665
>     Paul R. Taylor, WSBA #14851
>     Steven C. Minson, WSBA #30974
>     Byrnes & Keller LLP
>     1000 Second Avenue, 38th Floor
>     Seattle, WA 98104
>     Telephone: (206) 622-2000
>     Facsimile: (206) 622-2522
>     Email: bkeller@byrneskeller.com
>             ptaylor@byrneskeller.com
>             sminson@byrneskeller.com
>     Attorneys for Defendant
>     The Professional Basketball Club, LLC

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas A. Carr (thomas.carr@seattle.gov)
Gregory C. Narver (gregory.narver@seattle.gov)
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769

Slade Gorton (slade.gorton@klgates.com)
Paul J. Lawrence (paul.lawrence@klgates.com)
Jeffrey C. Johnson (jeff.johnson@klgates.com)
Michelle Jensen (michelle.jensen@klgates.com)
K&L Gates
925 4th Avenue, Suite 2900
Seattle, WA 98104

/s/ Bradley S. Keller
Bradley S. Keller, WSBA #10665
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
bkeller@byrneskeller.com

DEFENDANT'S MOTION (i) TO EXCLUDE REBUTTAL TESTIMONY OF CEIS OR (ii) TO COMPEL PRODUCTION OF ATTORNEY-CLIENT COMMUNICATIONS (C07-1620MJP) - 8

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000