The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter City,<br><br>                       Plaintiff,<br><br>   v.<br><br>THE PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>                       Defendant. | No. 07-01620 MJP<br><br>THE CITY OF SEATTLE'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE THE REBUTTAL TESTIMONY OF DEPUTY MAYOR TIM CEIS<br><br>**Noted on Motion Calendar for Immediate Consideration** |

## I.    INTRODUCTION

PBC's motion to exclude the City's rebuttal witness is baseless. PBC had the opportunity to fully question Mr. Ceis on the subject of his rebuttal testimony at his April 28, 2008 deposition, and did. After the City withdrew its privilege objections (just over an hour into a nearly seven-hour deposition) – a fact PBC deceptively omits from its motion – PBC questioned Mr. Ceis extensively about his communications with Wally Walker, Robert Nellams, Slade Gorton and Gerry Johnson, and the so-called "Poisoned Well" PowerPoint (Exhibit 567). PBC has absolutely no basis to claim "ambush," and its motion to exclude Mr. Ceis should be denied.

CITY'S OPPOSITION TO PBC'S MOTION TO EXCLUDE
THE REBUTTAL TESTIMONY OF TIM CEIS - 1
Case No. 07-01620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Dockets.Justia.com

## II. BACKGROUND

Deputy Mayor Tim Ceis was disclosed as a City witness on January 9, 2008 and deposed by the PBC on April 28, 2008. *See* Declaration of Gregory C. Narver in Support of the City's Opposition to PBC's Motion to Exclude the City's Rebuttal Witness ("Narver Decl."), ¶¶ 2 (Ex. A) & 3. Assistant City Attorney Greg Narver represented Mr. Ceis at that deposition. Narver Decl., ¶ 3. The deposition began at 9:04 AM, and the parties took a 26-minute recess between 10:22 AM and 10:48 AM. *Id.* (Ex. B, Ceis Deposition at 62:12-16).[1] In the first hour and 18 minutes of questioning, Mr. Narver raised privilege objections to several questions regarding Mr. Ceis's communications and meetings with Wally Walker, Robert Nellams, Slade Gorton and Gerry Johnson, and instructed Mr. Ceis not to answer. Narver Decl., ¶ 4.

At the conclusion of the morning recess, however, Mr. Narver withdrew his objection to these areas of inquiry, and indicated that his instruction to Mr. Ceis not to answer was similarly withdrawn. Narver Decl., ¶ 5. Although the deposition transcript does not reflect Mr. Narver's withdrawal of his objection (which occurred off the record at the end of the recess), the record does reflect that counsel for PBC immediately returned to this line of inquiry by questioning Mr. Ceis regarding a meeting with Wally Walker, Robert Nellams, Slade Gorton and Mike McGavick. Ceis Deposition at 62:17-63:1. Mr. Taylor went on to question Mr. Ceis extensively about his communications and meetings with these parties, as well as the so-called "Poisoned Well" PowerPoint document. Ceis Deposition at 62:17-63:1, 64:5-65:7, 72:16-73:17, 74:19-75:13, 78:18-79:13, and 92:14-93:13. Mr. Narver did not assert privilege as to any of these questions; indeed, throughout the remainder of the

---

[1] All further citations to Exhibit B will be referenced "Ceis Deposition."

CITY'S OPPOSITION TO PBC'S MOTION TO EXCLUDE
THE REBUTTAL TESTIMONY OF TIM CEIS - 2
Case No. 07-01620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

deposition, he asserted only one additional privilege objection, combined with an instruction not to answer, on an unrelated subject. Narver Decl., ¶ 6.

Additionally, the parties exchanged deposition designations for witnesses who might not appear to present live testimony at trial weeks ago. Narver Decl., ¶ 8. These deposition designations were then submitted to the Court pursuant to pretrial procedure. *Id.* Mr. Ceis's deposition was included in those designations, because PBC listed him as a witness who "may testify" at trial. (Pretrial Order, Dkt. No. 107) At no time during the exchange of designations, or prior to submitting those designations to the Court, did PBC raise any objection to Mr. Ceis's testimony – until now. Narver Decl., ¶ 8.

Finally, PBC has K&L Gates' engagement letter with the City of Seattle, which acknowledges and reflects the City's consent to Mr. Gorton's and Mr. Johnson's separate efforts to retain professional basketball in the Seattle area. Narver Decl., ¶ 9.

