The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a first-class charter city,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL BASKETBALL CLUB, LLC, an Oklahoma limited liability company,<br><br>Defendant. | No. C07-01620 MJP<br><br>DECLARATION OF GREGORY C. NARVER IN SUPPORT OF THE CITY'S OPPOSITION TO THE PBC'S MOTION TO EXCLUDE THE CITY'S REBUTTAL WITNESS, DEPUTY MAYOR TIM CEIS |

I, Gregory C. Narver, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct. I am over the age of 18, have personal knowledge of the matters stated below, and, if called to testify, could and would so testify.

1. I am an attorney licensed to practice law in the State of Washington, am employed by the City of Seattle as an Assistant City Attorney, and represent the plaintiff City of Seattle (the "City") in the above-captioned matter.

2. The City disclosed Deputy Mayor Tim Ceis in its Fed. R. Civ. P. 26(a) Disclosure Statement to the Professional Basketball Club ("PBC") on January 9, 2008.

DECLARATION OF GREGORY C. NARVER
IN SUPPORT OF THE CITY'S OPPOSITION
TO PBC'S MOTION TO EXCLUDE THE
CITY'S REBUTTAL WITNESS - 1

Case No. C07-01620 MJP

K:\2065932\00001\20880_MDJ\20880P20QY

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Attached hereto as **Exhibit A** is a true and correct copy of the City's Fed. R. Civ. P. 26(a) Disclosures.

3. On April 28, 2008, I represented the City at the deposition of Mr. Ceis. Attached hereto as **Exhibit B** are true and correct excerpts from the transcript of the Deposition of Tim Ceis ("Ceis Deposition").

4. Plaintiff PBC has cited excerpts from Mr. Ceis's deposition, purportedly to show that its counsel was precluded from questioning Mr. Ceis regarding certain matters. *See* Declaration of Steven C. Minson in Support of Defendant's Motion (i) to Exclude Rebuttal Testimony of Ceis or (ii) to Compel Production of Attorney-Client Communications, Ex. 2. Indeed, during the early portion of Mr. Ceis's deposition, I raised privilege objections as to several questions, and instructed Mr. Ceis not to answer. These instructions are reflected in Exhibit 2 to Mr. Minson's declaration.

5. However, PBC's motion relies only on excerpts from the first 39 pages of Mr. Ceis's deposition. This is significant because, as the transcript of the deposition shows, there was a recess that took place between 10:22 a.m. and 10:48 a.m. *See* Ex. B, Ceis Deposition at 62:12-16. At the conclusion of that recess, I informed PBC's counsel that the City was withdrawing its privilege objection regarding meetings and communications that involved, among others, Mr. Ceis, K&L Gates attorneys Slade Gorton and Gerry Johnson, Wally Walker, and Seattle Center Director Robert Nellams.[1]

6. Although my statements regarding the City's withdrawal of privilege occurred

---

[1] Mike McGavick attended one of these meetings. The City has not asserted privilege as to any meeting or communication to which Mr. McGavick was a party.

DECLARATION OF GREGORY C. NARVER
IN SUPPORT OF THE CITY'S OPPOSITION
TO PBC'S MOTION TO EXCLUDE THE
CITY'S REBUTTAL WITNESS - 2

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case No. C07-01620 MJP

K:\2065932\00001\20880_MDJ\20880P20QY

off the record, the transcript shows that from that point forward PBC was permitted to question Mr. Ceis freely regarding the "Poisoned Well" strategy, and what – if anything – Mr. Ceis knew about it. Mr. Ceis was also questioned at length regarding contacts with potential investors, plans for a renovated KeyArena, and his communications with Mr. Gorton, Mr. Johnson and Mr. Walker concerning all of these topics. In fact, over the remaining 134 pages of Mr. Ceis' deposition (or from 10:48 a.m. until 3:43 p.m., when the deposition concluded), I raised only a single additional privilege objection (on an unrelated subject) and gave Mr. Ceis only one additional instruction not to answer (on that same unrelated subject). The record shows that PBC in fact questioned Mr. Ceis extensively regarding communications and meetings with Mr. Gorton, Mr. Johnson, and Mr. Walker. PBC's motion ignores the hours of questioning that occurred after the City's privilege objection was withdrawn.

7. Set forth below are just a few of the lines of questioning PBC's counsel directed to Mr. Ceis after the City's privilege objections were withdrawn. The topics include meetings among Mr. Ceis, Mr. Gorton, Mr. Johnson, Mr. Walker and Mr. Nellams. For example:

Q: Come back to your first meeting in the fall of 2007 with Walker, Nellams, et cetera. What was discussed at the very first meeting? What did you say?

A: Well, we had made the decision that we were going to bring Key Arena back as a viable proposition for resolving the franchise's issues. Those discussions were to discuss how best to do that, the earliest of those meetings.

Q: And what was the discussion?