### III.    ARGUMENT

PBC claims it was unable to question Mr. Ceis about the so-called "Poisoned Well" strategy, because City Attorney Greg Narver raised privilege objections during Mr. Ceis's deposition. As PBC well knows, however, its counsel questioned Mr. Ceis at length regarding his communications and meetings with Wally Walker, Robert Nellams, Slade Gorton and Gerry Johnson, as well as the "Poisoned Well" PowerPoint (which Mr. Ceis testified he had never seen prior to his deposition). Ceis Deposition at 62:17-63:1, 64:5-65:7, 72:16-73:17, 74:19-75:13, 78:18-79:13, and 92:14-93:13. To create an apparent basis for its motion, PBC disingenuously limits its citations to the first 39 pages of Mr. Ceis's deposition

CITY'S OPPOSITION TO PBC'S MOTION TO EXCLUDE
THE REBUTTAL TESTIMONY OF TIM CEIS - 3
Case No. 07-01620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

transcript. In fact, Mr. Narver withdrew his privilege objection to these subjects just over an hour into the deposition (during the recess reflected on page 62 of the transcript).

After Mr. Narver withdrew the privilege objection as to these subjects,[2] PBC questioned Mr. Ceis at length on these matters over the ensuing five hours of the deposition. Mr. Narver made only one additional privilege objection and instruction not to answer – on an unrelated matter. PBC's counsel, for example, freely inquired of Mr. Ceis regarding his meetings with Wally Walker and Robert Nellams, his communications with Slade Gorton, Gerry Johnson, and his knowledge – or lack thereof – concerning the "Poisoned Well" PowerPoint. Ceis Deposition at 62:17-63:1, 64:5-65:7, 72:16-73:17, 74:19-75:13, 78:18-79:13, and 92:14-93:13.

PBC has alleged the City participated in a "Poisoned Well" strategy to force the sale of the Sonics to local investors and claims these allegations state an unclean hands to defense to specific performance. The City is entitled to rebut these allegations – which PBC raised in its case – with testimony from Mr. Ceis, the City representative whom PBC claims was at the center of this alleged plan.[3] The City would be substantially prejudiced if it were not permitted to respond to these allegations, and PBC has no grounds to claim ambush. Mr. Ceis's testimony was thoroughly anticipated before trial – he was disclosed, his deposition

---

[2] PBC is therefore incorrect to suggest that the City has waived, or will waive, the attorney-client privilege with respect to these subjects. Ultimately, the City did not assert the attorney-client privilege regarding these issues.

[3] *See, e.g., Toth v. Grand Trunk R.R.*, 306 F.3d 335, 345 (6th Cir. 2002) (recognizing that rebuttal evidence is properly introduced to "rebut new evidence or new theories proffered in the defendant's case-in-chief" and noting "plaintiff has no duty to anticipate or to negate a defense theory in plaintiff's case-in-chief").

CITY'S OPPOSITION TO PBC'S MOTION TO EXCLUDE
THE REBUTTAL TESTIMONY OF TIM CEIS - 4
Case No. 07-01620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

testimony was designated and reviewed by both parties, and he was deposed extensively on this precise subject.

## IV. CONCLUSION

PBC has questioned Mr. Ceis extensively regarding the subject of his rebuttal testimony. There is no ambush or surprise, and PBC's motion to prevent Mr. Ceis from testifying as a City rebuttal witness should be denied.

DATED this 25th day of June, 2008.

| KIRKPATRICK & LOCKHART<br>PRESTON GATES & ELLIS, LLP | THOMAS A. CARR<br>Seattle City Attorney |
|---|---|
| By: /s/<br>   Slade Gorton, WSBA No. 20<br>   Paul J. Lawrence, WSBA No. 13557<br>   Jeffrey Johnson, WSBA No. 23066<br>   Jonathan Harrison, WSBA No. 31390<br>   Michelle Jensen, WSBA No. 36611 | By: /s/<br>   Gregory C. Narver, WSBA No. 18127<br>   Assistant City Attorney |
| Attorneys for Plaintiff City of Seattle | Attorneys for Plaintiff City of Seattle |

CITY'S OPPOSITION TO PBC'S MOTION TO EXCLUDE
THE REBUTTAL TESTIMONY OF TIM CEIS - 5
Case No. 07-01620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ _____
Judy Goldfarb, Legal Assistant

CITY'S OPPOSITION TO PBC'S MOTION TO EXCLUDE
THE REBUTTAL TESTIMONY OF TIM CEIS - 6
Case No. 07-01620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022