A: The discussion was about strategy. Should we just put it out there in a very public way. Should we be more strategic about it and try and engage the team and the NBA outside of the public view in order to see if we could get their attention to it.

Q: What else was discussed?

DECLARATION OF GREGORY C. NARVER
IN SUPPORT OF THE CITY'S OPPOSITION
TO PBC'S MOTION TO EXCLUDE THE
CITY'S REBUTTAL WITNESS - 3

Case No. C07-01620 MJP

K:\2065932\00001\20880_MDJ\20880P20QY

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

A: Those were primarily the issues, strategic issues about what the best way was to interject KeyArena, a renovated KeyArena back into the discussion.

Q: Were there any handouts at this meeting?

A: There were -- would have been. And I believe I recall handouts that were earlier drafts of the KeyArena renovation proposal developed when Mr. Schultz was the owner, which was the basis for carrying a new plan forward.

Q: Was there any PowerPoint or slide show at this meeting?

A: No.

Ex. B, Ceis Deposition at 72:16-73:17. *See also, id.* at 62:17-63:1; 74:19-75:13; 78:18-79:13.

PBC's counsel was also permitted to ask Mr. Ceis about his knowledge – or lack thereof – concerning the "Poisoned Well" PowerPoint:

Q: Take another look at Exhibit 405.

A: Is this the PowerPoint?

Q: Yes.

A: Okay.

. . . .

Q: Mike McGavick had his hands on it during the time period of these meetings, as did Jerry Johnson. I want you to be absolutely certain you've never seen this document before, and if you've seen it we need to know.

A: Can I take a moment to look at it to make sure I can be certain?

Q: Sure.

A: I can tell you I have no recollection of seeing this document before.

Q: There are, by our calculations, approximately 75 drafts of this. Did you see a document similar to this even though it was not in this exact form?

A: I don't remember ever seeing any document that resembled this document.

Q: Did you see a slide show or PowerPoint at any of the meetings where McGavick, Walker, et cetera, were present?

DECLARATION OF GREGORY C. NARVER
IN SUPPORT OF THE CITY'S OPPOSITION
TO PBC'S MOTION TO EXCLUDE THE
CITY'S REBUTTAL WITNESS - 4

Case No. C07-01620 MJP

K:\2065932\00001\20880_MDJ\20880P20QY

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

A: No.

Ex. B, Ceis Deposition at 64:5-65:7. PBC was not precluded from asking Mr. Ceis about his communications with Mr. Gorton, Mr. Johnson and Mr. Walker:

Q: At any of these fall 2007 meetings to discuss the renovation, was there any talk about the lawsuit or the arbitration demand?

A: At these meetings? No. These meetings were really meetings to plan on how to put the KeyArena renovation back on the table to the NBA and Mr. Bennett.

Q: So these meetings, you are there, Wally Walker, Slade Gordon, lead litigation counsel for the city, and Gerry Johnson, right?

A: Uh-huh.

Q: Anybody else?

A: Mr. Nellams.

Q: Mr. Nellams. And there was no discussion at these meetings about the litigation. True statement?

A: Not directly. It was not about the preparation of the case. It was about the KeyArena proposal.

Q: And was there discussion about the lawsuit delaying the move and making it more costly for the PBC?

A: There was conversation about the lawsuit being the way to give us the time to put a KeyArena renovation plan together in front of the legislature and to be successful.

Q: So the lawsuit was discussed?

A: Only in the context of its existence.

Ex. B, Ceis Deposition at 92:14-93:13.

8. The parties exchanged designations for Mr. Ceis's deposition transcript weeks ago, and subsequently submitted those designations to the Court pursuant to pretrial procedures. At no point during that process did PBC object to Mr. Ceis's testimony.

9. The PBC has been provided a copy of K&L Gates' engagement letter with the

DECLARATION OF GREGORY C. NARVER
IN SUPPORT OF THE CITY'S OPPOSITION
TO PBC'S MOTION TO EXCLUDE THE
CITY'S REBUTTAL WITNESS - 5

Case No. C07-01620 MJP

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065932\00001\20880_MDJ\20880P20QY

| | |
|---|---|
| 1 | City of Seattle. Attached hereto as **Exhibit C** is a true and correct copy of that engagement |
| 2 | letter, dated September 21, 2007. |
| 3 | I declare under penalty of perjury that the foregoing is true and correct. |
| 4 | |
| 5 | |
| 6 | EXECUTED this 25th day of June, 2008 at Seattle, Washington. |
| 7 | |
| 8 | _____ |
| 9 | Gregory C. Narver |

DECLARATION OF GREGORY C. NARVER
IN SUPPORT OF THE CITY'S OPPOSITION
TO PBC'S MOTION TO EXCLUDE THE
CITY'S REBUTTAL WITNESS - 6

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case No. C07-01620 MJP

K:\2065932\00001\20880_MDJ\20880P20QY